# 14-3674-cr

# United States Court of Appeals
## *for the*
# Second Circuit

UNITED STATES OF AMERICA,
*Appellee,*

– v. –

WADIH EL HAGE, AKA ABDUS SABBUR, FAZUL ABDULLAH MOHAMMED, AKA HARUN FAZHL,
AKA FAZHL ABDULLAH, AKA FAZHL KHAN, MOHAMED SADEEK ODEH, AKA ABU MOATH,
AKA NOURELDINE, AKA MARWAN, AKA HYDAR, MOHAMED RASHED DAOUD AL-'OWHALI, AKA KHALID
SALIM SALEH BIN RASHED, AKA MOATH, AKA ABDUL JABBAR ALI ABEL-LATIF, USAMA BIN LADEN,
AKA USAMAH BIN-MUHAMMAD BIN-LADIN, AKA SHAYKH USAMAH BIN-LADIN, AKA MUJAHID SHAYKH,
AKA HAJJ, AKA AL QAQA, AKA THE DIRECTOR, MUHAMMAD ATEF, AKA ABU HAFS, AKA ABU HAFS EL
MASRY, AKA ABU ABU HAFS EL MASRY E KHABIR, AKA TAYSIR, AKA AHEIKH TAYSIR ABDULLAH,
MUSTAFA MOHAMED FADHIL, AKA MUSTAFA ALI ELBISHY, AKA HUSSEIN, AKA HASSAN ALI, KHALFAN
KHAMIS MOHAMED, AKA KHALFAN KHAMIS, AHMED KHALFAN GHAILANI, AKA FUPI, AKA ABUBAKARY
KHALFAN AHMED GHALILIANI, FAHID MOHAMMED ALLY MSALAM, AKA FAHAD M. ALLY, SHEIKH
AHMED SALIM SWEDAN, AKA SHEIKH BAHAMADI, AKA AHMED ALLY, MAMDOUH MAHMUD SALIM, AKA
ABU HAJER AL IRAQI, AKA ABU HAJER, ALI MOHAMED, AKA OMAR, AKA ALI ABDELSEOUD MOHAMED,
AKA ABU OMAR, AKA HAYDARA, AKA TAYMOUR ALI NASSER, AKA AHMED BAHAA ADAM, AYMAN AL
ZAWAHIRI, AKA ABDEL MUAZ, AKA AYMAN AL ZAWAHIRI, DR., AKA THE DOCTOR, HAMAD, IBRAHIM
EIDAROUS, AKA IBRAHIM H.A. EIDAROUS, AKA DAOUD, AKA ABU ABDULLAH, AKA IBRAHIM, ADEL
ABDEL BARY, AKA ADEL M.A.A.A. BARY, AKA ABBAS, AKA ABU DIA, AKA ADEL, SAIF AL ADEL, AKA
SAIF, ABDULLAH AHMED ABDULLAH, AKA ABU MOHAMED EL MASRY, AKA SALEH, AKA ABU MARIUM,
MUHSIN MUSA MATWALLI ATWAH, AKA ABDEL RAHMAN AL MUHAJER, AKA ABDEL RAHMAN, ANAS AL
LIBY, AKA NAZIH AL RAGHIE, AKA ANAS AL SEBAI, L'HOUSSIANE KHERCHTOU, AKA ABU TALAL, AKA
TALAL, AKA YUSUF, AKA JOSEPH, AKA JAMAL, MOHAMED SULEIMAN AL NALFI, AKA NALFI, AKA ABU
MUSAB, AKA MOHAMED SULEIMAN ADAM, JAMAL AHMED MOHAMMED AL-BADAWI, AKA ABU ABED AL
RAHMAN AL-BADAWI, FAHD AL-QUSO, AKA ABU HATHAYFAH AL-ADANI, KHALED AL FAWWAZ,
AKA ABU OMAR, AKA KHALED ABDUL KHALED ABDUL RAHMAN HAMAD AL FAWWAZ, HAMAD,
*Defendants,*

SULAIMAN ABU GHAYTH,
*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF AND APPENDIX OF APPELLANT

ZOE J. DOLAN
LAW OFFICES OF ZOE DOLAN
*Attorney for Appellant*
7083 Hollywood Boulevard, First Floor
Los Angeles, California 90028
(347) 301-5180

# Table of Contents

Table of Contents ...................................................................................... i

Table of Authorities ................................................................................ iii

Jurisdictional Statement Pursuant to Rule 28(a)(4) F.R.A.P .................... 1

Issues Presented ....................................................................................... 2

Statement of the Case .............................................................................. 3

    I.     Factual Background ...................................................................... 3

          A.    Case Overview ................................................................. 3

          B.    The Story of Mr. Abu Ghayth ......................................... 4

          C.    Eyewitness Testimony Regarding Al Qaeda and
               Mr. Abu Ghayth ............................................................. 8

          D.    Mr. Abu Ghayth's Testimony Regarding Al Qaeda
               and His Speeches ........................................................... 10

          E.    Additional Evidence at Trial ......................................... 12

    II.    Conviction and Sentencing ......................................................... 13

Summary of Argument ............................................................................ 14

Argument ................................................................................................ 15

    I.     The Conviction on Count One (Conspiracy to Murder United
         States Nationals) Is Predicated on an Incorrect Standard for Intent,
         and Prejudice Results in Light of the Pertinent Evidence at Trial ...... 15

          A.    Relevant Procedural Background ................................... 15

          B.    Applicable Law .............................................................. 16

           C.    Analysis: The Error, and the Prejudice, Were Substantial ...... 19

    II.    The Jury Instructions for Aiding and Abetting as to Count
         Three (Providing Material Support for Terrorism) Constitute
         Plain Error ................................................................................... 22

          A.    The Challenged Instructions .......................................... 22

          B.    Applicable Law .............................................................. 24

    C.    The Error Was Plain and Obvious and Affected Substantial Rights and the Fairness, Integrity and Reputation of the Proceedings ...................................................24

III.    The Weight of the Evidence Tips Against the Verdict .......................28

IV.    Counts Two and Three (Material Support) Should Have Been Dismissed Due to Facial Insufficiency ...............................................33

    A.    Procedural Background.............................................................33

    B.    The Indictment Failed to Allege Material Support...................34

Conclusion ........................................................................................................37

Certificate of Compliance .................................................................................38

Appendix

## Table of Authorities

**Cases**

*Neder v. United States,*
    527 U.S. 1 (1999) .......................................................................17

*Ocasio v. United States*,
    136 S. Ct. 1423 (2016) ..............................................................18

*Rosemond v. United States*,
    134 S. Ct. 1240 (2014) ......................................................... 24, 25

*Russell v. United States*,
    369 U.S. 749 (1962) ............................................................. 34, 35

*United States v. Abu-Jihaad*,
    600 F. Supp. 2d 362 (D. Conn. 2009) .........................................35

*United States v. Marcus*,
    560 U.S. 258 (2010) ...................................................................28

*United States v. Newman*,
    773 F.3d 438 (2d Cir. 2014), *cert. denied,*
    136 S. Ct. 242 (2015) ...................................................... 17, 28, 29

*United States v. Olano*,
    507 U.S. 725 (1993) ...................................................................27

*United States v. Pirro*,
    212 F.3d 86 (2d Cir. 2000) .........................................................34

*United States v. Prado*,
    815 F.3d 93 (2d Cir. 2016) ................................ 16, 24, 26, 27, 28

*United States v. Rivera*,
    799 F.3d 180 (2d Cir.2015) ........................................................16

*United States v. Robinson*,
    799 F.3d 196 (2d Cir. 2015) .......................................................25

*United States v. Sattar*,
  314 F. Supp. 2d 279 (S.D.N.Y. 2004) ..........................................................35

*United States v. Stewart*,
  490 F.3d 93 (2d Cir. 2009) ..........................................................35

*United States v. Velazquez*,
  246 F.3d 204 (2d Cir. 2001) .............................................. 18, 19

*United States v. Walsh*,
  194 F.3d 37 (2d Cir. 1999) ..........................................................34

**Rules**

Fed. R. App. P. 4(b) ..........................................................1

Fed. R. App. P. 28(a)(4) ..........................................................1

Fed. R. Crim. P. 7(c)(1) ..........................................................34

**Statutes**

18 U.S.C. § 2 .......................................................... 3, 22

18 U.S.C. § 924(c) .......................................................... 24, 25

18 U.S.C. § 1111(a) .............................................. 3, 17, 18, 20, 25, 29

18 U.S.C. § 2332 ..........................................................35

18 U.S.C. § 2332(b) .......................................................... 3, 17, 25

18 U.S.C. § 2332(A) ..........................................................25

18 U.S.C. § 2332A(b) ..........................................................3

18 U.S.C. § 2339A .......................................................... 35, 36

18 U.S.C. § 3221 ................................................................................................1

18 U.S.C.A. § 2332(b) .......................................................................................17

28 U.S.C. § 1291 ...............................................................................................1

**Jurisdictional Statement Pursuant to Rule 28(a)(4) F.R.A.P.**

This is an appeal from a final judgment of the United States District Court for the Southern District of New York (Kaplan, J.), entered on September 23, 2014. The District Court had jurisdiction pursuant to 18 U.S.C. § 3221, by the filing of indictment 98-cr-1023-LAK.

A timely Notice of Appeal was filed. *See* Appendix ("A.") at 1. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and Rule 4(b).

**Issues Presented**

1. Whether a jury instruction that removes the specific intent required for
   conspiracy to murder is reversible error where the evidence of any such
   intent tips against the verdict?

   Yes.

2. Whether a charge on aiding and abetting material support for terrorism is
   plain error when the instruction vitiates the specific intent requirement for
   the predicate murder conspiracy?

   Yes.

3. Whether the evidence is insufficient to sustain any conviction predicated
   on a conspiracy to murder if the record is devoid of any advance knowledge
   or specific intent as to such a plot, and, instead, demonstrates the contrary?

   Yes.

4. Whether counts of an indictment alleging material support for terrorism
   should be dismissed for failure to specify any underlying crime, individuals,
   or purpose?

   Yes.

2

## Statement of the Case

I.    Factual Background

A.    Case Overview

Suleiman Abu Ghayth was charged as the sole named defendant in a three-count superseding indictment (the "Indictment") with terrorism offenses stemming from a broadly alleged conspiracy to murder Americans. Count One charged an Al Qaeda conspiracy to murder United States nationals in violation of 18 U.S.C. § 2332(b), and the underlying federal murder statute, 18 U.S.C. § 1111(a). Count Two charged a conspiracy to provide material support and resources – that is, personnel – to terrorists in violation of 18 U.S.C. § 2332A(b), knowing and intending that the personnel were to be used to carry out a violation of § 2332(b). Count Three charged the substantive material support offense reflected in Count Two, and included a charging reference to 18 U.S.C. § 2, the principal and aiding and abetting liability statute.

The general allegations and overt acts set forth in the Indictment revolved around speeches that Mr. Abu Ghayth delivered, and a video "discussion" that included him and Usama bin Laden, following the September 11, 2001 airline hijacking operations.

The Indictment did not allege that Mr. Abu Ghayth participated in any planning or acted in any operative capacity in connection with any terrorist attack.

3

Nor was there any allegation that he was involved in, or had advance knowledge of, any specific terrorist act.

The case proceeded to trial before the Honorable Lewis A. Kaplan in the United States District Court for the Southern District of New York.

B.    The Story of Mr. Abu Ghayth

The following is a synthesis of testimony from Federal Bureau of Investigation ("FBI") Special Agent ("SA") Michael Butsch – who conducted a post-arrest interview of Mr. Abu Ghayth and testified at trial – and from testimony before the jury by Mr. Abu Ghayth himself. With the exception of Mr. Abu Ghayth's intent and the nature of his relationship to bin Laden and Al Qaeda, the background facts do not appear to be materially in dispute.[1]

Mr. Abu Ghayth was born and raised in Kuwait, where he obtained a bachelor's degree in sharia (Islamic law) and education from Kuwait University. Trial Transcript ("Tr.") at 1150-51 and 709. After completing his studies, he was granted a license as an imam and speaker, and he taught at the Ministry of Education and later became the head of the Islamic education division there. Tr. at 1151-52.

---

[1] *See*, e.g., Facts section in the District Court's Memorandum Opinion on defense motions regarding Khalid Sheikh Mohammed, dated April 22, 2014 ("April 2014 Memo Op."), Docket Entry No. 1612, at 2-7.

In the summer of 2001, Mr. Abu Ghayth traveled to Afghanistan to pursue an interest in jihad[2] movements and Islamic governance by the Taliban. Tr. at 709 and 1158-59. He explained, "My main goal was to see what it was that they could offer, such as education and teaching, whether they needed such a thing. So it was a mission that you may call humanitarian." Tr. at 1159. During an initial two-week trip, he "got to know the most important places in Afghanistan, such as some schools and some relief organizations, important mosques . . . in which you could lecture or offer some education." Tr. at 1161.

News that a "sheikh from Kuwait" had arrived in Kandahar apparently reached Usama bin Laden, who was living in that city at the time. Tr. at 1161. Bin Laden sent a messenger to Mr. Abu Ghayth, and the two men subsequently met approximately three times at bin Laden's residence. Tr. at 1162-63. During the second meeting, bin Laden asked Mr. Abu Ghayth to give some lectures and speeches at a religious school in Kandahar.[3] Tr. 1165-66. Mr. Abu Ghayth had an

---

[2] Mr. Abu Ghayth defined his understanding of "jihad" as follows: "Jihad in Islam sharia has more than one – I don't want to say more than one meaning, but has more than one dimension. There is jihad in which you sacrifice yourself, which is called fighting; and jihad that involves money, which means you donate money to help the needy, and it has priority over the self jihad; and there is verbal jihad by talking by words, by saying what's right; and there's jihad by writing to advocate or the cause of anyone oppressed who needs advocacy. Under those three dimensions of jihad, everything that can be offered to others any help that can be offered depending on your ability." Tr. at 1153.

opportunity to familiarize himself with the school but did not end up speaking there – though he did deliver two lectures at "training camps" in Afghanistan at some point. Tr. 1167-70 and 711.

Mr. Abu Ghayth subsequently traveled back to Kuwait and returned to Afghanistan about two weeks later. Tr. at 1171-72. Bin Laden sent another messenger, and, when the two men met again, he asked Mr. Abu Ghayth to continue giving religious lectures, which Mr. Abu Ghayth agreed to do as part of his obligations to the Muslim community. Tr. at 1172-74.

Bin Laden attempted to recruit Mr. Abu Ghayth as an Al Qaeda member; however, Mr. Abu Ghayth testified, he declined. Tr. at 712-13, 1178. With regard to the nature of their relationship, the record reflects conflicting testimony from Mr. Abu Ghayth and SA Butsch as to whether Mr. Abu Ghayth gave bin Laden a "mini" bayat (or, pledge of allegiance) to assist Al Qaeda and bin Laden as a religious scholar and orator. Tr. at 713 and 1178.

In any event, during the evening on September 11, 2001, again at the invitation of a messenger, Mr. Abu Ghayth was taken to meet bin Laden – this time inside a cave in a mountain area some distance from Kabul. Tr. at 1182-84.[4] Bin

---

[3] According to testimony from Al Qaeda operative Saajid Badat, *infra*, the school was run on behalf of Al Qaeda. Tr. at 457.

[4] Mr. Abu Ghayth estimated that by then they had a met a total of approximately six or seven times. Tr. at 1184.

Laden inquired about Mr. Abu Ghayth's impressions of the September 11th attacks, and then insisted that Mr. Abu Ghayth speak about "the religious aspect" based on "some points" that bin Laden would provide. Tr. at 1186-87, 722 and 724. After some equivocation, Mr. Abu Ghayth testified, "I don't want to hide that I had some convictions that the nature of any conflict, whenever there is an oppression or injustice inflicted on someone that there could be possible reactions. Those reactions could be unpredictable. Under some of these convictions, I accepted to speak." Tr. at 1187; *see also* Tr. at 723 and 773.

Various video and audio recordings of Mr. Abu Ghayth came into evidence at trial by stipulation. It is not disputed that Mr. Abu Ghayth spoke in videos that were released by Al Qaeda over the months following September 11, 2001[5] – in one instance seated with bin Laden and bin Laden's then-deputy Ayman al-Zawahiri and senior Al Qaeda leader Abu Hafs al-Masri – and unleashed a stream of very incendiary language directed toward the United States and its allies. Among these fiery speeches were pronouncements such as "[a] great army is gathering against you," and "the storms shall not stop, especially the Airplanes Storm." *See* Indictment at 4. It also not disputed that Mr. Abu Ghayth appeared in a video with bin Laden and others discussing the attacks of September 11, 2001

---

[5] *See* April 2014 Memo Op. at 6 (footnote 1, *supra*); Tr. at 1381-86 (portion of government summation focusing on various relevant Government Exhibits).

after they occurred. Nor is it disputed that, after going to Iran in 2002, he gave a speech on an audio recording in which he stated that "we" possessed the capacity to implement threats and "launch[] terrorist attacks on America . . . at a time, place and a method of our choosing." *See id.* at 4-5.

It is likewise undisputed that Mr. Abu Ghayth was not involved in planning or carrying out terrorist attacks, *see* Tr. at 17 (government opening), and that, of the recordings of Mr. Abu Ghayth introduced against him at trial, none contained any reference to any specific future act of terrorism, *see* Tr. at 1008 (testimony of Southern District of New York United States Attorney's Office Criminal Investigator George Corey).

C.     Eyewitness Testimony Regarding Al Qaeda and Mr. Abu Ghayth

Eyewitness evidence at trial concerning Al Qaeda and Mr. Abu Ghayth – such as it was – comprised the testimony of Saajid Badat, a British national convicted in 2005 of an airplane shoe bombing conspiracy on behalf of Al Qaeda, *see* Tr. at 416-18, and Sahim Alwan, an American who pleaded guilty in 2003 to providing material support to terrorists, *see* Tr. at 216-18.

Badat, an Al Qaeda operative, received training at Al Qaeda-affiliated camps in Afghanistan beginning in 1999. Tr. at 454-55. During the three years he spent in the country, he saw bin Laden somewhere between 20 and 50 times and met with him three to five times. Tr. at 354, 677-78. At one of those meetings, in September

8

or October of 2001, the two discussed Badat's upcoming suicide shoe-bombing operation on behalf of Al Qaeda. Tr. at 534-35. Although it was not established how many people knew about the mission beforehand, Badat testified that he spoke with only between five and ten people about it, and Mr. Abu Ghayth was not among them. Tr. at 423, 561.

This degree of compartmentalization appears to have typified Al Qaeda strategy and structure. At one point, for example, Badat was directed – without having been provided any specifics – to research potential Jewish targets for Al Qaeda operations in South Africa. Tr. at 517-19. Similarly, he was later reassigned to "a plot involving explosives" in Belgium, and he traveled there without knowing the full details of the scheme. Tr. at 520-21.

Notably, Badat interacted with the "hard core" leaders of Al Qaeda – including bin Laden, (alleged September 11th mastermind) Khalid Sheikh Mohammed, al-Zawahiri and al-Masri – but he had only a limited general recollection of Mr. Abu Ghayth. Tr. at 625-26; *see also* 676-77 ("…when I see this picture [of Mr. Abu Ghayth], I do recall seeing him in various locations. But no specific time or place.").

For his part, Alwan faked an ankle injury to get out of the Al Qaeda training camp where he had ended up in Afghanistan, after deciding he wanted to skip out and return to the United States. Tr. at 288-98. During this process, he said at trial,

9

he happened upon Mr. Abu Ghayth discussing bayat to a small group of people in the courtyard of an Al Qaeda guesthouse. Tr. at 270-73. With regard to the substance of the discussion, he testified:

> To the best of my recollection, it was basically if you gave bayat, understanding that if you gave bayat to Bin Laden – pledge, I will use the English term – if you gave pledge to Bin Laden, it also fell under the pledge of Mullah Omar, because Bin Laden gave the pledge to Mullah Omar. By giving the pledge basically to Bin Laden you are also giving it to Mullah Omar . . . the leader of the Taliban.

Tr. at 273.

D.    Mr. Abu Ghayth's Testimony Regarding Al Qaeda and His Speeches

Mr. Abu Ghayth testified that he never joined Al Qaeda (and never gave bayat to Usama bin Laden). Tr. at 1178. He did not back away from the content of his speeches or seek to minimize their rhetoric – and indeed he reaffirmed his underlying beliefs. Tr. at 1261. However, he explained at trial:

Q. In the videos you use the phrase we. We. What did you mean by we?

A. What I meant by we means Muslims, the nation of Islam.

Q. Did you mean Al Qaeda?

A. Al Qaeda does not represent Islam. When I say we, and by this way I represent Al Qaeda for the Islam, I reduce Islam very much into a small group, which is not true.

Tr. at 1195.

Regarding his decision to continue speaking on videos released by Al Qaeda, he testified:

10

A. The war has erupted at that time, and the condition was very tense and very severe and Sheikh Usama Bin Laden requested for me to talk and try to antagonize the propaganda of the other side to mitigate this propaganda against us. He want to say, I have and I have and I have just for making a propaganda to reduce the amount of attack on us at that time because the amount of attack was huge.

And I found that is a suitable time for me to do that, by this way to reduce the amount of attack on us, on me, on these poor people that they have no way of defending themselves. I was hoping after all of these speeches and the videos that the United States will say, let's go and sit down and talk and solve this problem. But America was going on, on what I was expecting them to do.

…

Q. When you said us, what did you mean?

A. What I meant by we, we are the Muslims who were living in Afghanistan at that time.

Q. When you said these poor people, what did you mean?

A. The people of Afghanistan.

Q. Were you talking about Al Qaeda when you used those terms?

A. I mentioned the word Al Qaeda, yes, but I wasn't talking about Al Qaeda.

Q. What do you mean?

A. I said that Al Qaeda said, Al Qaeda said, Al Qaeda said, but I wasn't talking about behalf of Al Qaeda.

Tr. at 1197-98.

He maintained the explanation on cross-examination:

Q. Sir, is it your testimony to this jury that when you say we and us in this speech you are not referring to Al Qaeda?

11

A. When I said we, I meant we Muslims, we Muslim nation. I was not speaking on behalf of Al Qaeda. I delivered my convictions through Al Qaeda because to me I believed that was the only way available to me to deliver those convictions.

Tr. at 1261.

The government's response amounted to an interpretation of Mr. Abu Ghayth's words – and here the prosecution relied, at most, on slivers of circumstantial evidence. *See* Tr. at 1351-55 (government summation); Tr. at 1468-70 (rebuttal).

E.    Additional Evidence at Trial

In addition to the video and audio recordings and testimony by Mr. Abu Ghayth, Alwan and Badat, there were also pink "brevity" cards that were recovered through an American military raid conducted at the village of Takhteh-Pol in Afghanistan in late November 2001. Tr. at 155-60. The cards had numbers associated with various individuals and locations, and the government's theory was that these cards – which had the name "Salman Abu Ghayth" – linked Mr. Abu Ghayth with Al Qaeda. *See* Tr. at 160, 175-77, and 524-25. To be sure, Badat testified that code numbers were used to refer to individuals, including apparently Al Qaeda leaders, over walk-talkie communications. Tr. at 516-17. But it bears noting that the cards were recovered among Taliban-related materials, and

12

distinctions between information on the cards in relation to Al Qaeda and the Taliban were not always clear. *See*. Tr. at 179-81.

Finally, the government called its regular terrorism expert Evan Kohlmann, whose testimony added little, if anything, to the case.

II.     Conviction and Sentencing

The jury convicted Mr. Abu Ghayth on all counts, and the District Court sentenced him to life imprisonment on each one, with the terms on Counts Two and Three running consecutively with one other and concurrently with the term on Count One. *See* A. at 2-5.

## Summary of Argument

The fundamental issues in this appeal – instructive error to the jury in two related instances and insufficiency of the evidence overall – stem from dual problems concerning the requisite intent. First, the court's charge effectively removed that element from the jury's consideration. Second, the evidence on this question, even when viewed in the light most favorable to the government, tips against the verdict. In addition, Counts Two and Three of the Indictment – which allege a conspiracy to provide material support for terrorism and the substantive offense – should have been dismissed as facially deficient.

## Argument

I. The Conviction on Count One (Conspiracy to Murder United States Nationals) Is Predicated on an Incorrect Standard for Intent, and Prejudice Results in Light of the Pertinent Evidence at Trial.

A. Relevant Procedural Background

In delivering its charge, the court instructed the jury:

You've heard testimony during this trial about certain organizations like Al Qaeda and others. The conspiracies charged in Counts One and Two are not alleged to have included only members of those organizations. You need not find that the defendant was a member of Al Qaeda or of any other organization to find that he was a member of either alleged conspiracy. Similarly, even if you find that the defendant was a member of Al Qaeda, that would not necessarily mean that the defendant was a member of the conspiracy you are considering.

Please bear in mind that every member of a conspiracy may perform separate and distinct acts. They may perform them at different times. Some conspirators play major roles, others play minor roles. The law does not require an equal role. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

I do want to caution you, however, that mere association by a defendant with another person does not make a defendant a member of a conspiracy, even when coupled with knowledge that a conspiracy is underway. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not enough to support a conviction. In other words, knowledge without participation is not sufficient. *What is necessary is that the defendant have participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.*

*In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must intentionally have engaged, advised, or assisted in the conspiracy for the purpose of furthering* any *of its illegal objectives.*

15

Tr. at 1503-04 (emphasis and additional emphasis supplied).

Prior to these instructions, at the charge conference, the defense had objected to the instruction that "[t]he conspiracies charged in Counts One and Two are not alleged to have included only members of those organizations." The objection was brought under a constructive amendment theory, on the basis that the Indictment centered on Al Qaeda. Tr. at 1289-90. Further, with the apparent concurrence of the government, the defense requested that the language "with an intent to aid in the accomplishment of its unlawful objectives" be replaced with "[d]esiring that his acts cause those consequences or knowing that those consequences are substantially certain to result from his acts." Tr. at 1293-97. The defense expressed concern that the Court's charge (that is, in the form it was ultimately delivered) would, in essence, vitiate the specific intent requisite for any conviction predicated on killing United States nationals. *Id.* at 1293.

B.    Applicable Law

This Court reviews challenges to jury instructions *de novo*, though reversal is limited to instances "where the charge, viewed as a whole, demonstrates prejudicial error." *United States v. Prado*, 815 F.3d 93, 100 (2d Cir. 2016) (quoting *United States v. Rivera,* 799 F.3d 180, 186 (2d Cir.2015)). The analysis is a question of whether harm stems from the error: "An instructional error is harmless only if the Government demonstrates that it is 'clear beyond a reasonable doubt

16

that a rational jury would have found the defendant guilty absent the error.'"

*United States v. Newman*, 773 F.3d 438, 451 (2d Cir. 2014), *cert. denied,* 136 S.

Ct. 242 (2015) (quoting *Neder v. United States,* 527 U.S. 1, 17–18 (1999)).

Title 18 U.S.C. § 2332(b) states, in pertinent part:

(b) Attempt or conspiracy with respect to homicide. – Whoever outside the United States attempts to kill, or engages in a conspiracy to kill, a national of the United States shall –

…

(2) in the case of a conspiracy by two or more persons to commit a killing that is a murder as defined in section 1111(a) of this title, if one or more of such persons do any overt act to effect the object of the conspiracy, be fined under this title or imprisoned for any term of years or for life, or both so fined and so imprisoned.

18 U.S.C.A. § 2332(b).

In turn, 18 U.S.C. § 1111(a) provides:

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

18 U.S.C.A. § 1111(a).

With regard to conspiracy law in general, the United States Supreme Court has observed that "the fundamental characteristic of a conspiracy is a joint commitment to an endeavor which, if completed, would satisfy all of the elements of the underlying substantive criminal offense." *Ocasio v. United States*, 136 S. Ct. 1423, 1429 (2016) (internal quotation marks and brackets omitted). The Court has stated that "conspirators must pursue the same criminal objective," even if "a conspirator need not agree to commit or facilitate each and every part of the substantive offense" – but a conviction requires that a conspirator reaches "an agreement with the underline specific intent that the underlying crime *be committed* by some member of the conspiracy." *Id.* (internal quotation marks and citations omitted) (italicized emphasis in original; underlined emphasis supplied).

As to the *mens rea* required to sustain a conviction predicated on § 1111(a) – assuming *arguendo* that the lower finding necessary for second-degree murder applies[6] – "the standard is usually expressed in terms that convey some heightened degree of disregard for human life." *United States v. Velazquez*, 246 F.3d 204, 214 (2d Cir. 2001).

---

[6] This brief focuses on the lower threshold for second-degree murder because even that standard is problematic for the reasons set forth below. The error is necessarily even more pronounced under the higher intent requirement for first-degree murder.

C.      Analysis:  The Error, and the Prejudice, Were Substantial.

As a preliminary matter, there is an irreconcilable tension between even the lower level of *mens rea* that qualifies for second-degree murder and the specific intent necessary for joining a conspiracy. It stretches logic beyond the breaking point to say that a co-conspirator must have specific intent unless the object of the conspiracy is murder, in which case the threshold decreases. Anticipating these legal frailties, this Court has acknowledged that intent to cause serious risk of a serious injury may be insufficient for a murder conviction. *See id.* at 214-15 ("An intent to cause a serious risk of a serious injury will frequently suffice to demonstrate a heightened disregard for human life, although a fact-finder might in some circumstances conclude that such intent does not indicate the malice required for second-degree murder.").

Be that contradiction as it may, there is a further problem here: as a result of the challenged instruction that the Court utilized, the charge effectively required the jury to convict on Count One – and, by extension, Counts Two and Three – as if federal murder were a general intent crime and specific intent as to killing were unnecessary. In instructing the jury on the general principles of the applicable law prior to the language at issue, the Court stated:

> The second element [after the existence of an unlawful agreement]
> that the government must prove in order to convict either on Count
> One or on Count Two is that the defendant unlawfully, willfully and
> knowingly entered into the conspiracy *with a criminal intent, that is to*

19

> *say, with a purpose to violate the law*, and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective.
>
> …
>
> "Unlawfully" means simply contrary to law. *The defendant need not have known he was breaking any particular law or any particular rule. He need only have been aware of the generally unlawful nature of his actions.*

Tr. at 1500-01 (emphasis supplied).

This definition of unlawfulness, operating in conjunction with the challenged instruction, essentially removed the requirement of specific intent altogether from the charge:

> Murder is the *unlawful* killing of a human being with what is called malice aforethought. To act with malice aforethought means to act willfully with the intent to kill another person. Malice aforethought is a state of mind that would cause a person to act without regard to the life of another. To act with malice, one must have acted consciously with the intent to kill another person. *However, the government does not need to prove a subjective intent to kill.*

Tr. at 1510 (emphasis supplied).

The prejudice that results in light of the evidence at trial is difficult to overstate, and there are three reasons why. First, the record simply contains no evidence to support a factual finding that Mr. Abu Ghayth had the "heightened degree" of *mens rea* required by even the lowest standard under § 1111(a) – assuming the inherent illogic of that threshold may be overcome. While there is no question that Mr. Abu Ghayth delivered speeches full of vitriol, and arguably hate, there was nothing at trial to indicate that he was privy to Al Qaeda operations that

were conceived to achieve murder as charged. And there was not a scintilla of evidence to establish that he knew about any specific act of terrorism in advance.

Second, the Indictment provided alternative bases for the "unlawful nature of the conspiracy" and "any of its illegal objectives" that are insufficient to sustain the convictions. For example, the "Background to the Conspiracy" section contained reference to Al Qaeda "opposing non-Islamic governments with force and violence" and "support[ing] violent attacks against property and nationals, both military and civilian…" Indictment at 1. It is uncertain which of the possible conspiracies inferable from the evidence at trial that the jury convicted Mr. Abu Ghayth for participating in, since the Court denied a request from the defense to pose a specific question to that effect. *See* Tr. at 1328-35 (asking, at 1333-34, for jury query, "If you find that the defendant participated in a conspiracy to kill Americans, which conspiracy was it?").

Finally, because conspiracy is a specific intent crime, the removal of Mr. Abu Ghayth's subjective intent also removed the bottom of the conviction on Count One. "[A] criminal intent, that is to say, with a purpose to violate the law" – without knowledge and intent as to "breaking any particular law or any particular rule" – is simply not enough for murder, even in the second degree.

Considered in overall context, the challenged instruction gave rise to a charge that required the jury to apply the wrong *mens rea* standard, and it cannot

21

be said, on this record, that the result would otherwise have been the same: the instructive error here was pervasive and structural, and the deficit intertwines with the verdict – all the more so when examining the case through the prism of the insufficiency of the evidence described below.

Counts Two and Three are predicated on the same conspiracy charged in Count One, and therefore they also fall.

II.  The Jury Instructions for Aiding and Abetting as to Count Three (Providing Material Support for Terrorism) Constitute Plain Error.

A.  The Challenged Instructions

As mentioned above, the substantive charge for providing material support and resources to terrorists (Count Three) was brought with reference to the principal and aiding and abetting liability statute, 18 U.S.C. § 2. The Court instructed the jury:

> Under the relevant statute, it is not necessary to show that the defendant himself actually committed or attempted to commit the crime charged. A person who aids or abets someone else to commit an offense is just as guilty of that offense as if the person did it himself. In consequence, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proved that somebody else actually committed the crime that the defendant is charged with and that the defendant aided or abetted that other person in doing it.
>
> As you can see, the first requirement is that you find that some other person actually committed the crime, the crime of providing material support or resources. In other words, to convict the defendant on an aiding and abetting theory of liability, you first must prove beyond a reasonable doubt that someone other than the defendant knowingly

22

committed the underlying crime of providing material support to terrorists. If you do find that someone else committed that crime, you then must consider whether the defendant aided or abetted in the commission of that crime.

In order to aid or abet another to commit a crime, it's necessary that the defendant willfully and knowingly associated himself in some way with that crime and that he participated in doing some act to *help* make the crime succeed. To establish that the defendant participated in the commission of a crime, the government has to prove that the defendant willfully engaged in some affirmative conduct or some overt act for the specific purpose of bringing about the crime.

As I explained to you previously, participation in a crime is willful if it's done voluntarily and intentionally and with the specific intent to do something the law forbids or with the specific intent to fail to do something that the law requires be done. The mere presence of a defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or simply associating with others who are committing a crime is not enough to prove aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but who inadvertently does something that turns out to help in the commission of a crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and must act in a way that's intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of a crime with which he's charged, ask yourselves these questions: Did the defendant participate in the crime as something he wished to bring about? Did he knowingly and willfully associate himself with the criminal venture? Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and he therefore is guilty of the offense…

Tr. at 1522-24 (emphasis supplied).

23

B.     Applicable Law

As discussed above, review is *de novo* and the question is whether prejudice

ensued. Because the defense did not object contemporaneously,

> a plain error standard of review applies. Under that standard, an
> appellate court may, in its discretion, correct an error not raised at trial
> only where the appellant demonstrates that (1) there is an error;
> (2) the error is clear or obvious, rather than subject to reasonable
> dispute; (3) the error affected the appellant's substantial rights, which
> in the ordinary case means it affected the outcome of the district court
> proceedings; and (4) the error seriously affects the fairness, integrity
> or public reputation of judicial proceedings.

*Prado*, 815 F.3d at 100 (internal quotation marks and citations omitted).

C.     The Error Was Plain and Obvious and Affected Substantial Rights
       and the Fairness, Integrity and Reputation of the Proceedings.

        i.     Error

On the day that the taking of evidence in this case commenced, the United

States Supreme Court decided *Rosemond v. United States*, 134 S. Ct. 1240 (2014),

in which the Court explained § 2 in the context of a Title 18 U.S.C. § 924(c)

firearm-in-relation-to a crime of violence or drug trafficking offense. This Court

has summarized the relevant legal analysis in *Rosemond* as follows:

> The Court noted that the aiding and abetting statute requires both an
> affirmative act furthering the underlying offense and an intent to
> facilitate that offense's commission. [*Rosemond*, 134 S. Ct. at 1245.]
> The Supreme Court emphasized that the affirmative act requirement is
> met when the defendant facilitates any element of the underlying
> offense. *Id.* at 1247. Therefore, a defendant's conduct can satisfy the
> affirmative act requirement of aiding and abetting the Section 924(c)

24

offense, even if the act did not specifically facilitate the use of the firearm. *Id.* at 1248.

> *The intent requirement is stricter than the facilitation requirement in that "the intent must go to the specific and entire crime charged* – so here, to the full scope (predicate crime plus gun use) of § 924(c)." *Id.* It is true that the requisite intent to use a gun is shown only when a defendant has prior knowledge that a firearm will be used. However, the requisite prior knowledge "means knowledge at a time the accomplice can do something with it—most notably, opt to walk away." *Id.* at 1249–50. In other words, "[a] defendant manifests that greater intent, and incurs the greater liability of § 924(c), when he chooses to participate in a [violent crime] knowing it will involve a firearm; but he makes no such choice when that knowledge comes too late for him to be reasonably able to act upon it." *Id.* at 1251. And, a defendant can reasonably walk away upon learning of a gun's use or planned use, so long as withdrawing would not "increase the risk of gun violence." *See id.*

*United States v. Robinson*, 799 F.3d 196, 200 (2d Cir. 2015) (emphasis supplied).

In light of these principles, the Supreme Court held in *Rosemond*, "the District Court erred in instructing the jury, because it did not explain that Rosemond needed advance knowledge of a firearm's presence." *Rosemond*, 134 S. Ct. at 1251.

The same fundamentals hold true here. Like a § 924(c) violation, Count Three requires a predicate offense. Specifically, the charged § 2332A offense is predicated on a § 2332(b) offense, which, in turn, is predicated on a § 1111(a) offense. As a result, the specific intent requirement inherent in § 1111(a) flows back to the § 2332A charge – just as the specific intent requirement in *Rosemond*. Notably, advance knowledge was at issue in both *Rosemond* and the trial here.

25

ii.     Clear and Obvious

The District Court's instructions here on specific intent were limited to

criminal conduct *generally* – or, at best, to providing material support – rather than

particularized to murder. The Court's proposed questions for jurors to address

further removed the inquiry into the realm of general intent. *See* Tr. at 1524

(focusing on umbrella count – *i.e.*, providing material support – and, in any event,

lacking specific intent requirement as to murder).

iii.     Affect on Substantial Rights

"To satisfy this requirement, an appellant must demonstrate that the error

was prejudicial. In the ordinary case, an error is prejudicial where there is a

reasonable probability that the error affected the outcome of the trial." *Prado*, 815

F.3d at 102 (internal quotation marks and citation omitted).

Here, it cannot be said that the result at trial would have been the same due

to the District Court's invocation of the word "help" to define aiding and abetting,

and the prosecution's theory of the case: that Mr. Abu Ghayth "helped" bin Laden

and Al Qaeda. In its opening, the government started out – and essentially ended –

with this theme, Tr. at 13 and 25, and used "help" in the relevant context at least 14

times, Tr. at 13-16, 17 ("The defendant's job was a critical one, but it was not to

plan terrorist attacks. The defendant did not plan 9/11, and it was not to carry out

terrorist attacks. The defendant did not carry out 9/11. His job was to help provide

26

Al Qaeda with its very lifeblood: Fighters, personnel, young men inspired to fight

and die for Al Qaeda."), 18-19, and 25. The government's closing argument

likewise began and ended with the same theme, Tr. at 1372 and 1399, and "help"

was used in the relevant context at least nine times, Tr. at 1339, 1372 ("The

defendant told [SA] Butsch that he knew what Al Qaeda was about, and that he

agreed to help Bin Laden by speaking at Al Qaeda training camps and delivering

speech after speech after September 11. That is enough for the charged crimes."),

1379, 1387, 1396, and 1399. At the close of argument, the government's rebuttal

incorporated the relevant concept of "help" over a dozen times. Tr. at 1471-74,

1476, 1479, and 1485-86.

> iv.    Affect on Fairness, Integrity and Reputation of Proceedings

To be sure, "[e]ven if an error in jury instructions affected defendants'

substantial rights, vacating and remanding the convictions on the count in question

is not automatic." *Prado*, 815 F.3d at 103. Nevertheless, the Supreme Court has

recognized, "error may seriously affect the fairness, integrity or public reputation

of judicial proceedings independent of the defendant's innocence." *United States v.

Olano,* 507 U.S. 725, 736–37 (1993) (internal quotations and citation omitted).

This Court recently observed that "the Supreme Court has 'suggested that, in most

circumstances, an error that does not affect the jury's verdict does not significantly

impugn the fairness, integrity, or public reputation of the judicial process.'" *Prado*,

815 F.3d at 103 (quoting *United States v. Marcus*, 560 U.S. 258, 265–66 (2010)). But, even so, the Circuit has reached vacatur in more circumstantially tendentious instances than this one, where there was "very limited evidence of advance knowledge" in the context of the relevant statute. *Id.* at 103-104.

As previously discussed, the error is inextricably intertwined with the government's theory of the case. Moreover, even assuming the evidence is sufficient notwithstanding the problems discussed below, the question of intent is at the very least a debatable one, and a conviction should not stand on a determination that is, in the end, too close to sustain beyond a reasonable doubt.

III.    The Weight of the Evidence Tips Against the Verdict.[7]

The evidence at trial establishes that, while Mr. Abu Ghayth may have subscribed to certain tenets of Al Qaeda ideology – although even that point is somewhat arguable – he lacked knowledge and specific intent as to the objective required to sustain the convictions: a plot to kill Americans.

In general, "a defendant challenging the sufficiency of the evidence [on appeal] bears a heavy burden, as the standard of review is exceedingly deferential." *Newman*, 773 F.3d at 451. This Court views the evidence in the light most

---

[7] At the conclusion of the government's case-in-chief, the defense moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure on the basis that the government had not established that Mr. Abu Ghayth was aware of any specific future act of terrorism at any point. Tr. at 1014. The motion was renewed at the conclusion of the defense case. Tr. at 1338.

favorable to the government, crediting any inference that could have been drawn in favor of the prosecution, and deferring to jurors' assessments of witness credibility and the weight of the evidence. *Id.* Although review is *de novo*, a conviction will stand if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," taking all of the evidence – whether direct or circumstantial – into consideration. *Id.* Nevertheless, where a conviction is premised principally on circumstantial evidence, this Court has observed:

> [I]f the evidence is nonexistent or so meager, such that it gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt. Because few events in the life of an individual are more important than a criminal conviction, [the Court] continue[s] to consider the beyond a reasonable doubt requirement with utmost seriousness.

*Id.* (internal quotation marks and citations omitted).

Intent is again in issue. As discussed above, the lowest threshold necessary for any conviction arising from an allegation of murder in violation of § 1111(a) – once more assuming that the standard makes sense in a conspiracy case – requires a "heightened degree" of the requisite *mens rea*.

Setting aside for the purpose of argument Mr. Abu Ghayth's own testimony, the evidence at trial concerning intent was largely circumstantial – as perhaps it would be, ultimately, in any question of *mens rea*. But even crediting all inferences to the government, there remains no basis to conclude that the features of Al Qaeda

29

that separated Mr. Abu Ghayth from a conspiracy to kill Americans – specifically, the group's segmentation and compartmentalization – were any different with regard to him than they were, for instance, as to terrorist operative Badat.

Taking the Belgium plot as an example, Badat himself was kept unaware of details concerning his mission and the overall operation of which he may have been a part. Indeed, the prosecution revolved on the very premise that Al Qaeda was structured on a need-to-know basis: as the government conceded, Mr. Abu Ghayth played no role in planning or carrying out terrorist attacks. Moreover, even if it is assumed that Mr. Abu Ghayth was in fact a "member" of Al Qaeda, there is still no evidence – whether circumstantial or otherwise – that he shared the intent *and knowledge* necessary for murder.

Were a trier of fact to go the full reach of the government's theory of the case and accept the argument that Mr. Abu Ghayth foreshadowed the airplane/shoe bomb plot in which Badat participated, *see* Tr. at 1394, still, neither Mr. Abu Ghayth's speeches nor any other aspect of the evidence would indicate that he possessed specific advance knowledge of this scheme or any other. The link from words to conviction is missing.

If anything, the government's case-in-chief establishes that Mr. Abu Ghayth lacked the requisite knowledge and intent for four reasons. First, his speeches surely might be characterized as a rallying call for Muslims worldwide in an

30

ideology-based war against oppression and evil waged by (and, in response to, against) the West. *See*, e.g., Tr. at 1381-88 (government summation surveying speeches). But they are not a call to follow any specific Al Qaeda proclamation or dictate – such as, for instance, the 1998 fatwa issued by bin Laden reflecting a "judgment" incumbent upon Muslims "to kill Americans and their allies," *see* Tr. at 50-51 and 60-62 – and it is, troublingly, that foundation upon which the government argued to the jury that a conviction could alone be based, *see* Tr. at 1347-48.[8]

Second, Mr. Abu Ghayth's allegiance to Al Qaeda – to the extent that it existed in practice – was limited. Even when conflicting testimony from SA Butsch

---

[8] The government argued:

> …The defendant used the power of his words to try to drive men to Al Qaeda. You saw him do that with your own eyes on those videos and your own ears on those audio recordings.

> To be perfectly clear, that alone, those videos and those audios, are enough to make him guilty of each of the crimes he's charged with.

> I want to briefly address this point, one matter that I don't think can be reasonably disputed. Al Qaeda at its core is and has been about murdering Americans.

> In his February 1998 fatwa Usama Bin Laden announced a clear simple and public directive: Kill Americans anywhere on the planet where it's possible to do so. That was Al Qaeda's primary mission plain and simple…

Tr. at 1347-48 (emphasis supplied).

31

is credited over Mr. Abu Ghayth's, then Mr. Abu Ghayth at most "made a mini bayat or a promise to Bin Laden that he would assist Al Qaeda and Bin Laden as *a religious scholar and an orator*." Tr. at 713 (emphasis supplied). Notably, that limitation would not be inconsistent with Alwan's recollection with regard to Mr. Abu Ghayth and bayat. *See* Tr. at 272-73 (witness's memory of Mr. Abu Ghayth speaking about how bayat to bin Laden comprised bayat to Mullah Omar as leader of Taliban). But regardless, such an agreement falls short of agreeing to participate in a conspiracy to kill people.

Third, as already noted above, Badat maintained familiarity with the "hard core" leaders of Al Qaeda, but – inexplicably – not Mr. Abu Ghayth. Here it bears noting that Badat worked (and for a period even lived) in Al Qaeda's "Media Center" during the months leading up to Mr. Abu Ghayth's initial video speeches, and that the conspiracy to blow an airplane out of the sky in which Badat was involved actually coincided with the videos – and yet Badat testified that he knew Mr. Abu Ghayth only generally. *See* Tr. at 625-26, 676-77, 573, 551, and 1381-88. Further, in one of the more curious aspects of the trial, Badat testified that he would not have known who Mr. Abu Ghayth was – at least by name – prior to the trial in this case. Tr. at 525.

Finally, presuming that the pink "brevity" cards connected Mr. Abu Ghayth to Al Qaeda as the government argued, he was not listed by *cunya* (or, nickname)

like other Al Qaeda "members," and his name was spelled incorrectly. Tr. at 102-03, 525, 623-25, and 560.

Because the evidence of the requisite intent for a conspiracy to murder is insufficient, none of the convictions may stand.

IV.    Counts Two and Three (Material Support) Should Have Been Dismissed Due to Facial Insufficiency.

A.    Procedural Background

The government superseded with the Indictment on which this case was tried just two-and-a-half months prior to jury selection. *See* Docket Entry No. 1409. The defense moved to dismiss the newly added allegations – Count Two and Count Three – shortly thereafter. *See* Docket Entry Nos. 1428-30. The gravamen of the defense argument was that the Indictment failed to allege material support for any specific underlying crime. Docket Entry No. 1430 at 2-5. The government responded that the Indictment was sufficient – arguing principally that overt acts enumerated in connection with Count One provided detail – and that the conspiracy contemplated by Count One was sufficiently specific for the purposes of § 2339A. *See* Docket Entry No. 1444 at 2-6. The Court denied the motion "[s]ubstantially for the reasons" advanced by the government. *See* Docket Entry No. 1461.

B.     The Indictment Failed To Allege Material Support.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides, in

pertinent part, that "[an] indictment or information must be a plain, concise, and

definite written statement of the essential facts constituting the offense charged…"

This Court "'ha[s] consistently upheld indictments that do little more than to track

the language of the statute charged and state the time and place (in approximate

terms) of the alleged crime.'" *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir.

2000) (quoting *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999)). However,

in instances where guilt turns on "*a specific identification of fact*, [the Supreme

Court's] cases have uniformly held that an indictment must do more than simply

repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749,

764 (1962) (emphasis supplied).

> [W]here the definition of an offence, whether it be at common law or
> by statute, includes generic terms, it is not sufficient that the
> indictment shall charge the offence in the same generic terms as in the
> definition; but it must state the species, – it must descend to
> particulars. An indictment not framed to apprise the defendant with
> reasonable certainty, of the nature of the accusation against him is
> defective, although it may follow the language of the statute. In an
> indictment upon a statute, it is not sufficient to set forth the offence in
> the words of the statute, unless those words of themselves fully,
> directly, and expressly, without any uncertainty or ambiguity, set forth
> all the elements necessary to constitute the offence intended to be
> punished. Undoubtedly the language of the statute may be used in the
> general description of an offence, but it must be accompanied with
> such a statement of the facts and circumstances as will inform the
> accused of the specific offence, coming under the general description,
> with which he is charged.

34

*Id.* at 765 (internal quotation marks and citations omitted).

Section 2339A depends on certain factual circumstances: it criminalizes the provision of material support or resources *knowing or intending that they be used in preparation for, or in the carrying out of,* violations of enumerated statutes including § 2332. Further, "Section 2339A . . . does not penalize the provision of material support without regard to what the support is for." *United States v. Stewart*, 490 F.3d 93, 113 (2d Cir. 2009). The statute instead "requires … that the defendant provide support or resources with the knowledge or intent that such resources be used to commit *specific* violent crimes." *Id.* (emphasis supplied).

The Indictment fails to allege a *specific* violent crime, and it was not saved by mere reference, without more, to providing personnel. To be sure, courts have held that the provision of personnel may not be limited to the physical transfer of an asset. *See*, e.g.*, United States v. Abu-Jihaad*, 600 F. Supp. 2d 362, 399-400 (D. Conn. 2009). However, "'[t]he plain and ordinary meaning of the transitive verb 'provide' is to furnish; supply . . . to make ready . . . to make available; afford.'" *Id.* (quoting *United States v. Sattar*, 314 F. Supp. 2d 279, 297 (S.D.N.Y. 2004)). Even a liberal interpretation of the Indictment reveals the insufficiency: nothing in the overt acts allegedly in furtherance of Count One – upon which Count Two and Count Three ultimately depend – supports such a reading.

35

Here it is worth noting that none of the overt acts alleged amounts to an act beyond speech. *See* Indictment subparagraphs 6(a) (urging individuals to swear allegiance to Usama bin Laden), 6(b) (agreeing to assist bin Laden by giving speeches and appearing in Al Qaeda propaganda), 6(c), (being summoned by bin Laden), 6(d) (appearing in video with bin Laden and bin Laden's then-deputy Ayman al-Zawahiri warning the United States and its allies and calling on "the nation of Islam" to do battle), 6(e) (giving a speech addressing the United States Secretary of State and advising Muslims, children and opponents of the United States against boarding aircraft of living in high rises), 6(f) (appearing in a propaganda video with bin Laden and others discussing the attacks of September 11, 2001), and 6(g) (delivering a speech praising a suicide bombing in Tunisia and referencing events in New York and Washington, and the capability of the Mujahidin and their preparedness to carry out operations and future terrorist attacks against America).

Propaganda does not equate to an act of recruitment under § 2339A, and speech alone does not constitute providing or furnishing personnel for the material support of terrorism. The bare allegation that Mr. Abu Ghayth provided personnel lacked any description of the underlying crime, that is, who such personnel were, to whom they were provided, and for the purpose of what specific act or acts.

36

In the same manner as the government's theory of the case at trial, the accusations in Count Two and Count Three lacked facts – and any specificity – to support the charges.

## Conclusion

For the foregoing reasons, the convictions should be vacated, and Counts Two and Three should be dismissed.

Date:  October 3, 2016                    Respectfully submitted,

LAW OFFICES OF ZOE DOLAN

/s/ Zoë Dolan
Zoë Dolan

*Attorney for Appellant*
*Sulaiman Abu Ghayth*

## Certificate of Compliance

Undersigned counsel hereby certifies:

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 8,808 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Time New Roman.


Date:  October 3, 2016                    /s/ Zoë Dolan
                                          Zoë Dolan

                                          *Attorney for Appellant*
                                          *Sulaiman Abu Ghayth*

# APPENDIX

Appendix

*Table of Contents*

Notice of Appeal……………………………………………………......A-1

Judgment…………………………….…………………………….......A-2

District Court Docket Sheet…………………………………………...A-6

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF NEW YORK

United States of America,

v.

Sulaiman Abu Ghayth,

Defendant-Appellant.

**1: (S14) 98-CR-1023-26 (LAK)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: __SEP 3 0 2014__

## NOTICE OF APPEAL

Notice is hereby given that Sulaiman Jassem Abu Ghayth, Defendant-Appellant in the above-named case, herewith appeals to the United States Court of Appeals for the Second Circuit from Judgment entered in this action on 23 September 2014. This Notice is filed with the Court by means of the electronic case filing system, and service upon all parties shall be accomplished by ECF auto-notification.

DATE: 29 September 2014

Stanley L. Cohen, Esq.
Attorney for Sulaiman Abu Ghayth
(USMS #91969-054)
119 Avenue D, Fifth Floor
New York, NY 10009
(212) 979-7572, (212) 995-5574 fax
stanleycohenlaw@verizon.net

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

Southern_ District of _New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Sulaiman Abu Ghayth | Case Number: 1:(S14)98-CR-1023-26(LAK) |
| | USM Number: 91969-054 |
| | Stanley Lewis Cohen, Esq. (212)979-7572 |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

✓ was found guilty on count(s)    (S14)One, (S14)Two, and (S14)Three
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §2332(b) & §3238 | Conspiracy to Kill United States Nationals | 12/31/2002 | (S14)One |
| 18 USC §2339A & §3238 | Conspiracy to Provide Material Support and Resources to Terrorists | 12/31/2002 | (S14)Two |
| 18 USC §2339A & §3238 | Providing Material Support and Resources to Terrorists | 12/31/2002 | (S14)Three |

   The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

✓ Count(s)    (S13) Indictment    ✓ is    ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 23, 2014
Date of Imposition of Judgment

Signature of Judge

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judge

Date    9/22/14

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2014

A-2

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT:      Sulaiman Abu Ghayth          Judgment — Page  2  of  4
CASE NUMBER:    1:(S14)98-CR-1023-26(LAK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

LIFE on Count (S14)One, 15 years on Count (S14)Two, and 15 years on Count (S14)Three.  The terms on Counts (S14)Two and (S14)Three to run consecutively with each other and concurrently with the term on Count (S14)One.

☐  The court makes the following recommendations to the Bureau of Prisons:

✓  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m.  ☐ p.m.   on _____

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

DEFENDANT:           Sulaiman Abu Ghayth
CASE NUMBER:         1:(S14)98-CR-1023-26(LAK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300 | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the   ☐ fine  ☐ restitution.

   ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

A-4

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
               Sheet 6 — Schedule of Payments

Judgment — Page   4    of    4

DEFENDANT:      Sulaiman Abu Ghayth
CASE NUMBER:    1:(S14)98-CR-1023-26(LAK)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ✓   Lump sum payment of $    300        due immediately, balance due

         ☐   not later than            , or
         ☐   in accordance     ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with    ☐ C,     ☐ D, or    ☐ F below); or

C   ☐   Payment in equal        (e.g., weekly, monthly, quarterly) installments of $         over a period of
               (e.g., months or years), to commence        (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal        (e.g., weekly, monthly, quarterly) installments of $         over a period of
               (e.g., months or years), to commence        (e.g., 30 or 60 days) after release from imprisonment to a
         term of supervision; or

E   ☐   Payment during the term of supervised release will commence within       (e.g., 30 or 60 days) after release from
         imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

         Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

✓   The defendant shall forfeit the defendant's interest in the following property to the United States:

         All assets, foreign and domestic, derived from, involved in, and used in and intended to be used to commit a federal crime of terrorism against the United States, citizens and residents of the United States, and their property. See the order signed 9/23/14.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:98-cr-01023-LAK-26

Case title: United States of America v. Hage et al

Date Filed: 09/21/1998
Date Terminated: 09/23/2014

Assigned to: Judge Lewis A. Kaplan

Defendant (26)

Sulaiman Abu Ghayth
TERMINATED: 09/23/2014

represented by Stanley Lewis Cohen
Stanley L. Cohen & Associates, LLC
119 Avenue D
New York, NY 10009
Fax: (212)-995-5574
Email: stanleycohenlaw@verizon.net
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: Retained

Ashraf Wajih Nubani
Busch & Nubani, P.C.
5029 Backlick Road, Suite A
Annandale, VA 22003
703-658-5151
Fax: 703-658-9200
Email: awn@awnpointlaw.com
ATTORNEY TO BE NOTICED
Designation: Retained

Geoffrey St. Andrew Stewart
Geoffrey St. Andrew Stewart
139 Fulton Street
Suite 508
New York, NY 10038
212-625-9696
Fax: 212-625-3939
Email: gstewart.defender@gmail.com
ATTORNEY TO BE NOTICED
Designation: Retained

Jonathan Andrew Marvinny
Federal Defenders of New York Inc. (NYC)
52 Duane Street
10th Floor
New York, NY 10007
(212)-417-8792
Fax: (212)-571-0392

Email: jonathan_marvinny@fd.org
TERMINATED: 05/28/2013
Designation: Public Defender or
Community Defender Appointment

Justine Aleta Harris
Colson & Harris LLP
80 Broad Street, 19th Floor
New York, NY 10004
NY
(212) 257-6454
Fax: (212) 257-6453
Email: jharris@shertremonte.com
TERMINATED: 05/28/2013
Designation: CJA Appointment

Martin Samuel Cohen
Federal Defenders of New York Inc. (NYC)
52 Duane Street
10th Floor
New York, NY 10007
(212)-417-8737
Fax: (212)-571-0392
Email: martin_cohen@fd.org
TERMINATED: 05/28/2013
Designation: Public Defender or
Community Defender Appointment

Philip L Weinstein
Federal Defenders of New York Inc. (NYC)
52 Duane Street
10th Floor
New York, NY 10007
212-417-8700
Fax: 212-571-0392
Email: philip_weinstein@fd.org
TERMINATED: 05/28/2013
Designation: Public Defender or
Community Defender Appointment

Zoe Jayde Dolan
Zoe Dolan, Attorney at Law
154 Grand Street
New York, NY 10007
(347) 301-5180
Email: zdolan@gmail.com
ATTORNEY TO BE NOTICED
Designation: Retained

**Pending Counts**

18:2332B.F CONSPIRACY TO KILL A
U.S. NATIONALS

**Disposition**

Imprisonment for a total term of Life on
Count (S14) One, 15 years on Count
(S14)Two, and 15 years on Count Three

A-7

(1s)

(S14). The terms on Counts Two and Three to run consecutively with each other and concurrently with the term on Count One.

18:2339B.F CONSPIRACY TO PROVIDE MATERIAL SUPPORT OR RESOURCES TO TERRORISTS
(2s)

Imprisonment for a total term of Life on Count (S14) One, 15 years on Count (S14)Two, and 15 years on Count Three (S14). The terms on Counts Two and Three to run consecutively with each other and concurrently with the term on Count One.

18:2339B.F PROVIDING MATERIAL SUPPORT OR RESOURCES TO TERRORISTS
(3s)

Imprisonment for a total term of Life on Count (S14) One, 15 years on Count (S14)Two, and 15 years on Count Three (S14). The terms on Counts Two and Three to run consecutively with each other and concurrently with the term on Count One.

Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
| --- | --- |
| 18:2332B.F CONSPIRACY TO KILL U.S. NATIONALS (1) | Dismissed on motion of the United States. |

Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
| --- | --- |
| None | |

| Amicus | | |
| --- | --- | --- |
| The Center for Constitutional Rights | represented by | Andrew Weissmann<br>Jenner & Block LLP (NYC )<br>919 Third Avenue, 37th Floor<br>New York, NY 10022<br>(212)-891-1650<br>Fax: (212)-891-1699<br>Email: aweissmann@jenner.com<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |
| | | Brian Jason Fischer<br>Jenner & Block LLP (NYC )<br>919 Third Avenue, 37th Floor<br>New York, NY 10022<br>(212) 891-1629<br>Fax: (212) 891-1699<br>Email: bfischer@jenner.com |

A-8

LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Daniel Ben Tehrani
Jenner & Block LLP (NYC )
919 Third Avenue, 37th Floor
New York, NY 10022
(212) 891-1646
Fax: (212) 891-1699
Email: dtehrani@jenner.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

---

Amicus

Criminal Justice Legal Foundation            represented by  Kent Scheidegger
                                                             Criminal Justice Legal Foundation
                                                             2131 "L" Street
                                                             Sacramento, CA 95816
                                                             (916) 446-0345
                                                             Fax: (916) 446-1194
                                                             Email: kent.scheidegger@cjlf.org
                                                             LEAD ATTORNEY
                                                             PRO HAC VICE
                                                             ATTORNEY TO BE NOTICED

---

Amicus

Center on the Administration for Criminal Law

---

Plaintiff

United States of America                      represented by  Adam Fee
                                                             United States Attorney's Office, SDNY
                                                             One Saint Andrew's Plaza
                                                             New York, NY 10007
                                                             212-637-1589
                                                             Fax: 212-637-2527
                                                             Email: adamjfee@gmail.com
                                                             LEAD ATTORNEY
                                                             ATTORNEY TO BE NOTICED

                                                             David Alan Raskin
                                                             Clifford Chance US LLP
                                                             31 West 52 Street
                                                             New York, NY 10019
                                                             (212) 878-8000
                                                             Fax: (212) 878-8375
                                                             Email: david.raskin@usdoj.gov
                                                             LEAD ATTORNEY
                                                             ATTORNEY TO BE NOTICED

A-9

Patrick Joseph Fitzgerald
Skadden, Arps, Slate, Meagher & Flom,
LLP (IL)
155 North Wacker Drive
Suite 2700
Chicago, IL 60606-1720
(312)-407-0508
Fax: (312)-827-9320
Email: patrick.j.fitzgerald@usdoj.gov
LEAD ATTORNEY

Harry A. Chernoff
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
212 637 2200
Fax: 212 637 2390
Email: Harry.Chernoff@usdoj.gov
ATTORNEY TO BE NOTICED

John Peter Cronan
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
212-637-2779
Fax: 212- 637 2390
Email: John.Cronan@usdoj.gov
ATTORNEY TO BE NOTICED

Leslie C. Brown
United States Attorney SDNY 1 Saint
Andrew
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2638
Fax: (212)-637-0097
Email: leslie.brown@usdoj.gov
ATTORNEY TO BE NOTICED

Michael E. Farbiarz
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
212-637-1587
Fax: 212-637-2937
Email: Michael.Farbiarz@usdoj.gov
ATTORNEY TO BE NOTICED

Michael Ferrara
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2526

A-10

Fax: (212) 637-2937
Email: michael.ferrara@usdoj.gov
ATTORNEY TO BE NOTICED

Nicholas James Lewin
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2337
Fax: (212) 637-2937
Email: Nicholas.Lewin@usdoj.gov
ATTORNEY TO BE NOTICED

Rachel Peter Kovner
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2470
Fax: (212)-637-2937
Email: rachel.kovner@usdoj.gov
ATTORNEY TO BE NOTICED

Sean Stephen Buckley
United States Attorney SDNY 1 Saint
Andrew
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2261
Fax: (212) 637-2527
Email: sean.buckley@usdoj.gov
ATTORNEY TO BE NOTICED

Stephen J Ritchin
U.S. Attorney's Office, White Plains
300 Quarropas Street
White Plains, NY 10601
212-636-2200
Fax: 914-993-1980
Email: Stephen.Ritchin@usdoj.gov
ATTORNEY TO BE NOTICED

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2013 | | Arrest of Sulaiman Abu Ghayth. (jm) (Entered: 03/08/2013) |
| 03/07/2013 | 1153 | ORDER as to Sulaiman Abu Ghayth to unseal S(13) indictment. (Signed by Judge Lewis A. Kaplan on 3/7/13)(jm) (Additional attachment(s) added on 3/7/2013: # 1 order) (jm). (Entered: 03/07/2013) |
| 03/07/2013 | 1154 | S(13) INDICTMENT FILED as to Sulaiman Abu Ghayth (26) count(s) 1. (jm) (Document originally filed under seal on 3/1/13) (jm). Modified on 5/21/2014 (bw). (Entered: 03/07/2013) |
| 03/07/2013 | | Case Designated ECF as to Sulaiman Abu Ghayth. (jm) (Entered: 03/07/2013) |

A-11

| 03/07/2013 | | Judge update in case as to Sulaiman Abu Ghayth. Judge Lewis A. Kaplan added.. (jm) (Entered: 03/07/2013) |
|---|---|---|
| 03/08/2013 | 1156 | NOTICE OF ATTORNEY APPEARANCE John Peter Cronan appearing for USA. (Cronan, John) (Entered: 03/08/2013) |
| 03/08/2013 | 1157 | Arrest Warrant Returned Executed on 3/1/13 as to Sulaiman Abu Ghayth. (jm) (Entered: 03/08/2013) |
| 03/08/2013 | 1158 | SEALED DOCUMENT placed in vault. (mps) (Entered: 03/08/2013) |
| 03/08/2013 | 1159 | ORDER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. Having approved the financial affidavit of the defendant, Federal Defenders Philip Weinstein, Martin Cohen, and Jonathan Marvinny are appointed as counsel to the defendant. (Signed by Judge Lewis A. Kaplan on 3/8/2013)(bw) (Entered: 03/08/2013) |
| 03/08/2013 | 1160 | ORDER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. Having consented to detention without prejudice to a future application for bail, the defendant is ORDERED detained. (Signed by Judge Lewis A. Kaplan on 3/8/2013)(bw) (Entered: 03/08/2013) |
| 03/08/2013 | | Attorney update in case as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. Attorney Philip L Weinstein,Martin Samuel Cohen,Jonathan Andrew Marvinny for Sulaiman Abu Ghayth added. [*** NOTE: See Order, Doc.#1059. ***] (bw) (Entered: 03/08/2013) |
| 03/08/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Initial Appearance as to Sulaiman Abu Ghayth held on 3/8/2013. Defendant Sulaiman Abu Ghayth present with attorneys Philip Weinstein, Martin Cohen, and Jonathan Marvinny. Arabic interpreter Fouad Elshiekh present. AUSAs Michael Ferrara and John Cronan present. FBI agent Frank Pelligrino present. Deputy U.S. Marshal Brian McHugh and NYPD Detective James Fogarty present. Court reporter Kristen Carranante present. Defendants financial affidavit was approved and Federal Defender attorneys Philip Weinstein, Martin Cohen, Jonathan Marvinny appointed to represent the defendant. Defendant Sulaiman Abu Ghayth was arraigned and entered a plea of not guilty to the (S13)indictment. The next conference will be held on April 8, 2013 at 2:30pm. Time from today through 4/8/13 is excluded from speedy trial calculations in the interests of justice. (dnd) (Entered: 03/11/2013) |
| 03/08/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Arraignment as to Sulaiman Abu Ghayth (26) Count 1 held on 3/8/2013. Defendant Sulaiman Abu Ghayth present with attorneys Philip Weinstein, Martin Cohen, and Jonathan Marvinny. Arabic interpreter Fouad Elshiekh present. AUSAs Michael Ferrara and John Cronan present. FBI agent Frank Pelligrino present. Deputy U.S. Marshal Brian McHugh and NYPD Detective James Fogarty present. Court reporter Kristen Carranante present. Defendant Sulaiman Abu Ghayth was arraigned and entered a plea of not guilty to the (S13)indictment. (dnd) (Entered: 03/11/2013) |
| 03/08/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Plea entered by Sulaiman Abu Ghayth (26) Count 1 Not Guilty. (dnd) (Entered: 03/11/2013) |
| 03/08/2013 | | Set/Reset Hearings as to Sulaiman Abu Ghayth: Pretrial Conference set for 4/8/2013 at 2:30 PM before Judge Lewis A. Kaplan. (dnd) (Entered: 03/11/2013) |
| 03/08/2013 | 1162 | CJA 23 Financial Affidavit by (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. Judge Endorsement: Approved. (Signed by Judge Lewis A. Kaplan on 3/8/2013) (bw) (Entered: 03/11/2013) |
| 03/11/2013 | 1161 | SEALED DOCUMENT placed in vault. (nm) (Entered: 03/11/2013) |

A-12

| 03/11/2013 | 1163 | NOTICE OF ATTORNEY APPEARANCE Michael Ferrara appearing for USA. (Ferrara, Michael) (Entered: 03/11/2013) |
| --- | --- | --- |
| 03/12/2013 | 1164 | PROTECTIVE ORDER as to Sulaiman Abu Ghayth...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Lewis A. Kaplan on 3/12/2013)(jw) (Entered: 03/12/2013) |
| 03/22/2013 | 1167 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 3/8/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Kristen Carannante, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/15/2013. Redacted Transcript Deadline set for 4/25/2013. Release of Transcript Restriction set for 6/24/2013. (Rodriguez, Somari) (Entered: 03/22/2013) |
| 03/22/2013 | 1168 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 3/8/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 03/22/2013) |
| 03/28/2013 | 1170 | SEALED DOCUMENT placed in vault. (nm) (Entered: 03/28/2013) |
| 04/08/2013 | 1180 | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Jane Rosenberg dated 4/8/2013 re: To request permission to sit in the jury box during the hearing of Sulaiman Abu Ghayth at 2:30 p.m. on Monday...ENDORSEMENT..Well the circumstances, request denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/8/2013)(jw) (Entered: 04/08/2013) |
| 04/08/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Status Conference as to Sulaiman Abu Ghayth held on 4/8/2013 as to Sulaiman Abu Ghayth( Discovery due by 5/8/2013., Motions due by 5/22/2013., Defendant Replies due by 6/26/2013., Government Responses due by 6/12/2013, Oral Argument set for 7/10/2013 at 09:30 AM before Judge Lewis A. Kaplan.) Defendant Sulaiman Abu Ghayth present with attorneys Philip Weinstein, Martin Cohen, and Jonathan Marvinny. Arabic interpreter Fouad Elshiekh present. AUSA John Cronan present. DOJ trial attorney Jolie Zimmerman present. FBI agent Frank Pelligrino present. Court reporter Pam Utter present. Discovery to be completed by 5/8/13. Motions for suppression of post arrest statement and change of venue are due by 5/22/13; Government response due by 6/12/13; defendants reply due 6/26/13; oral argument set for 7/10/13 at 9:30am. All other motions due by 7/8/13; Government opposition due by 7/29/13; defendants reply due by 8/12/13; oral argument set for 9/17/13 at 9:30am. Time from today through 9/17/13 is excluded from speedy trial calculations in the interests of justice (jw) (Entered: 04/10/2013) |
| 04/09/2013 | 1181 | ORDER as to Sulaiman Abu Ghayth ( Jury Trial set for 1/7/2014 at 09:30 AM before Judge Lewis A. Kaplan.) The trial of this action shall commence at 9:30am on January 7, 2014. SO ORDERED (Signed by Judge Lewis A. Kaplan on 4/9/2013)(jw) (Entered: 04/09/2013) |
| 04/11/2013 | 1184 | PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION as to Sulaiman Abu Ghayth...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Lewis A. Kaplan on 4/11/2013) (jw) (Entered: 04/11/2013) |

Case 14-3674, Document 98, 10/14/2014, 1352358, Page60 of 106

| 04/11/2013 | 1185 | EX PARTE ORDER FOR THE APPOINTMENT OF CJA CO-COUNSEL as to Sulaiman Abu Ghayth. It is hereby ORDERED that CJA Panel member Justine Harris be appointed as second counsel for Mr. Abu Ghayth (Signed by Judge Lewis A. Kaplan on 4/11/2013)(jw) (Entered: 04/11/2013) |
|---|---|---|
| 04/11/2013 | | Attorney update in case as to Sulaiman Abu Ghayth. Attorney Justine Aleta Harris for Sulaiman Abu Ghayth added. (jw) (Entered: 04/11/2013) |
| 04/16/2013 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Rachel Peter Kovner as to Anas Al Liby, Mamdouh Mahmud Salim, Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Muhsin Musa Matwalli Atwah, Sheikh Ahmed Salim Swedan, Fahid Mohammed Msalam, Ahmed Khalfan Ghailani, Khalfan Khamis Mohamed, Mustafa Mohamed Fadhil, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Abdullah Ahmed Abdullah, Saif Al Adel, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth: to RE-FILE Document 1187 MOTION for Protective Order with Respect to Certain Classified Materials. ERROR(S): No signature or s/. (db) (Entered: 04/16/2013) |
| 04/17/2013 | 1189 | SEALED DOCUMENT placed in vault. (nm) (Entered: 04/17/2013) |
| 04/19/2013 | 1190 | ORDER: As to Sulaiman Abu Ghayth. Defendant's counsel has requested that the defendant, who is detained in the Metropolitan Correctional Center ("MCC") pending trial, be permitted to make one monitored telephone call every ten days rather than the one 15 minute call every thirty days that currently is permitted. He suggests that the present restriction infringes on defendant's constitutional rights... The government resists the application. It contends that the MCC is providing the defendant with social telephone calls in accordance with institution policies and consistent with the manner in which similarly situated inmates in the SHU are treated... In the circumstances, the Court concludes that it would not be appropriate to attempt to resolve this dispute on the basis of an exchange of letters. If defendant wishes to press the matter, he may file a motion in this case (which is not to suggest any view, one way or the other, as to whether this Court has authority to make any order with respect to conditions of pretrial detention in a criminal case against the detainee), a petition under 28 U.S.C. § 2241, or such other application as he may think appropriate. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/19/2013)(dnd) (Entered: 04/19/2013) |
| 04/19/2013 | 1191 | Letter by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Philip L. Weinstein dated 4/11/2013 re: Sulaiman Abu Ghayth is a pretrial detainee being held in solitary confinement for security reasons on 10 South at Metropolitan Correctional Center. He is limited to one 15 minute phone call every 30 days. His request for additional phone calls has been denied by the B.O.P. We do not contest, at this time, his being kept in solitary confinement. Instead, we only request that he be permitted to make one monitored call every 10 days... (dnd) (Entered: 04/19/2013) |
| 04/19/2013 | 1192 | Letter by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Philip L. Weinstein dated 4/12/2013 re: Defense counsel writes to supplement his letter of yesterday concerning additional phone calls. I received a phone call from an attorney, Stanley Cohen, in which he told me that Abu Ghayth's family may retain him. We informed Abu Ghayth of this development. It is important that he be granted additional phone calls to permit him to discuss this issue with his family and to reduce any additional delay in this case. (dnd) (Entered: 04/19/2013) |
| 04/19/2013 | 1193 | Letter by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Adam M. Johnson Supervisory Attorney MCC New York dated 4/15/2013 re: Attorney Johnson |

| | | writes in response to defense counsel's April 11, 2013 letter regarding Sulaiman Abu Ghayth, Reg. No. 91969-054, currently housed at the Metropolitan Correctional Center, New York (MCC New York). Specifically, defense counsel requests that the Court order MCC New York to provide Mr. Ghaytb a social phone call every ten (10) days. MCC New York respectfully requests that the Court not order the requested relief... (dnd) (Entered: 04/19/2013) |
|---|---|---|
| 04/19/2013 | 1194 | Letter by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from John P. Cronan dated 4/16/2013 re: The Government respectfully submits this letter in response to the defense's letter of April 11, 2013 ("Deft. Ltr."), in which the defense requests that the Court order the Metropolitan Correctional Center ("MCC") to afford the defendant additional social telephone calls. (dnd) (Entered: 04/19/2013) |
| 04/25/2013 | 1198 | SEALED DOCUMENT placed in vault. (nm) (Entered: 04/25/2013) |
| 04/25/2013 | 1199 | SEALED DOCUMENT placed in vault. (nm) (Entered: 04/25/2013) |
| 04/25/2013 | 1200 | SEALED DOCUMENT placed in vault. (nm) (Entered: 04/25/2013) |
| 04/25/2013 | 1201 | SEALED DOCUMENT placed in vault. (nm) (Entered: 04/25/2013) |
| 04/25/2013 | 1202 | RESPONSE in Opposition by United States of America as to Anas Al Liby, Mamdouh Mahmud Salim, Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Muhsin Musa Matwalli Atwah, Sheikh Ahmed Salim Swedan, Fahid Mohammed Msalam, Ahmed Khalfan Ghailani, Khalfan Khamis Mohamed, Mustafa Mohamed Fadhil, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Abdullah Ahmed Abdullah, Saif Al Adel, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth re 1176 MOTION to Compel the government to provide additional discovery. MOTION for Bill of Particulars. MOTION to Sever Defendant Al-Fawwaz. MOTION to Strike unduly prejudicial surplusage from the indictment. MOTION for Leave to File additional and supplemental motions. MOTION to Continue., 1172 MOTION to Dismiss.. (Attachments: # 1 Supplement Part II, # 2 Supplement Part III) (Buckley, Sean) (Entered: 04/26/2013) |
| 05/08/2013 | 1206 | ENDORSED LETTER as to Anas Al Liby, Mamdouh Mahmud Salim, Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Muhsin Musa Matwalli Atwah, Sheikh Ahmed Salim Swedan, Fahid Mohammed Msalam, Ahmed Khalfan Ghailani, Khalfan Khamis Mohamed, Mustafa Mohamed Fadhil, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Abdullah Ahmed Abdullah, Saif Al Adel, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Jane Roseberg dated April 25, 2013 re: I write to request reconsideration of your decision to deny my request to sit in the jury box (Docket Entry 1180) when I am in your courtroom and of your new rule to allow one artist in each of the first three rows of the audience. ENDORSEMENT: The request for reconsideration of DI 1080 is denied as moot with respect to the previous proceeding and, at least for now, denied on the merits prospectively. The Court is not aware of any "new rule". SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/8/2013)(bw); Modified on 5/8/2013 (bw). (Entered: 05/08/2013) |
| 05/09/2013 | 1207 | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from John P. Cronan and Michael Ferrara dated 5/8/2013 re: The Government respectfully writes to propose that the Government's anticipated motion pursuant to Section 4 of the Classified Information Procedures Act be filed by July 15, 2013( |

| | | |
|---|---|---|
| | | Motions due by 6/30/2013.)...ENDORSEMENT..The motion shall be filed by 6/30/13. (Signed by Judge Lewis A. Kaplan on 5/8/2013)(jw) (Entered: 05/09/2013) |
| 05/10/2013 | 1209 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 4/8/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/3/2013. Redacted Transcript Deadline set for 6/13/2013. Release of Transcript Restriction set for 8/12/2013. (Rodriguez, Somari) (Entered: 05/10/2013) |
| 05/10/2013 | 1210 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 4/8/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 05/10/2013) |
| 05/13/2013 | 1213 | NOTICE OF ATTORNEY APPEARANCE: Stanley Lewis Cohen appearing for Sulaiman Abu Ghayth. Appearance Type: Retained. (Cohen, Stanley) (Entered: 05/13/2013) |
| 05/14/2013 | 1214 | NOTICE OF ATTORNEY APPEARANCE: Geoffrey St. Andrew Stewart appearing for Sulaiman Abu Ghayth. Appearance Type: Retained. Co-counsel with Stanley L. Cohen, Esq. (Stewart, Geoffrey) (Entered: 05/14/2013) |
| 05/15/2013 | 1215 | SEALED DOCUMENT placed in vault. (nm) (Entered: 05/15/2013) |
| 05/15/2013 | 1216 | SEALED DOCUMENT placed in vault. (nm) (Entered: 05/15/2013) |
| 05/15/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Curcio Hearing as to Sulaiman Abu Ghayth held on 5/15/2013. Defendant Sulaiman Abu Ghayth present with attorneys PhilipWeinstein, Martin Cohen, Jonathan Marvinny, Justine Harris, Geoffrey Stewart, and Stanley L. Cohen. Arabic interpreter Fouad Elshiekh present. AUSAs John Cronan and Michael Ferrara present. NYPD Det. James Fogarty present. Court reporter Bill Richards present. Curcio hearing begun and adjourned until 5/21/13 at 10:30am. (jbo) (Entered: 05/16/2013) |
| 05/16/2013 | 1217 | ORDER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. The Court is in receipt of a letter dated May 15, 2013 from the United States Attorney regarding the appearance of Mr. Stanley Cohen, Esq. as counsel for the defendant. The letter, which was discussed extensively in open court at a hearing on May 15, 2013, notes that Mr. Cohen wishes it to be filed under seal. No formal application has been made. The Court will docket the letter in due course. Should Mr. Cohen wishes to make an application to seal the letter, he should do so by Wednesday, May 22, 2013. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/16/2013)(bw) (Entered: 05/16/2013) |
| 05/17/2013 | 1219 | NOTICE OF ATTORNEY APPEARANCE: Ashraf Wajih Nubani appearing for Sulaiman Abu Ghayth. Appearance Type: Retained. (Nubani, Ashraf) (Entered: 05/17/2013) |
| 05/17/2013 | 1220 | FILING ERROR - DUPLICATE DOCKET ENTRY NOTICE OF ATTORNEY APPEARANCE: Ashraf Wajih Nubani appearing for Sulaiman Abu Ghayth. Appearance Type: Retained. (Nubani, Ashraf) Modified on 5/20/2013 (ka). (Entered: 05/17/2013) |
| 05/20/2013 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document |

| | | |
|---|---|---|
| | | No. 1220 , as to Sulaiman Abu Ghayth, HAS BEEN REJECTED. THIS IS A DUPLICATED DOCUMENT. Note to Attorney Ashraf Wajih Nubani : This is a Duplicate Document. Do Not Re-File. (ka) (Entered: 05/20/2013) |
| 05/21/2013 | 1223 | NOTICE of Opposition to Sealing of Judicial Document as to Sulaiman Abu Ghayth (McCraw, David) (Entered: 05/21/2013) |
| 05/21/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Curcio Hearing as to Sulaiman Abu Ghayth held on 5/21/2013. Defendant Sulaiman Abu Ghayth present with attorneys Philip Weinstein, Martin Cohen, Jonathan Marvinny, Geoffrey Stewart, Ashraf Wajih Nubani, and Stanley L. Cohen. Arabic interpreter Andre Codouni present. AUSAs John Cronan and Michael Ferrara present. USAO paralegal Mary Delsener present. Court reporter present. Curcio hearing continued. Courts decision reserved. Defendant remained detained. (jbo) (Entered: 05/23/2013) |
| 05/22/2013 | 1224 | NOTICE OF ATTORNEY APPEARANCE: Zoe Jayde Dolan appearing for Sulaiman Abu Ghayth. Appearance Type: Retained. (Dolan, Zoe) (Entered: 05/22/2013) |
| 05/23/2013 | 1225 | FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT - RESPONSE by Sulaiman Abu Ghayth as to Government Curcio Letter. (Cohen, Stanley) Modified on 5/24/2013 (ka). (Entered: 05/23/2013) |
| 05/24/2013 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 1225 as to Defendant(s) Sulaiman Abu Ghayth: HAS BEEN REJECTED. Note to Attorney Stanley Lewis Cohen : Other than letters filed under a cover marked Sentencing Memorandum, THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (ka) (Entered: 05/24/2013) |
| 05/24/2013 | 1228 | Letter by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from John P. Cronan and Michael Ferrara dated 5/15/2013 re: A conference in the above-referenced case is scheduled for today at 4:30p.m. The Government respectfully submits this letter to advise the Court that Stanley Cohen, Esq., (who, along with Geoffrey S. Stewart, Esq., filed a notice of appearance in this case on May 13, 2013), has been indicted in the Northern District of New York and also is the subject of a criminal investigation by this Office. In light of the potential conflict of interest posed by the investigation of Mr. Cohen in this District and the pending charges against Mr. Cohen in the Northern District of New York, the Government respectfully asks the Court to conduct a Curcio colloquy of the defendant to ensure the defendant's knowing and voluntary waiver of the conflict. In anticipation of such a hearing, the Government has prepared the enclosed Proposed Curcio Hearing Questions. Mr. Cohen has advised the Government that he requests, if a Curcio letter in this matter is filed on the docket, it be filed under seal. (jw) (jw). (Entered: 05/24/2013) |
| 05/28/2013 | 1229 | ENDORSED LETTER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Attorneys Martin Cohen, Philip L. Weinstein, Jonathan Marvinny dated May 22, 2013 re: Currently, the first set of motions -- including a motion to suppress Mr. Abu Ghayth's statements to authorities upon his arrest -- is due on May 31, 2013. A second set of motions -- encompassing any issues not concerning suppression -- is due on July 8, 2013. We respectfully request that the Court extend the deadline for the first set of motions to July 8, 2013, the deadline for the second set of motions. ENDORSEMENT: Granted. So Ordered. (Signed by Judge Lewis A. Kaplan on 5/28/2013)(bw) (Entered: 05/28/2013) |
| 05/28/2013 | 1230 | ENDORSED LETTER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from AUSAs John P. Cronan / Michael Ferrara, dated May 23, |

| | | |
|---|---|---|
| | | 2013 re: The Government writes to inform the Court that defendant Sulaiman Abu Ghayth now has retained an additional attorney, Zoe J. Dolan, Esq., who filed a notice of appearance yesterday. ENDORSEMENT: Messrs. Weinstein, Martin Cohen, Marvinny and Ms. Harris are relieved as counsel for defendant. The Court finds that potential conflicts of Messrs. Stanley Cohen and Stewart have been knowingly and voluntarily waived. So Ordered. (Signed by Judge Lewis A. Kaplan on 5/28/2013)(bw) (Entered: 05/28/2013) |
| 05/28/2013 | | Attorney update in case as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. Attorney Jonathan Andrew Marvinny; Philip L. Weinstein; Martin Samuel Cohen and Justine Aleta Harris terminated. (bw) (Entered: 05/28/2013) |
| 05/28/2013 | 1231 | Letter by (S13-98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated May 24, 2013 re: Enclosed please find a letter which counsel attempted to file by ECF yesterday evening. The item was rejected by the system today, and in comportment with the instructions of the Court, I am sending it now by messenger to chambers. In re-formatting this letter from electronic PDF to ECF to a paper copy, I have taken the opportunity to correct typographic errors; the content remains the same. (bw) (Entered: 05/28/2013) |
| 05/30/2013 | 1232 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Hearing held on 5/21/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/24/2013. Redacted Transcript Deadline set for 7/8/2013. Release of Transcript Restriction set for 9/3/2013. (Rodriguez, Somari) (Entered: 05/30/2013) |
| 05/30/2013 | 1233 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Hearing proceeding held on 5/21/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 05/30/2013) |
| 05/31/2013 | 1234 | ORDER as to Adel Abdel Bary, Sulaiman Abu Ghayth. On or about October 14, 1012, Zoe Jayde Dolan, Esq." appeared on behalf of defendant Bary with respect to S7 98 Crim. 1023 (LAK), Count 1 of which charges defendant Bary with, among other things, conspiring with Usama Bin Laden and others, from at least 1991 until the date of the filing of the indictment, to (I) murder United States nationals, anywhere in the world, including in the United States, (ii) kill United States nationals employed by the United States military who were serving in their official capacity in Somalia and on the Saudi Arabian peninsula; and (iii) kill United States nationals employed at the United States Embassies in Nairobi, Kenya, and Dar es Salaam, Tanzania, including internationally protected persons. On January 2, 2013, Ms. Dolan was relieved as counsel for defendant Bary by an order endorsed on her ex parte application which was filed under seal at her request. The Clerk shall note Ms. Dolan's withdrawal on January 2, 2013 as counsel for defendant Bary on the docket. (Signed by Judge Lewis A. Kaplan on 5/31/2013)(jw) (Entered: 05/31/2013) |
| 05/31/2013 | | Attorney update in case as to Adel Abdel Bary, Attorney Zoe Jayde Dolan terminated. (The Clerk shall note Ms. Dolan's withdrawal on January 2, 2013 as counsel for defendant Bary on the docket) (jw) (Entered: 05/31/2013) |
| 06/20/2013 | 1245 | ORDER as to Sulaiman Abu Ghayth. The time within which the government shall file its motion pursuant to Section 4 of the Classified Information Procedures Act is |

| | | |
|---|---|---|
| | | extended by 28 days. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/20/2013) (dnd) (Entered: 06/20/2013) |
| 06/20/2013 | | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from John P. Cronan dated 6/20/2013 re: The Government writes respectfully in response to the Court's May 31, 2013 Order directing (1) Zoe Dolan, Esq. and defendant Adel Abdel Bary to show cause why Ms. Dolan's December 31, 2012 ex parte application should not be unsealed; and (2) all parties to show cause why the Court should not conduct a Curcio hearing with respect to Ms. Dolan's representation of defendant Sulaiman Abu Ghayth... ENDORSEMENT: Ms. Dolans 12/31/2012 application is unsealed. The Government shall submit proposed questions within 10 days. The Curcio hearing will commence on 7/8/2013 at 10:30 a.m. )*** Supporting pdf is attached to entry 1246 for defendant Adel Abdel Bary*** (Signed by Judge Lewis A. Kaplan on 6/20/2013)(dnd) (Entered: 06/20/2013) |
| 06/20/2013 | | Set/Reset Hearings as to Sulaiman Abu Ghayth: Curcio Hearing set for 7/8/2013 at 10:30 AM before Judge Lewis A. Kaplan. (dnd) (Entered: 06/20/2013) |
| 07/03/2013 | 1249 | ORDER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. In all the circumstances, including the defendant's delay of nearly a month between the revelations upon which this application is made and its making and the lack of any showing of any material likelihood of irreparable injury between today and next week, the Court will hear the application for a temporary restraining order on Monday, July 8, 2013 at 2 p.m. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/3/2013)(bw) (Entered: 07/03/2013) |
| 07/08/2013 | 1250 | MEMORANDUM OF LAW in Opposition by United States of America as to Sulaiman Abu Ghayth re: 1249 Order, Set Deadlines/Hearings,,. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cronan, John) (Entered: 07/08/2013) |
| 07/08/2013 | 1251 | DECLARATION of John P. Cronan in Opposition by United States of America as to Sulaiman Abu Ghayth re: 1249 Order, Set Deadlines/Hearings,,. (Cronan, John) (Entered: 07/08/2013) |
| 07/08/2013 | 1252 | ORDER: As to Sulaiman Abu Ghayth. On July 3, 2013, defendant presented to chambers a proposed order to show cause seeking a temporary restraining order and a preliminary injunction. The Court did not sign the proposed order but entered an order setting the application for a temporary restraining order for hearing today. Having heard the application orally, and having considered the government's papers in opposition, filed today, the Court, for reasons stated on the record, denied the motion from the bench in all respects. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/8/2013) (dnd) Modified on 7/8/2013 (dnd). (Entered: 07/08/2013) |
| 07/08/2013 | 1253 | [Proposed] Order Restraining Government From Monitoring Communications Among And Between Counsel And Others. Document submitted by (98-Cr-1023-26) Sulaiman Abu Ghayth. (bw) (Entered: 07/09/2013) |
| 07/08/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference as to (98-Cr-1023-26) Sulaiman Abu Ghayth held on 7/8/2013. Defendant Sulaiman Abu Ghayth present with attorneys Stanley L. Cohen, Geoffrey St. Andrew Stewart, and Zoe Dolan present. AUSAs John Cronan and Michael Ferrara present. Court reporter present. Defendant waived his right to an interpreter for today's proceeding. Oral argument held on the order to show cause held. (bw) (Entered: 08/15/2013) |
| 07/09/2013 | 1255 | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Zoe Dolan dated 7/2/2013 re: Mr. Patel has requested that he be present to represent Mr. Abdel Bary at a Curcio hearing as to Mr. Abu Ghayth. Even were grounds |

| | | |
|---|---|---|
| | | for this request forthcoming, the involvement of counsel for Mr. Abdel Bary is inconsistent with the absence of a conflict as discussed above, and, in any event, Mr. Abdel Bary's current representation is not at issue. In light of the foregoing, the Curcio hearing is moot and should be cancelled...ENDORSEMENT...Denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/8/2013)(jw) (Entered: 07/09/2013) |
| 07/15/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Curcio Hearing as to Adel Abdel Bary, Sulaiman Abu Ghayth held on 7/15/2013. Defendant Sulaiman Abu Ghayth (31) present with attorneys Stanley Cohen, Geoffrey St. Andrew Stewart, and Zoe Dolan. Defendant Adel Abdel Bary (17) present with attorneys Andrew Patel and Lauren Kessler. Arabic interpreter Marwan Abdel-Rahman present. AUSAs Michael Ferrara and John Cronan present. Court reporter Karen Gorleski present. (jbo) (Entered: 07/19/2013) |
| 07/17/2013 | 1258 | SEALED DOCUMENT placed in vault. (mps) (Entered: 07/17/2013) |
| 07/18/2013 | 1260 | MEMO ENDORSEMENT: As to Sulaiman Abu Ghayth. re: Consent Request for Enlargement of Time in Which to File a Motion. Later today the defense will file its Omnibus Pre-Trial Motion in accord with Your Honor's schedule. We are, however, asking the Court to grant a one week extension for us to file, if necessary, our motion to compel the Government to provide additional particulars and discovery pursuant to Rule 16 an Brady, for the reason to follow... ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/18/2013)(dnd) (Entered: 07/18/2013) |
| 07/18/2013 | 1261 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 7/8/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Eve Giniger, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/12/2013. Redacted Transcript Deadline set for 8/22/2013. Release of Transcript Restriction set for 10/21/2013. (Rodriguez, Somari) (Entered: 07/18/2013) |
| 07/18/2013 | 1262 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 7/8/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 07/18/2013) |
| 07/19/2013 | 1263 | MOTION to Dismiss Indictment and Motion for Omnibus Relief. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 07/19/2013) |
| 07/19/2013 | 1264 | EX PARTE MOTION for Leave to File Excess Pages and to File Memorandum Beyond Time. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 07/19/2013) |
| 07/19/2013 | 1265 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - PRETRIAL MEMORANDUM Exhibits in Support by Sulaiman Abu Ghayth. (Cohen, Stanley) Modified on 7/19/2013 (ka). (Entered: 07/19/2013) |
| 07/19/2013 | 1266 | FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT - MEMORANDUM in Support by Sulaiman Abu Ghayth re 1263 MOTION to Dismiss Indictment and Motion for Omnibus Relief.. CORRECTED EXHIBIT D in support of the Motion (Cohen, Stanley) Modified on 7/19/2013 (ka). (Entered: 07/19/2013) |
| 07/19/2013 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Stanley Lewis Cohen as to Sulaiman Abu Ghayth: to |

A-20

Case 14-3674, Document 98-10, 12/18/2014, 1392358, Page67 of 106

| | | RE-FILE Document 1265 Pretrial Memorandum. Use the document type Affidavit in Support of Motion found under the document list Replies, Opposition and Supporting Documents. (ka) (Entered: 07/19/2013) |
|---|---|---|
| 07/19/2013 | | ***NOTE TO ATTORNEY THAT THE ATTEMPTED FILING OF Document No. 1266 as to Defendant(s) Sulaiman Abu Ghayth: HAS BEEN REJECTED. Note to Attorney Stanley Lewis Cohen : Other than letters filed under a cover marked Sentencing Memorandum, THE CLERK'S OFFICE DOES NOT ACCEPT LETTERS FOR FILING either through ECF or otherwise, except where the judge has ordered that a particular letter be docketed. Letters may be sent directly to a judge. (ka) (Entered: 07/19/2013) |
| 07/19/2013 | 1267 | FILING ERROR - DEFICIENT DOCKET ENTRY - SIGNATURE ERROR - AFFIDAVIT of Sulaiman Abu Ghayth in Support as to Sulaiman Abu Ghayth re 1263 MOTION to Dismiss Indictment and Motion for Omnibus Relief.. (Cohen, Stanley) Modified on 7/19/2013 (ka). (Entered: 07/19/2013) |
| 07/19/2013 | 1268 | AFFIDAVIT of Sulaiman Abu Ghayth in Support as to Sulaiman Abu Ghayth re 1263 MOTION to Dismiss Indictment and Motion for Omnibus Relief.. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit, # 5 Affidavit, # 6 Affidavit, # 7 Affidavit, # 8 Affidavit, # 9 Affidavit, # 10 Affidavit, # 11 Affidavit)(Stewart, Geoffrey) (Entered: 07/19/2013) |
| 07/22/2013 | 1269 | ORDER: As to Sulaiman Abu Ghayth. Defendant moves for an extension nunc pro tunc of the time within which to file his motion, filed on July 19, 2013, and for approval of his filing of an over sized memorandum of law without leave of the Court. The motion is granted to the extent that (1) defendant's time for filing the motion is extended nunc pro tunc from July 18, 2013 to and including the time of its filing, and (2) the Court will accept this memorandum of law. The Court, however, expects compliance with the page limitations on memoranda of law. In those cases in which counsel believe that additional pages are appropriate, they should seek leave for a longer memorandum well in advance of the filing deadline, as they act at their peril in failing to do so. Counsel's filings were not made in even remote compliance with the Court'selectronic filing rules and procedures, causing considerable inconvenience to court personnel. Counsel are directed to read and comply with those procedures in the future. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/22/2013)(dnd) (Entered: 07/22/2013) |
| 07/23/2013 | 1270 | SEALED DOCUMENT placed in vault. (mps) (Entered: 07/23/2013) |
| 07/25/2013 | 1271 | FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Bill of Particulars with Affirmation and Memorandum of Law and attached Exhibits. Document filed by Sulaiman Abu Ghayth. (Attachments: # 1 Exhibit)(Cohen, Stanley) Modified on 7/26/2013 (ka). (Entered: 07/25/2013) |
| 07/26/2013 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Stanley Lewis Cohen as to Sulaiman Abu Ghayth: to RE-FILE Document 1271 MOTION for Bill of Particulars with Affirmation and Memorandum of Law and attached Exhibits. ERROR(S): Filing Error of Supporting Documents. Supporting Affirmation and Memorandum of Law must be filed individually. Event codes located under Replies, Opposition and Supporting Documents. (ka) (Entered: 07/26/2013) |
| 07/26/2013 | 1272 | MOTION for Bill of Particulars. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 07/26/2013) |
| 07/26/2013 | 1273 | AFFIRMATION of Stanley L. Cohen in Support as to Sulaiman Abu Ghayth re 1272 MOTION for Bill of Particulars. with Memorandum of Law (Attachments: # 1 Exhibit) |

| | | (Cohen, Stanley) (Entered: 07/26/2013) |
|---|---|---|
| 07/29/2013 | 1274 | ENDORSED LETTER as to Anas Al Liby, Mamdouh Mahmud Salim, Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Muhsin Musa Matwalli Atwah, Sheikh Ahmed Salim Swedan, Fahid Mohammed Msalam, Ahmed Khalfan Ghailani, Khalfan Khamis Mohamed, Mustafa Mohamed Fadhil, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Abdullah Ahmed Abdullah, Saif Al Adel, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Andrew G. Patel dated 7/26/2013 re: This letter is respectfully submitted on behalf of all parties, requesting that the date for filing of all Rule 15 motions, as well as Letters Rogatory to compel foreign witnesses to testify if depositions are granted, be adjourned until September 3, 2013 for the reasons expressed in this letter. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/29/2013)(dnd) (Entered: 07/29/2013) |
| 08/02/2013 | 1276 | SEALED DOCUMENT placed in vault. (nm) (Entered: 08/05/2013) |
| 08/08/2013 | 1277 | MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1263 MOTION to Dismiss Indictment and Motion for Omnibus Relief., 1272 MOTION for Bill of Particulars.. (Attachments: # 1 Exhibit A (Katwan Declaration), # 2 Exhibit B (McHigh Declaration), # 3 Exhibit C (Gov't July 17 Ltr. to Defense)) (Ferrara, Michael) (Entered: 08/08/2013) |
| 08/13/2013 | 1278 | ORDER as to Sulaiman Abu Ghayth. The Court will hold an evidentiary hearing on defendant's motion to suppress on September 17, 2013 in conjunction with the argument previously scheduled. The parties shall notify the Court no later than September 6, 2013 if either side anticipates using classified evidence. SO ORDERED (Signed by Judge Lewis A. Kaplan on 8/13/2013)(jw) (Entered: 08/13/2013) |
| 08/15/2013 | 1279 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 7/15/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Karen Gorlaski, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/9/2013. Redacted Transcript Deadline set for 9/19/2013. Release of Transcript Restriction set for 11/18/2013. (Rodriguez, Somari) (Entered: 08/15/2013) |
| 08/15/2013 | 1280 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 7/15/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 08/15/2013) |
| 08/19/2013 | 1285 | ORDER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. In accordance with the procedures employed in United States v. Aref, 533 F.3d 72, 76-77, and in connection with this Court's review, under Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 §4, of classified discovery materials, the Court will meet ex parte with the government on September 4, 2013 at 4:00 p.m. to be informed in general terms of the proof the government plans to present at trial. The purpose is to permit the Court to be better informed to make the judgments called for by the government's CIPA motion. Absent objection from the government, the Court then will meet ex parte with the defense to be better informed of the defenses they plan to present for the same purpose, provided of course that the defense elects to share that information. The ex |

parte proceedings will be recorded by a court stenographer and the transcripts will be filed in due course. The Court writes briefly to indicate the basis for its conclusion that it is appropriate to conduct a conference ex parte. Section 4 of CIPA permits, but does not require, the government to apply for authorization to protect sensitive but otherwise discoverable information by redaction and substitution of summaries "in the form of a written statement to be inspected by the court alone." It does not specifically address the question whether such applications may be made or supplemented orally as well "to the court alone," i.e., ex parte. But the structure of Section 4 implies that this is permissible. The statute provides that the entire text of any written statement by the government in support of such an application "shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal" in the event the application is granted. Thus, it manifests clearly Congress' intention to permit ex parte applications of this nature provided that a clear record is created and maintained "in the records of the court" to facilitate any appellate review. There is no material difference between ex parte written and oral statements in support of an application of this nature provided the same safeguards apply in both instances. The Court therefore concludes that ex parte oral conferences and hearings are permissible in connection with CIPA § 4 applications if they are transcribed verbatim and the transcripts and any exhibits received therein are properly preserved. See United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008); United States v. Campa, 529 F.3d 980, 994-95 (11th Cir. 2008); United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261-62 (9th Cir. 1998). The Court affords the defendants a similar opportunity as a matter of fairness. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 8/19/2013)(bw) (Entered: 08/19/2013)

| 08/20/2013 | 1289 | ENDORSED LETTER as to (98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Attorney Zoe Dolan dated August 19, 2013 re: I am one of the attorneys for defendant Sulaiman Abu Ghayth in the above-referenced case. This letter is submitted to request an adjournment of three business days for submission of the defense pre-trial motion reply papers, which are currently due this Friday, August 23.... I understand that defense counsel Stanley Cohen has spoken with counsel for the government, and there is no objection to a three-day adjournment of the defense reply to August 28. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 8/20/2013)(bw) (Entered: 08/20/2013) |
| --- | --- | --- |
| 08/28/2013 | 1290 | REPLY TO RESPONSE to Motion by Sulaiman Abu Ghayth re 1263 MOTION to Dismiss Indictment and Motion for Omnibus Relief.. with Attached Exhibits (Cohen, Stanley) (Entered: 08/28/2013) |
| 08/28/2013 | 1291 | REPLY TO RESPONSE to Motion by Sulaiman Abu Ghayth re 1272 MOTION for Bill of Particulars.. (Cohen, Stanley) (Entered: 08/28/2013) |
| 08/29/2013 | 1292 | ENDORSED LETTER: As to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 8/28/2013 re: Defense counsel writes with regard to the conference scheduled by Your Honor in the Court's text Order of 19 August [Docket #1285], setting a meeting on 4 September with the Defense in camera and ex parte with respect to the Government's CIPA motion. I respectfully request that the conference date be adjourned for one week, or to anytime thereafter convenient to the Court, for the reasons stated herein below. ENDORSEMENT: DENIED. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 8/29/2013)(dnd) (Entered: 08/29/2013) |
| 08/30/2013 | 1293 | MOTION to Suppress Out of Court Identification and Preclude In Court Identification. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 08/30/2013) |
| 08/30/2013 | 1294 | AFFIRMATION in Support as to Sulaiman Abu Ghayth re 1293 MOTION to Suppress Out of Court Identification and Preclude In Court Identification.. with Memorandum of |

Case 14-3674, Document 98, 10/14/2014, 1352358, Page70 of 106

| | | Law and Exhibits (Cohen, Stanley) (Entered: 08/30/2013) |
|---|---|---|
| 09/02/2013 | 1295 | NOTICE OF ATTORNEY APPEARANCE Adam Fee appearing for USA. (Fee, Adam) (Entered: 09/02/2013) |
| 09/04/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Status Conference as to Sulaiman Abu Ghayth held on 9/4/2013. Ex parte classified conference held in chambers with defense counsel only regarding defendant Sulaiman Abu Ghayth (#31). Defendant Abu Ghayth not present but attorney Zoe Dolan present. Court reporter Carol Ganley present. (ajc) (Entered: 09/19/2013) |
| 09/04/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Status Conference as to Sulaiman Abu Ghayth held on 9/4/2013. Ex parte classified conference held in chambers with Government counsel only regarding defendant Sulaiman Abu Ghayth (#31). AUSAs Michael Ferrara and John Cronan present. Court reporter Carol Ganley present. (ajc) (Entered: 09/19/2013) |
| 09/13/2013 | 1303 | ORDER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. Defendant has moved, insofar as is relevant here, to suppress statements made to law enforcement during a flight from Jordan to the United States. DI 1263, at 1,6-7,49-77. He argues.... principally that those statements should be suppressed because he was not given Miranda warnings and the statements were not voluntary. The government disputes these allegations and submitted a declaration from a Deputy U.S. Marshal. It agrees, however, that there is a disputed issue of fact making an evidentiary hearing appropriate. DI 1277, at 26. Accordingly, on August 13, 2013, the Court set an evidentiary hearing on the motion to suppress to commence on September 17, 2013. DI 1278. By letter dated September 10, 2013, the defendant proposes that the government present its case on September 17,2013. But he now asks for a continuance of twenty days following the conclusion of the government's case at the hearing. He now claims that he wishes to present an expert witness with respect to the voluntariness of defendant's statements, that he has had difficulty in procuring such a witness, and that he needs more time to find one. The government takes no position. The request for a reasonable extension to attempt to find another expert is reasonable in the circumstances. But there is no reason to postpone the presentation of defendant's entire case on the suppression motion. The question whether the defendant was given Miranda warnings, for example, depends entirely on whether the Court ultimately believes the defendant or the government's evidence. Moreover, there is no reason why the defendant (and any other witnesses he intends to call other than the hoped-for expert) cannot give their testimony as originally scheduled. Accordingly, defendant shall proceed with his case on the suppression motion, if any, immediately upon the conclusion of the government's case. When he completes his case in all respects other than the presentation of the expert witness (if one is located), he shall rest subject to the testimony of that witness. The government then shall proceed with any rebuttal evidence save for any rebuttal with respect to any expert witness later presented by the defendant. The hearing then will conclude in all respects save that expert testimony and any rebuttal thereto. The defendant's request for a continuance thus is granted to the extent set forth above and denied in all other respects. The Court will hear the defendant's expert witness (if any) and any rebuttal thereto on October 8, 2013 at 9:30 a.m. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 9/13/2013) (bw) (Entered: 09/13/2013) |
| 09/13/2013 | 1304 | LETTER by (98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Attorney Stanley L. Cohen dated September 10, 2013 re: Your Honor set a hearing scheduled for 17 September on the Defendant's motion to suppress a statement attributed to him. For the reasons to follow, I am respectfully requesting that at the conclusion of the Government's case on the hearing, the defense presentation of its case be continued for twenty days. (bw) (Entered: 09/13/2013) |

| 09/16/2013 | 1307 | LETTER by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Zoe Dolan dated September 16, 2013 re: Notice Of Intent To Disclose Classified Information (Dolan, Zoe) (Entered: 09/16/2013) |
|---|---|---|
| 09/16/2013 | 1308 | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from John P. Cronan and Michael Ferrara dated 9/16/2013 re: The Government is optimistic that this authorization will be secured within a week, and thus respectfully requests that the Court set September 23, 2013 as the deadline for the Government's opposition. Stanley Cohen, Esq., attorney for the defendant, consents to this proposed schedule. ENDORSEMENT: Approved. (Government Opposition due by 9/23/2013) (Signed by Judge Lewis A. Kaplan on 9/16/2013)(jw) (Entered: 09/17/2013) |
| 09/17/2013 | | As to Sulaiman Abu Ghayth: Suppression Hearing set for 9/23/2013 before Judge Lewis A. Kaplan. (Signed by Judge Lewis A. Kaplan on 9/17/2013)(ajc) (Entered: 09/19/2013) |
| 09/17/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Status Conference as to Sulaiman Abu Ghayth held on 9/17/2013. Classified conference held in chambers. Defendant Sulaiman Abu Ghaythnot present but attorney Zoe Dolan present. Attorneys Mike Ferrara andJohn Cronan present. Court reporter Carol Ganley present. Conferenceduration was 15 minutes. Kaplan, J. (ajc) (Entered: 09/19/2013) |
| 09/17/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Suppression Hearing as to Sulaiman Abu Ghayth held on 9/17/2013. Suppression Hearing with sworn witnesses begun and continued. DefendantSulaiman Abu Ghayth present with attorneys Stanely Lewis Cohen, Sarah Hogarth,Geoffrey St. Andrew Stewart, and Zoe Dolan. Arabic interpreters Fouad Elshiekhand Marwan Abdel-Rahman present. AUSA Michael Ferrara and John Cronanpresent. Court reporter Carol Ganley present. Suppression hearing as scheduled in the 8/13/13 Order (DI No. 1278) begun and continued to Monday, 9/23/13. Defendant remained remanded. Hearing duration was 7 hours. Kaplan, J. (ajc) (Entered: 10/02/2013) |
| 09/19/2013 | 1310 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/19/2013) |
| 09/23/2013 | 1313 | MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1293 MOTION to Suppress Out of Court Identification and Preclude In Court Identification.. (Cronan, John) (Entered: 09/23/2013) |
| 09/23/2013 | 1314 | DECLARATION of John P. Cronan in Opposition by United States of America as to Sulaiman Abu Ghayth re: 1293 MOTION to Suppress Out of Court Identification and Preclude In Court Identification.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Cronan, John) (Entered: 09/23/2013) |
| 09/23/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Suppression Hearing as to Sulaiman Abu Ghayth held on 9/23/2013. Suppression hearing continued from 9/17/13. Defendant Sulaiman Abu Ghaythpresent with attorneys Stanley L. Cohen, Geoffrey St. Andrew Stewart, and ZoeDolan. AUSAs Michael Ferrara and John P. Cronan present. Court reporter CarolGanley present. Arabic interpreters Fouad Elshiekh and Noureddine Charif present and sworn. (ajc) (Entered: 10/02/2013) |
| 09/24/2013 | 1315 | PROTECTIVE ORDER WITH RESPECT TO CERTAIN DISCOVERY as to Sulaiman Abu Ghayth...regarding procedures to be followed that shall govern the handling of confidential material.... SO ORDERED. (Signed by Judge Lewis A. Kaplan on 9/24/2013)(dnd) (Entered: 09/24/2013) |
| 09/24/2013 | 1316 | ORDER: As to Sulaiman Abu Ghayth. The government has made a classified motion for leave to file Exhibits D and F to its opposition to defendant's motion to suppress |

A-25

Case 14-3674, Document 98, 10/24/2014, 1362358, Page72 of 106

| | | |
|---|---|---|
| | | under seal. Defendant does not object. Accordingly, the government's motion is granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 9/24/2013)(dnd) (Entered: 09/24/2013) |
| 09/24/2013 | | As to Sulaiman Abu Ghayth: Suppression Hearing set for 10/8/2013 at 09:30 AM before Judge Lewis A. Kaplan. (Signed by Judge Lewis A. Kaplan on 9/24/2013)(ajc) (Entered: 09/27/2013) |
| 09/24/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Suppression Hearing as to Sulaiman Abu Ghayth held on 9/24/2013. Suppression hearing continued from 9/23/13. Defendant Sulaiman Abu Ghaythpresent with attorneys Stanley L. Cohen, Geoffrey St. Andrew Stewart, and ZoeDolan. AUSAs Michael Ferrara and John P. Cronan present. Court reporter CarolGanley present. Arabic interpreters Fouad Elshiekh and Noureddine Charif present. Hearing to resume on 10/8/13 at 9:30am. (ajc) (Entered: 10/02/2013) |
| 09/26/2013 | 1320 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/26/2013) |
| 09/26/2013 | 1321 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/26/2013) |
| 09/26/2013 | 1322 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/26/2013) |
| 09/27/2013 | 1329 | LETTER by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Zoe Dolan dated September 27, 2013 re: Advising The Court Of Anticipated Presumptively Classified Submission Concerning Defense Expert (Attachments: # 1 Exhibit A)(Dolan, Zoe) (Entered: 09/27/2013) |
| 10/01/2013 | 1330 | LETTER by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Zoe Dolan dated October 1, 2013 re: Defense Expert Report (Dolan, Zoe) (Entered: 10/01/2013) |
| 10/02/2013 | 1331 | SEALED DOCUMENT placed in vault. (nm) (Entered: 10/02/2013) |
| 10/02/2013 | 1332 | SEALED DOCUMENT placed in vault. (nm) (Entered: 10/02/2013) |
| 10/02/2013 | 1333 | ENDORSED LETTER as to (98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Attorney Stanley L. Cohen dated October 1, 2013 re: Counsel for the defense writes the Court to make application for leave to submit a brief in excess of the page limit specified in Your Honor's motion rules. The Defendant's memorandum in Reply to the Government's submission in opposition to Defendant's Motion to Suppress Out-of-Court Identification and Preclude In-Court Identification is approximately twenty-four pages in length, at this writing. Counsel seeks leave of the Court to submit Reply brief enlarged beyond the limit set by the Court, with a memorandum not to exceed twenty-four pages in length. ENDORSEMENT: Granted to extent that reply brief not exceed 20 pages. So Ordered. (Signed by Judge Lewis A. Kaplan on 10/2/2013)(bw) (Entered: 10/02/2013) |
| 10/02/2013 | 1334 | MEMORANDUM in Opposition by United States of America as to Khaled Al Fawwaz and Adel Abdel Bary re 1296 MOTION to Take Deposition., 1301 MOTION to Take Depositions Pursuant to Rule 15., 1326 AMENDED MOTION for Letters Rogatory to the United Arab Emirates and Rule 15 Deposition., 1325 AMENDED MOTION for Letters Rogatory to the United Kingdom and Rule 15 Depositions.. (Buckley, Sean) Modified on 10/24/2013 (Mohan, Andrew). (Entered: 10/02/2013) |
| 10/03/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Status Conference as to Sulaiman Abu Ghayth held on 10/3/2013. Classified conference held. Defendant Sulaiman Abu Ghayth not present butattorney Zoe Dolan present. AUSAs Michael Ferrara and Nicholas J. Lewin present.Court reporter Carol Ganley present. Kaplan, J. (ajc) (Entered: 10/03/2013) |

| 10/03/2013 | 1335 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Hearing held on 9/17/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Carol Ganley, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/28/2013. Redacted Transcript Deadline set for 11/7/2013. Release of Transcript Restriction set for 1/4/2014. (Rodriguez, Somari) (Entered: 10/03/2013) |
|---|---|---|
| 10/03/2013 | 1336 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Hearing proceeding held on 9/17/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 10/03/2013) |
| 10/03/2013 | 1338 | LETTER by United States of America as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from John P. Cronan dated 9/30/2013 re: The Government respectfully writes to set forth its position that the Court should (1) give little or no weight to defendant Sulaiman Abu Ghayth's affidavit in support of his motion to suppress statements he made to U.S. law enforcement on February 28 and March 1, 2013; and (2) preclude expert testimony regarding the voluntariness of Abu Ghayth's Miranda waiver and/or statement to U.S. law enforcement. Document filed by United States of America. (dnd) (Entered: 10/03/2013) |
| 10/03/2013 | 1339 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION to Continue Expert Schedule. Document filed by Sulaiman Abu Ghayth. (Dolan, Zoe) Modified on 10/4/2013 (ka). (Entered: 10/03/2013) |
| 10/03/2013 | 1340 | REPLY MEMORANDUM OF LAW in Support as to Sulaiman Abu Ghayth re: 1293 MOTION to Suppress Out of Court Identification and Preclude In Court Identification.. (Cohen, Stanley) (Entered: 10/03/2013) |
| 10/04/2013 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Zoe Jayde Dolan as to Sulaiman Abu Ghayth: to RE-FILE Document 1339 MOTION to Continue Expert Schedule.. Use the document type Letter Motion found under the document list Motions. (ka) (Entered: 10/04/2013) |
| 10/04/2013 | 1341 | LETTER MOTION addressed to Judge Lewis A. Kaplan from Zoe Dolan dated October 3, 2013 re: For Continuance Of Expert Schedule. Document filed by Sulaiman Abu Ghayth. (Dolan, Zoe) (Entered: 10/04/2013) |
| 10/04/2013 | 1342 | ORDER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. Defendant Sulaiman Abu Ghayth has requested a one-week adjournment of the final installment of the hearing on his motion to suppress, at which an expert witness is scheduled to testify. He requests also a six-day extension of time to file the expert report, citing the government shutdown and the expert's inability to access certain classified discovery until Monday. Defendant's request is denied. The expert will file his report as scheduled on Saturday, October 5, albeit without benefit of the classified material, and the hearing will resume on Tuesday, October 8. The defense will offer all of its remaining evidence on Tuesday, including any evidence based on classified discovery. Should the government feel aggrieved by the lack of a complete expert report in advance of the hearing, it may seek whatever relief it thinks appropriate. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/4/2013)(bw) (Entered: 10/04/2013) |

Case 14-3674, Document 98, 10/24/2016, 1632358, Page74 of 106

| | | |
|---|---|---|
| 10/07/2013 | 1345 | NOTICE of Change of Address as to Sulaiman Abu Ghayth. New Address: Geoffrey St. Andrew Stewart, 139 Fulton Street, Suite 508, New York, New York, USA 10038, 212-625-9696. (Stewart, Geoffrey) (Entered: 10/07/2013) |
| 10/08/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Suppression Hearing as to Sulaiman Abu Ghayth held on 10/8/2013. Suppression hearing continued from 9/24/13 and concluded. Defendant SulaimanAbu Ghayth present with attorneys Stanley L. Cohen, Geoffrey St. Andrew Stewart,and Zoe Dolan. AUSAs Michael Ferrara and John P. Cronan present. Court reporter Carol Ganley present. Arabic interpreters Fouad Elshiekh and Marwan Abdel-Rahman present. Courts decision reserved. Kaplan, J. (ajc) Modified on 11/6/2013 (ajc). (Entered: 10/09/2013) |
| 10/10/2013 | 1352 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Hearing held on 9/23/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Carol Ganley, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/4/2013. Redacted Transcript Deadline set for 11/15/2013. Release of Transcript Restriction set for 1/11/2014. (Rodriguez, Somari) (Entered: 10/10/2013) |
| 10/10/2013 | 1353 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Hearing proceeding held on 9/23/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 10/10/2013) |
| 10/10/2013 | 1354 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Hearing held on 9/24/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Carol Ganley, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/4/2013. Redacted Transcript Deadline set for 11/15/2013. Release of Transcript Restriction set for 1/11/2014. (Rodriguez, Somari) (Entered: 10/10/2013) |
| 10/10/2013 | 1355 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Hearing proceeding held on 9/24/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 10/10/2013) |
| 10/23/2013 | 1364 | CONSENT LETTER MOTION addressed to Judge Lewis A. Kaplan from Michael Ferrara dated 10/23/2013 re: Exclude Time. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 10/23/2013) |
| 10/24/2013 | 1365 | ORDER granting 1364 LETTER MOTION Exclude time. as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 10/24/2013) (Kaplan, Lewis) (Entered: 10/24/2013) |
| 10/25/2013 | 1367 | MEMO ENDORSEMENT as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth on re: 1364 CONSENT LETTER MOTION filed by United States of America, addressed to Judge Lewis A. Kaplan from AUSA Michael Ferrara dated 10/23/2013 re: Exclude Time. Requesting that the Court exclude from the Speedy Trial Act's operation the time between today and January 7, 2014 -- the date of the trial in this matter -- pursuant to 18 |

| | | |
|---|---|---|
| | | U.S.C. Section 3161(h)(7)(A). ENDORSEMENT: Granted for reasons stated. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 10/25/2013)(bw) (Entered: 10/25/2013) |
| 11/12/2013 | 1375 | SEALED DOCUMENT placed in vault. (mps) (Entered: 11/12/2013) |
| 11/12/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan:Telephone Conference as to Sulaiman Abu Ghayth held on 11/12/2013. Phone conference held. Defendant Sulaiman Abu Ghayth did participate, but attorney Stanley Cohen participated. AUSAs Michael Ferrara and Nicholas J. Lewin participated. Court reporter Eve Giniger present. Trial adjourned to begin1/21/14. Kaplan, J. (ajc) (Entered: 11/15/2013) |
| 11/12/2013 | | As to Sulaiman Abu Ghayth: Jury Trial adjourned to begin 1/21/2014 before Judge Lewis A. Kaplan. (Signed by Judge Lewis A. Kaplan on 11/12/2013)(ajc) (Entered: 11/15/2013) |
| 11/13/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Telephone Conference as to Sulaiman Abu Ghayth held on 11/13/2013. Phone conference held. Defendant Sulaiman Abu Ghayth did participate, but attorneys Stanley Cohen and Zoe Dolan participated. AUSAs Michael Ferrara, John Cronin and Nicholas J. Lewin present. Court reporter Tara Jones present. Kaplan, J. (ajc) (Entered: 11/18/2013) |
| 11/26/2013 | 1381 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Hearing held on 10/8/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Carol Ganley, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/20/2013. Redacted Transcript Deadline set for 12/30/2013. Release of Transcript Restriction set for 2/27/2014. (McGuirk, Kelly) (Entered: 11/26/2013) |
| 11/26/2013 | 1382 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Hearing proceeding held on 10/8/2013 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 11/26/2013) |
| 11/26/2013 | 1383 | ORDER: Defendant Sulaiman Abu Ghayth moves to dismiss the indictment against him,suppress various post-arrest statements, strike certain "prejudicial surplusage" from the indictment, receive additional discovery under Rule 16 and United States v. Brady, and for a bill of particulars. The portion of Abu Ghayth's motion seeking suppression of his post-arrest statements is addressedin a memorandum opinion of even date. The balance of his motion is addressed in this Order... Defendant's motions [DI 1263, DI 1272] are denied in all respects for the reasons set forth in this Order and in the memorandum opinion of even date. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/26/2013) (dnd) (Entered: 11/26/2013) |
| 11/26/2013 | 1384 | MEMORANDUM & OPINION: # 103782 As to Sulaiman Abu Ghayth. re: Sulaiman Abu Ghayth (Abu Ghayth), reputedly a son-in-law of Usama bin Laden, stands indicted for conspiring to kill Americans in violation of 18 U.S.C. § 2332(b). The matter isbefore the Court on defendants motion to suppress custodial statements made by him during a flight from Country X, where he was taken into federal custody, to New York. He contends that he was not given Miranda warnings, did not knowingly waive the rights of which those warnings advise, and that his statements in any case were not voluntary. These are the Courts findings and conclusions after a lengthy evidentiary hearing... For |

| | | |
|---|---|---|
| | | the foregoing reasons, the defendants omnibus motion [DI 1263] is denied with respect to his motion to suppress. The balance of the motion is denied in an Order of even date. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/26/2013)(dnd) Modified on 12/3/2013 (ca). (Entered: 11/26/2013) |
| 11/26/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Telephone Conference as to Sulaiman Abu Ghayth held on 11/26/2013. Defendant Abu Ghayth did not participate, but attorney Zoe Dolan participated. AUSAs Michael Ferrara, Nicholas J. Lewin, and Johan Cronan participated. Court reporter present. Trial start date adjourned to 2/3/14. Jury Department to administer questionnaires to the jury panel on 1/23/14. Counsel to return a list of jurors agreed by both sides to be excused by 1/29/14. Time from today through 2/3/14 is excluded from speedy trial calculations in the interests of justice. (jbo) (Entered: 12/02/2013) |
| 11/27/2013 | 1385 | LETTER by United States of America as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from John P. Cronan, Assistant United States Attorney dated 11/27/2013 re: The Government's Intent To Move For An Anonymous Jury Document filed by United States of America. (Cronan, John) (Entered: 11/27/2013) |
| 12/02/2013 | 1388 | ORDER as to Sulaiman Abu Ghayth. The trial is adjourned from January 21, 2014 to February 3, 2014. (Signed by Judge Lewis A. Kaplan on 12/2/2013)(jw) (Entered: 12/03/2013) |
| 12/04/2013 | 1389 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION for Anonymous Jury. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) Modified on 12/5/2013 (ka). (Entered: 12/04/2013) |
| 12/05/2013 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Michael Ferrara as to Sulaiman Abu Ghayth: to RE-FILE Document 1389 MOTION for Anonymous Jury. Use the document type Memorandum in Support of Motion found under the document list Replies, Opposition and Supporting Documents.***NOTE: First file Motion for Anonymous Jury, then re-file and link supporting Memorandum. (ka) (Entered: 12/05/2013) |
| 12/05/2013 | 1390 | MOTION for Anonymous Jury. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 12/05/2013) |
| 12/05/2013 | 1391 | MEMORANDUM in Support by United States of America as to Sulaiman Abu Ghayth re 1390 MOTION for Anonymous Jury.. (Ferrara, Michael) (Entered: 12/05/2013) |
| 12/09/2013 | 1392 | ENDORSED LETTER: as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Stanley L. Cohen, Esq. dated 12/4/2013 re: The undersigned returned to New York this week, from overseas travel on the Abu Ghaythmatter, to find the Government's letter of 27 November indicating its intention to make a formal application for an anonymous jury and partial sequestration.Please be advised that the Defendant intends to oppose such application; accordingly, counsel respectfully requests that the Court issue a briefing schedule order as to this issue. ENDORSEMENT: Defendant's opposition shall be filed on or before 12/17/2013. The government's reply shall be filed on or before 12/20/2013. Argument to be held 12/23/2013 at 10:00 a.m. (Signed by Judge Lewis A. Kaplan on 12/9/2013)(dnd) (Entered: 12/09/2013) |
| 12/11/2013 | 1394 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - JOINT MOTION for Extension of Time to File Proposed Jury Questionnaire modifications. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) Modified on 12/11/2013 (ka). (Entered: 12/11/2013) |

| 12/11/2013 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Stanley Lewis Cohen as to Sulaiman Abu Ghayth: to RE-FILE Document 1394 JOINT MOTION for Extension of Time to File Proposed Jury Questionnaire modifications. Use the document type Letter Motion found under the document list Motions. (ka) (Entered: 12/11/2013) |
|---|---|---|
| 12/11/2013 | 1395 | JOINT LETTER MOTION addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 11 December 2013 re: Extension of time in which to file Jury Questionnaire modifications. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 12/11/2013) |
| 12/11/2013 | 1396 | MOTION to Take Deposition from Salim Ahmed Hamdan pursuant to Rule 15. Document filed by Sulaiman Abu Ghayth. (Attachments: # 1 Text of Proposed Order Granting Rule 15 Motion, # 2 Proposed Letter Rogatory to Yemeni Authorities)(Cohen, Stanley) (Entered: 12/11/2013) |
| 12/11/2013 | 1397 | DECLARATION of Stanley L. Cohen in Support as to Sulaiman Abu Ghayth re: 1396 MOTION to Take Deposition from Salim Ahmed Hamdan pursuant to Rule 15.. (Attachments: # 1 Exhibit in Support of Declaration)(Cohen, Stanley) (Entered: 12/11/2013) |
| 12/11/2013 | 1398 | MEMORANDUM in Support by Sulaiman Abu Ghayth re 1396 MOTION to Take Deposition from Salim Ahmed Hamdan pursuant to Rule 15.. (Cohen, Stanley) (Entered: 12/11/2013) |
| 12/12/2013 | 1399 | MEMO ENDORSEMENT granting 1395 LETTER MOTION To request an extension of time for both parties to submit to Your Honor our respective positions on the proposed jury questionnaire as to Sulaiman Abu Ghayth (26)...ENDORSEMENT..Time excluded to and including 12/20/13. (Signed by Judge Lewis A. Kaplan on 12/12/2013) (jw) (Main Document 1399 replaced on 12/12/2013) (Mohan, Andrew). (Entered: 12/12/2013) |
| 12/18/2013 | 1405 | MEMORANDUM in Opposition by Sulaiman Abu Ghayth re 1390 MOTION for Anonymous Jury.. (Stewart, Geoffrey) (Entered: 12/18/2013) |
| 12/18/2013 | 1406 | CONSENT LETTER MOTION addressed to Judge Lewis A. Kaplan from Michael Ferrara dated 12/18/2013 re: Proposing Schedule for Rule 15 Briefing. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 12/18/2013) |
| 12/18/2013 | 1407 | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Stanley L. Cohen, Esq dated 12/17/2013 re: To advise the Court that Mr. Abu Ghayth would prefer to be excused from the appearance scheduled for 23 December, for oral argument on the Government's application for an anonymous jury. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 12/18/2013)(jw) (Entered: 12/18/2013) |
| 12/18/2013 | 1408 | MEMO ENDORSEMENT granting 1406 LETTER MOTION The Government writes with respect to defendant Sulaiman Abu Ghayth's motion, filed on December 11, 2013, for Letters Rogatory and Rule 15 Deposition of Salim Ahmed Hamdan, the Government proposes the following schedule for briefing of that motion, and to file its own motion respecting the taking of testimony via video link: the Government's reply and filing of its motion no later than December 20, 2013; the defendant's reply and response by December 31, 2013; and the Government' s reply, if any, no later than January 6, 2104...ENDORSEMENT..Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 12/18/20113) (jw) (Entered: 12/18/2013) |
| 12/20/2013 | 1409 | (S14) SUPERSEDING INDICTMENT FILED as to Sulaiman Abu Ghayth (26) |

| | | count(s) 1s, 2s, 3s. (jbo) (Entered: 12/20/2013) |
|---|---|---|
| 12/20/2013 | 1410 | REPLY MEMORANDUM OF LAW in Support by United States of America as to Sulaiman Abu Ghayth re: 1390 MOTION for Anonymous Jury.. (Ferrara, Michael) (Entered: 12/20/2013) |
| 12/21/2013 | 1411 | MOTION in Limine To Offer the Testimony of a Witness Via CCTV or Rule 15 Deposition, and Memorandum in Opposition to Defendant's Motion for a Rule 15 Deposition of Salim Ahmed Hamdan. Document filed by United States of America as to Sulaiman Abu Ghayth. (Attachments: # 1 Affidavit Declaration of Nicholas J. Lewin) (Lewin, Nicholas) (Entered: 12/21/2013) |
| 12/23/2013 | 1412 | PROPOSED EXAMINATION OF JURORS by United States of America as to Sulaiman Abu Ghayth. (Cronan, John) (Entered: 12/23/2013) |
| 12/23/2013 | 1413 | PROPOSED EXAMINATION OF JURORS by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 12/23/2013) |
| 12/23/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Arraignment as to Sulaiman Abu Ghayth (26) Count 1s,2s,3s held on 12/23/2013. Plea entered by Sulaiman Abu Ghayth (26) Count 1s,2s,3s Not Guilty. Defendant Sulaiman Abu Ghayth present with attorneys Stanley Cohen, Geoffrey Stewart, and Zoe Dolan present. AUSAs Michael Ferrara, Johan Cronan, and Nicholas J. Lewin present. Court reporter Jennifer Thun present. Arabic Interpreter Marwan Abdel Rahman present. Defendant arraigned on the (S14) indictment and entered a plea of not guilty. Defendant remained remanded. (jbo) (Entered: 12/27/2013) |
| 12/23/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Curcio Hearing as to Sulaiman Abu Ghayth held on 12/23/2013. Defendant Sulaiman Abu Ghayth present with attorneys Stanley Cohen, Geoffrey Stewart, and Zoe Dolan present. AUSAs Michael Ferrara, Johan Cronan, and Nicholas J. Lewin present. Court reporter Jennifer Thun present. Arabic Interpreter Marwan Abdel Rahman present. Curcio hearing begun and to be concluded on 1/7/14 at 11:00am. Defendant remained remanded. (jbo) (Entered: 12/27/2013) |
| 12/23/2013 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Oral Argument as to Sulaiman Abu Ghayth held on 12/23/2013 re: 1411 MOTION in Limine To Offer the Testimony of a Witness Via CCTV or Rule 15 Deposition, and Memorandum in Opposition to Defendant's Motion for a Rule 15 Deposition of Salim Ahmed Hamdan filed by United States of America. Defendant Sulaiman Abu Ghayth present with attorneys Stanley Cohen, Geoffrey Stewart, and Zoe Dolan present. AUSAs Michael Ferrara, Johan Cronan, and Nicholas J. Lewin present. Court reporter Jennifer Thun present. Arabic Interpreter Marwan Abdel Rahman present. Governments motion for anonymous jury was granted. Defendant remained remanded. (jbo) (Entered: 12/27/2013) |
| 12/30/2013 | 1416 | LETTER MOTION addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 12/30/13 re: Leave to Expand the Record as to Application for Continuance, with Exhibits. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 12/30/2013) |
| 12/31/2013 | 1417 | REPLY TO RESPONSE to Motion by Sulaiman Abu Ghayth re 1396 MOTION to Take Deposition from Salim Ahmed Hamdan pursuant to Rule 15.. (Cohen, Stanley) (Entered: 12/31/2013) |
| 12/31/2013 | 1418 | RESPONSE in Opposition by Sulaiman Abu Ghayth re: 1411 MOTION in Limine To Offer the Testimony of a Witness Via CCTV or Rule 15 Deposition, and Memorandum in |

| | | Opposition to Defendant's Motion for a Rule 15 Deposition of Salim Ahmed Hamdan.. (Cohen, Stanley) (Entered: 12/31/2013) |
|---|---|---|
| 12/31/2013 | 1419 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - RESPONSE in Opposition by Sulaiman Abu Ghayth re: 1411 MOTION in Limine To Offer the Testimony of a Witness Via CCTV or Rule 15 Deposition, and Memorandum in Opposition to Defendant's Motion for a Rule 15 Deposition of Salim Ahmed Hamdan.. EXHIBITS IN SUPPORT OF THE DEFENDANT'S RESPONSE (Cohen, Stanley) Modified on 1/2/2014 (ka). (Entered: 12/31/2013) |
| 01/02/2014 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Stanley Lewis Cohen as to Sulaiman Abu Ghayth: to RE-FILE Document 1419 Response in Opposition to Motion. Use the document type Exhibit List found under the document list Trial Documents. (ka) (Entered: 01/02/2014) |
| 01/02/2014 | 1420 | EXHIBIT LIST by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 01/02/2014) |
| 01/02/2014 | 1421 | MEMORANDUM OPINION #103861 as to Sulaiman Abu Ghayth re: 1293 MOTION to Suppress Out of Court Identification and Preclude In Court Identification filed by Sulaiman Abu Ghayth. The government seeks to introduce at trial against defendant Sulaiman Abu Ghayth (Abu Ghayth) evidence of two out-of-court identifications made by a cooperating witness (CW) and an anticipated in-court identification by the same witness. Abu Ghayth moves to suppress the out-of-court identification and preclude in-court identification or, in the alternative, for an evidentiary hearing under United States v. Wade. For the foregoing reasons, Abu Ghayths motion to suppress [DI 1293] is denied. (Signed by Judge Lewis A. Kaplan on 1/2/2014)(jw) Modified on 1/9/2014 (ca). (Entered: 01/02/2014) |
| 01/06/2014 | 1422 | CONSENT MOTION for Leave to File Ex Parte Affirmation in Support of Motion to Continue. Document filed by Sulaiman Abu Ghayth. Return Date set for 1/6/2014 at 04:00 PM. (Attachments: # 1 Text of Proposed Order)(Cohen, Stanley) (Entered: 01/06/2014) |
| 01/06/2014 | 1423 | AFFIRMATION of Stanley L. Cohen in Support as to Sulaiman Abu Ghayth re 1422 CONSENT MOTION for Leave to File Ex Parte Affirmation in Support of Motion to Continue.. (Cohen, Stanley) (Entered: 01/06/2014) |
| 01/06/2014 | 1424 | ORDER granting 1390 Motion as to Sulaiman Abu Ghayth (26). The government moves for an anonymous jury empaneled in this case and for related juror protections. Accordingly, the government's motion [DI 1390] is granted in all respects. (Signed by Judge Lewis A. Kaplan on 1/6/2014) (jw) (Entered: 01/06/2014) |
| 01/06/2014 | 1425 | MOTION to Continue Trial Schedule. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 01/06/2014) |
| 01/06/2014 | 1426 | AFFIRMATION of Stanley L. Cohen in Support as to Sulaiman Abu Ghayth re 1425 MOTION to Continue Trial Schedule.. (Cohen, Stanley) (Entered: 01/06/2014) |
| 01/06/2014 | 1427 | MEMORANDUM in Support by Sulaiman Abu Ghayth re 1425 MOTION to Continue Trial Schedule.. (Cohen, Stanley) (Entered: 01/06/2014) |
| 01/06/2014 | 1428 | SECOND MOTION Dismiss, Sever, Renew Pursuant to Rule 16 re 1409 Indictment and for Omnibus Relief. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 01/06/2014) |
| 01/06/2014 | 1429 | AFFIRMATION of Stanley L. Cohen in Support as to Sulaiman Abu Ghayth re 1428 SECOND MOTION Dismiss, Sever, Renew Pursuant to Rule 16 re 1409 Indictment and for Omnibus Relief.. (Cohen, Stanley) (Entered: 01/06/2014) |

A-33

| 01/06/2014 | 1430 | MEMORANDUM in Support by Sulaiman Abu Ghayth re 1428 SECOND MOTION Dismiss, Sever, Renew Pursuant to Rule 16 re 1409 Indictment and for Omnibus Relief.. (Cohen, Stanley) (Entered: 01/06/2014) |
|---|---|---|
| 01/06/2014 | 1431 | SECOND MOTION to Suppress Identification Testimony. Document filed by Sulaiman Abu Ghayth. (Stewart, Geoffrey) (Entered: 01/06/2014) |
| 01/06/2014 | 1432 | MEMORANDUM in Support by Sulaiman Abu Ghayth re 1431 SECOND MOTION to Suppress Identification Testimony.. (Stewart, Geoffrey) (Entered: 01/06/2014) |
| 01/06/2014 | 1433 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - REPLY AFFIDAVIT in Support by United States of America as to Sulaiman Abu Ghayth re: 1411 MOTION in Limine To Offer the Testimony of a Witness Via CCTV or Rule 15 Deposition, and Memorandum in Opposition to Defendant's Motion for a Rule 15 Deposition of Salim Ahmed Hamdan.. (Lewin, Nicholas) Modified on 1/7/2014 (ka). (Entered: 01/06/2014) |
| 01/07/2014 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Nicholas James Lewin as to Sulaiman Abu Ghayth: to RE-FILE Document 1433 Reply Affidavit in Support of Motion. Use the document type Reply to Response to Motion found under the document list Replies, Oppositions and Supporting Documents. (ka) (Entered: 01/07/2014) |
| 01/07/2014 | 1434 | ORDER granting 1422 Motion for Leave to File as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 1/6/2014) (Kaplan, Lewis) (Entered: 01/07/2014) |
| 01/07/2014 | 1435 | MEMO ENDORSEMENT as to (98-Cr-1023-26) Sulaiman Abu Ghayth on re: 1416 LETTER MOTION addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 12/30/2013 re: Leave to Expand the Record as to Application for Continuance, with Exhibits. ENDORSEMENT: On December 20, 2013, with trial of this defendant set for February 3, 2014, the government filed the fourteenth superseding indictment in this case ("S14"). S14 adds two additional counts to the count in the previously operative indictment of this defendant. Three days later, on December 23, 2013, defendant's counsel, Mr. Cohen, at a conference called for other purposes, made a lengthy and discursive oral application for a 60 day continuance of the trial for the purpose among others of making motions with respect to S14. The Court did not rule on the oral motion, but directed that any motions with respect to S14 be made by January 6, 2014. It stated that "then we'll see where we are," Tr., Dec. 23, 2013, at 33, an obvious reference to the oral motion for a continuance. One week later, Mr. Cohen on December 30, 2013, filed this letter lengthy letter for the stated "purpose of expanding upon issues raised during [the] appearance... on 23 December, and in support of defense's application at that time for a continuance of sixty days." DI 1416. Rather than simply sending the letter to the Court and opposing counsel, however, he docketed electronically as a letter motion, thus creating a second pending motion. Then, on January 6, 2014, Mr. Cohen filed yet another motion for a 60 day continuance of the trial. DI 1425. These papers are substantially duplicative of the December 23 oral presentation and the December 30. Moreover, because Mr. Cohen has presented his arguments in a piecemeal and somewhat helter-skelter fashion, three motions for the same continuance on the same grounds are pending on the docket -- the oral motion of December 23, the letter motion of December 30, and the normal written motion of January 6. This sort of advocacy is confusing to and unnecessarily burdensome for adversaries and the Court. It creates confusion as to when responsive papers are due. It multiplies the number of motions pending. It is not to be repeated. In the circumstances, the Court on this occasion will consider everything that defendant's counsel has put before it in all three motions. To the extent new arguments or facts have been put forward, they will be treated as having been made on the dates on which they first were |

A-34

| | | made. For the sake of good order, however, the oral motion of December 23, 2013 and the letter motion of December 30, 2013 [DI 1416] both are denied without prejudice. The only remaining open motion with respect to the trial date is that of January 6, DI 1425. That will be decided in due course, once the government has responded. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 1/7/2014)(bw) (Entered: 01/07/2014) |
|---|---|---|
| 01/07/2014 | 1436 | REPLY TO RESPONSE to Motion by United States of America as to Sulaiman Abu Ghayth re 1411 MOTION in Limine To Offer the Testimony of a Witness Via CCTV or Rule 15 Deposition, and Memorandum in Opposition to Defendant's Motion for a Rule 15 Deposition of Salim Ahmed Hamdan.. (Lewin, Nicholas) (Entered: 01/07/2014) |
| 01/07/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Curcio Hearing as to Sulaiman Abu Ghayth held on 1/7/2014. Defendant Sulaiman Abu Ghayth present with attorneys Stanley Cohen and Geoffrey Stewart. AUSAs Michael Ferrara, John Cronan, and Nicholas J. Lewin present. Court reporter Karen Gorleski present. Arabic interpreters Marwan Abdel-Rahman and Fouad El Shiekh present. Curcio hearing concluded. Oral argument on defendants Rule 15 motions and the Governments motion to introduce testimony by CCTV heard. Decision reserved on both motions. Defendant remained detained. Kaplan, J. (ajc) (Entered: 01/10/2014) |
| 01/08/2014 | 1437 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 12/23/13 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Jennifer Thun, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/3/2014. Redacted Transcript Deadline set for 2/13/2014. Release of Transcript Restriction set for 4/11/2014. (Rodriguez, Somari) (Entered: 01/08/2014) |
| 01/08/2014 | 1438 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 12/23/13 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 01/08/2014) |
| 01/08/2014 | 1440 | ORDER as to (S13-98-Cr-1023-26) Sulaiman Abu Ghayth. 1. Defendant's motion for a continuance of the trial [DI 1425] is granted to the following extent that the commencement of the trial (which is to say, the commencement of the voir dire examination of prospective jurors in open court) is continued from February 3 until February 24, 2014. 2. Prospective jurors will be summoned for the purpose of completing questionnaires on February 18 and 19, 2014. 3. Completed questionnaires will be made available to the government, copied by it, and copies furnished by it to defendant's counsel no later than 10 a.m. on February 20, 2014. 4. Counsel shall furnish to the jury department, no later than 9 a.m. on February 21, 2014, a joint list, in juror number order, of those prospective jurors whom they agree shall be excused from service in this case. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 1/8/2014) (bw) (Entered: 01/08/2014) |
| 01/13/2014 | 1441 | ORDER as to Sulaiman Abu Ghayth. Defendant moves under Rule 15 to take the deposition of Salim Ahmed Hamdan. Defendant must respond within two days of the posting of this order whether, if the Court were to grant the motion in whole or in part and permit defendant's observation through simultaneous audio and video transmission, he waives any right to be present at the witness's location during the deposition. (Signed by Judge Lewis A. Kaplan on 1/13/14)(jw) (Entered: 01/13/2014) |

| 01/13/2014 | 1443 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/13/2014) |
|---|---|---|
| 01/13/2014 | 1444 | MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1431 SECOND MOTION to Suppress Identification Testimony., 1428 SECOND MOTION Dismiss, Sever, Renew Pursuant to Rule 16 re 1409 Indictment and for Omnibus Relief.. (Cronan, John) (Entered: 01/13/2014) |
| 01/13/2014 | 1445 | DECLARATION of John P. Cronan in Opposition by United States of America as to Sulaiman Abu Ghayth re: 1431 SECOND MOTION to Suppress Identification Testimony., 1428 SECOND MOTION Dismiss, Sever, Renew Pursuant to Rule 16 re 1409 Indictment and for Omnibus Relief.. (Cronan, John) (Entered: 01/13/2014) |
| 01/14/2014 | 1446 | LETTER by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 14 January 2014 re: Order 13 January, DI 1441, Waiver pursuant to Rule 15 (Cohen, Stanley) (Entered: 01/14/2014) |
| 01/15/2014 | 1447 | MEMORANDUM OPINION as to Sulaiman Abu Ghayth re 103888: 1411 MOTION in Limine To Offer the Testimony of a Witness Via CCTV or Rule 15 Deposition, and Memorandum in Opposition to Defendant's Motion for a Rule 15 Deposition of Salim Ahmed Hamdan filed by United States of America. For the foregoing reasons, the governments motion to offer the CWs testimony through CCTV [DI 1411] is granted. (Signed by Judge Lewis A. Kaplan on 1/15/14)(jw) Modified on 1/22/2014 (nt). (Entered: 01/15/2014) |
| 01/15/2014 | 1632 | INTERNET CITATION NOTE as to Sulaiman Abu Ghayth: Material from decision with Internet citation re: 1447 Memorandum & Opinion. (fk) (Entered: 06/10/2014) |
| 01/16/2014 | 1448 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Oral Argument held on 1/7/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Karen Gorlaski, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/10/2014. Redacted Transcript Deadline set for 2/21/2014. Release of Transcript Restriction set for 4/21/2014. (Rodriguez, Somari) (Entered: 01/16/2014) |
| 01/16/2014 | 1449 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Oral Argument proceeding held on 1/7/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 01/16/2014) |
| 01/16/2014 | 1450 | LETTER by United States of America as to (S14-98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from AUSAs John P. Cronan, Nicholas J. Lewin, Michael Ferrara, dated January 7, 2014 re: The Government writes with respect to the Court's "Draft Instruction to Prospective Jurors in Abu Ghayth" ("Proposed Instructions"), which was provided to the parties at the pre-trial conference held on December 23, 2013. The Government has no objection to the Proposed Instructions. But the Government does request that one change be made to the one-sentence description of the charges against the defendant. Document filed by United States of America. (bw) (Entered: 01/16/2014) |
| 01/16/2014 | 1451 | LETTER by United States of America as to (S14-98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from AUSAs John P. Cronan, Nicholas J. Lewin, Michael Ferrara, dated January 7, 2014 re: The Government writes respectfully |

A-36

| | | |
|---|---|---|
| | | in opposition to the defendant's January 6, 2013 motion for an adjournment of the trial. Document filed by United States of America. (bw) (Entered: 01/16/2014) |
| 01/31/2014 | 1456 | MOTION for a Witness to Testify by Pseudonym and for Other Protective Relief. Document filed by United States of America as to Sulaiman Abu Ghayth. (Cronan, John) (Entered: 01/31/2014) |
| 01/31/2014 | 1457 | MEMORANDUM in Support by United States of America as to Sulaiman Abu Ghayth re 1456 MOTION for a Witness to Testify by Pseudonym and for Other Protective Relief.. (Attachments: # 1 Exhibit A)(Cronan, John) (Entered: 01/31/2014) |
| 01/31/2014 | 1458 | PROTECTIVE ORDER as to Sulaiman Abu Ghayth...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Lewis A. Kaplan on 1/30/2014)(dnd) (Entered: 01/31/2014) |
| 01/31/2014 | 1459 | LETTER by United States of America as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Nicholas J. Lewin dated 1/28/2014 re: The Government writes respectfully to inform the Court regarding a recent revision to the translation of a video quoted in a footnote of its motion to remotely take the testimony of a witness located in the United Kingdom ("Witness"). Document filed by United States of America. (dnd) (Entered: 01/31/2014) |
| 01/31/2014 | 1461 | ORDER: Substantially for the reasons set forth in the government's opposition brief, defendant's second motion to suppress [DI 1431] and second omnibus motion [DI 1428] are denied. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 1/31/2014) (dnd) (Entered: 01/31/2014) |
| 01/31/2014 | 1462 | MOTION to Preclude Proposed Expert Witness. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 01/31/2014) |
| 01/31/2014 | 1463 | ORDER: As to Sulaiman Abu Ghayth. With defendant's consent, the government filed a classified document, dated today, requesting certain relief. The government's request is granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 1/31/2014)(dnd) (Entered: 01/31/2014) |
| 01/31/2014 | 1464 | MEMORANDUM in Support by Sulaiman Abu Ghayth re 1462 MOTION to Preclude Proposed Expert Witness.. (Attachments: # 1 Exhibit CV of proposed witness)(Cohen, Stanley) (Entered: 01/31/2014) |
| 01/31/2014 | 1465 | AFFIRMATION of Stanley L. Cohen in Support as to Sulaiman Abu Ghayth re 1462 MOTION to Preclude Proposed Expert Witness.. (Cohen, Stanley) (Entered: 01/31/2014) |
| 02/04/2014 | 1468 | MOTION to Compel Defense Department to Allow Access to Detainee. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 02/04/2014) |
| 02/04/2014 | 1469 | DECLARATION of Stanley L. Cohen in Support as to Sulaiman Abu Ghayth re: 1468 MOTION to Compel Defense Department to Allow Access to Detainee.. (Cohen, Stanley) (Entered: 02/04/2014) |
| 02/04/2014 | 1470 | FILING ERROR - DUPLICATE DOCKET ENTRY - MEMORANDUM in Support by Sulaiman Abu Ghayth re 1468 MOTION to Compel Defense Department to Allow Access to Detainee.. (Cohen, Stanley) Modified on 2/5/2014 (db). (Entered: 02/04/2014) |
| 02/04/2014 | 1471 | MEMORANDUM in Support by Sulaiman Abu Ghayth re 1468 MOTION to Compel Defense Department to Allow Access to Detainee.. (Attachments: # 1 Exhibit)(Cohen, Stanley) (Entered: 02/04/2014) |
| 02/04/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference as |

A-37

| | | |
|---|---|---|
| | | to Sulaiman Abu Ghayth held on 2/4/2014. Defendant Sulaiman Abu Ghayth present with attorneys Stanley Cohen, Zoe Dolan, and Geoffrey Stewart. AUSAs Michael Ferrara, John Cronan, and Nicholas J. Lewin present. Court reporter Rebecca Forman present. Arabic interpreter Marwan Abdel-Rahman present. Conference re CCTV testimony held. Defendant remained detained. (jbo) (Entered: 02/10/2014) |
| 02/05/2014 | 1472 | SEALED DOCUMENT placed in vault. (nm) (Entered: 02/05/2014) |
| 02/07/2014 | 1473 | MEMORANDUM in Opposition by Sulaiman Abu Ghayth re 1456 MOTION for a Witness to Testify by Pseudonym and for Other Protective Relief.. (Cohen, Stanley) (Entered: 02/07/2014) |
| 02/10/2014 | 1474 | MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1462 MOTION to Preclude Proposed Expert Witness.. (Attachments: # 1 Exhibit A (draft expert report), # 2 Exhibit B (curriculum vitae), # 3 Exhibit C (Paracha Daubert transcript))(Ferrara, Michael) (Entered: 02/10/2014) |
| 02/10/2014 | 1475 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MEMORANDUM in Opposition by Sulaiman Abu Ghayth re 1456 MOTION for a Witness to Testify by Pseudonym and for Other Protective Relief.. Re-filed per instructions of Court, with redacting (Cohen, Stanley) Modified on 2/11/2014 (ka). (Entered: 02/10/2014) |
| 02/11/2014 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Stanley Lewis Cohen as to Sulaiman Abu Ghayth: to RE-FILE Document 1475 Memorandum in Opposition to Motion. Use the document type Response in Opposition to Motion found under the document list Replies, Opposition and Supporting Documents. (ka) (Entered: 02/11/2014) |
| 02/11/2014 | 1476 | RESPONSE in Opposition by Sulaiman Abu Ghayth re: 1456 MOTION for a Witness to Testify by Pseudonym and for Other Protective Relief.. (Cohen, Stanley) (Entered: 02/11/2014) |
| 02/11/2014 | 1481 | REPLY MEMORANDUM OF LAW in Support by United States of America as to Sulaiman Abu Ghayth re: 1456 MOTION for a Witness to Testify by Pseudonym and for Other Protective Relief.. (Cronan, John) (Entered: 02/11/2014) |
| 02/11/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Pretrial Conference as to Sulaiman Abu Ghayth held on 2/11/2014. Defendant Sulaiman Abu Ghayth not present but attorneys Stanley Cohen and Geoffrey Stewart present. AUSAs Michael Ferrara, John Cronan, and Adam Fee present. Court reporter Linda Fisher present. Conference held. The next conference will be held on Thursday, 2/13/14 at 2:00pm. (jbo) (Entered: 02/14/2014) |
| 02/13/2014 | 1482 | MEMO ENDORSEMENT as to (S14-98-CR-1023-26) Sulaiman Abu Ghayth on "Government's Motion For A Witness To Testify At Trial Under A Pseudonym And Other Related Protective Measures". ENDORSEMENT: Motion denied for substantially the reasons stated in open court this day. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/13/2014)(bw) (Entered: 02/13/2014) |
| 02/13/2014 | 1483 | MEMO ENDORSEMENT as to (98-Cr-1023-26) Sulaiman Abu Ghayth on "Notice Of Motion" filed by Attorney Stanley L. Cohen dated January 28, 2014 re: Defendant moves for the entry of an order excluding the proposed testimony of Evan F. Kohlmann, or in the alternative, ordering a Daubert hearing under Federal Rule of Evidence 104(a). ENDORSEMENT: Motion denied without prejudice to renewal at trial. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/13/2014)(bw) (Entered: 02/13/2014) |
| 02/13/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Oral Argument as to |

| | | |
|---|---|---|
| | | Sulaiman Abu Ghayth held on 2/13/2014 re: <u>1456</u> MOTION for a Witness to Testify by Pseudonym and for Other Protective Relief filed by United States of America. Defendant Sulaiman Abu Ghayth not present but attorneys Stanley Cohen and Geoffrey Stewart present. AUSAs Michael Ferrara, John Cronan, and Nicholas Lewin present. Court reporter Sam Mauro present. Oral argument regarding the governments motion for a witness to testify by pseudonym and for other protective relief (DI#1456) was heard and the motion was denied by the Court. A deadline for attorney Zoe Dolans response to the outstanding classified letter was set for Monday, 2/17/14. (jbo) (Entered: 02/18/2014) |
| 02/18/2014 | <u>1487</u> | MOTION to Continue Jury Trial. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 02/18/2014) |
| 02/18/2014 | <u>1488</u> | MEMORANDUM in Support by Sulaiman Abu Ghayth re <u>1487</u> MOTION to Continue Jury Trial.. with Exhibits under Protective Order omitted (Cohen, Stanley) (Entered: 02/18/2014) |
| 02/18/2014 | <u>1489</u> | LETTER by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Zoe Dolan dated 2/18/2014 re: Status Of Pending Classified Issues (Dolan, Zoe) (Entered: 02/18/2014) |
| 02/18/2014 | <u>1492</u> | MOTION to Preclude Audio Recording. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 02/18/2014) |
| 02/18/2014 | <u>1493</u> | MEMORANDUM in Support by Sulaiman Abu Ghayth re <u>1492</u> MOTION to Preclude Audio Recording.. with Exhibits (Attachments: # <u>1</u> Exhibit Expert Report, Exhibit A, # <u>2</u> Exhibit Expert CV, Exhibit B)(Cohen, Stanley) (Entered: 02/18/2014) |
| 02/19/2014 | <u>1494</u> | ORDER as to Sulaiman Abu Ghayth. WHEREAS, on February 4, 2014, defendant Sulaiman Abu Ghayth, a!k/a "Salman Abu Gayth" ("Abu Ghayth" or the "defendant") filed a motion seeking an order compelling the United States Department of Defense to allow a representative of the defense with sufficientsecurity clearance to interview Khalid Sheikh Mohammed ("Mohammed"), an individual currently detained at the U.S. naval base at Guantanamo Bay, Cuba. NOW, THEREFORE, IT IS HEREBY ORDERED that the defendant be permitted accessto Mohammed under the following agreed-upon terms and conditions Defense counsel will prepare written questions for submission to Mohammed. The subject matter of the written questions will be limited to information directly material to Abu Ghayth's defense, focused on the specific time period at issue, in accordance with the "need-to-know" requirement set forth in Executive Order 13,526 § 4.1. The questions may not address any aspect of Mohammed's detention prior to his arrival at Guantanamo Bay, and they may not address security procedures at Guantanamo Bay, including names of U.S. Government personnel, the layout of camp facilities, and the status of other detainees ("Protected Information"). The questions also may not address any ongoing or completed military, intelligence, security, or law-enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency, or current political events in any country that are not directly related to counsel's representation of Abu Ghayth ("Additional Protected Information"). (Signed by Judge Lewis A. Kaplan on 2/19/2014) (jw) (Entered: 02/19/2014) |
| 02/19/2014 | 1495 | SEALED DOCUMENT placed in vault. (nm) (Entered: 02/19/2014) |
| 02/19/2014 | <u>1496</u> | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Nicholas J. Lewin dated 2/14/2014 re: Pursuant to the Court's direction made during the February 4, 2014 conference, the Government writes, jointly with counsel for the defendant, to propose agreed-upon arrangements for the closed-circuit trial testimony from the United Kingdom of a cooperating witness ("Witness"). |

A-39

Case 14-3674, Document 98-10, 12/12/2014, 1382358, Page86 of 106

| | | |
|---|---|---|
| | | Specifically, the parties jointly propose the following procedure be followed during the testimony of the Witness... ENDORSEMENT: Approved. (Signed by Judge Lewis A. Kaplan on 2/19/2014)(dnd) (Entered: 02/19/2014) |
| 02/19/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Pretrial Conference as to Sulaiman Abu Ghayth held on 2/19/2014. Defendant Sulaiman Abu Ghayth not present but attorneys Stanley Cohen and Geoffrey Stewart present. AUSA Nicholas J. Lewin present. Court reporter Alena Lynch present. Jury selection and trial commencement adjourned until Monday, 3/3/2014 at 9:30am. (jbo) (Entered: 02/19/2014) |
| 02/19/2014 | 1497 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/20/2014) |
| 02/20/2014 | 1499 | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Nicholas J. Lewin dated 2/19/2014 re: The Government respectfully submits this letter to request an exclusion of time from today, February 19,2014 through March 3, 2014, pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161 (h)(7)(A). ENDORSEMENT: "Time is excluded as requested. The interest of justice served thereby outweigh the interest of the defendant and the public in a speedy trial for the reasons stated." SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/20/2014)(dnd) (Entered: 02/20/2014) |
| 02/21/2014 | 1500 | ORDER: As to Sulaiman Abu Ghayth. The Defendant Sulaiman Abu Ghayth, through his attorneys Stanley L. Cohen, Geoffrey S. Stewart, Zoe Dolan, and Ashraf Nubani, has made application to the Court for an order: directing the Bureau of Prisons, the Metropolitan Corrections Center, and its agents and representatives to permit the Defendant to possess two suits during the course of the trial, which he may wear when in the courtroom; and directing the United States Marshals Service, its officers and representatives, to permit the Defendant to wear a suit when in the courtroom, during the course of the trial. The defense application is hereby GRANTED. IT IS SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/21/2014)(dnd) (Entered: 02/21/2014) |
| 02/21/2014 | 1501 | ORDER: As to Sulaiman Abu Ghayth. The parties shall advise the Court by joint letter no later than February 26, 2014 at 4 p.m. of the numbers (in order) of those prospective jurors who indicated that service on this case would be a hardship and whom the parties did not excuse by agreement. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/21/2014)(dnd) (Entered: 02/21/2014) |
| 02/21/2014 | 1502 | MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1492 MOTION to Preclude Audio Recording.. (Attachments: # 1 Exhibit A (transcript of recording), # 2 Exhibit B (stipulation), # 3 Exhibit C (defense report), # 4 Exhibit D (time-stamped transcript))(Ferrara, Michael) (Entered: 02/21/2014) |
| 02/26/2014 | 1503 | Request To Charge by United States of America as to Sulaiman Abu Ghayth. (Lewin, Nicholas) (Entered: 02/26/2014) |
| 02/26/2014 | 1504 | LETTER MOTION addressed to Judge Lewis A. Kaplan from Zoe Dolan dated 2/26/2014 re: Motion to Renew Motions To Dismiss, for a BoP, to Continue the Trial, and to Compel Brady Disclosure. Document filed by Sulaiman Abu Ghayth. (Attachments: # 1 Exhibit A)(Dolan, Zoe) (Entered: 02/26/2014) |
| 02/27/2014 | 1505 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 2/19/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Alena Lynch, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/24/2014. |

| | | |
|---|---|---|
| | | Redacted Transcript Deadline set for 4/3/2014. Release of Transcript Restriction set for 6/2/2014. (Rodriguez, Somari) (Entered: 02/27/2014) |
| 02/27/2014 | 1506 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 2/19/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 02/27/2014) |
| 02/28/2014 | 1508 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1504 LETTER MOTION addressed to Judge Lewis A. Kaplan from Zoe Dolan dated 2/26/2014 re: Motion to Renew Motions To Dismiss, for a BoP, to Continue the Trial, and to Compel Brady Disclosure.. (Lewin, Nicholas) Modified on 2/28/2014 (ka). (Entered: 02/28/2014) |
| 02/28/2014 | 1509 | ENDORSED LETTER as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from John P. Cronan and Nicholas J. Lewin and Michael Ferrara dated 2/27/14 re: Accordingly, the Government requests permission to publish the Exhibit during its opening. The Government has solicited defense consent for this request the defense has declined to consent..ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/28/14)(jw) (Entered: 02/28/2014) |
| 02/28/2014 | 1510 | FIFTH LETTER MOTION addressed to Judge Lewis A. Kaplan from Michael Ferrara dated 2/28/14 re: re: Defense Rule 15 motion. Document filed by United States of America as to Sulaiman Abu Ghayth. (Attachments: # 1 Exhibit A)(Ferrara, Michael) (Entered: 02/28/2014) |
| 02/28/2014 | 1511 | MEMORANDUM AND ORDER as to Sulaiman Abu Ghayth. The defendant moved in limine to preclude Evan Kohlmann's expert testimony concerning the history and structure of al Qaeda. He argues that the proposed testimony is not necessary for the jury to understand the evidence presented at trial, that Kohlmann's methodology is not "legitimate," and that his testimony would be irrelevant and unduly prejudicial. The Court denied the motion in open court and now writes to expand upon the basis for that ruling. The Court shall terminate defendant's motion [DI 1462]. (Signed by Judge Lewis A. Kaplan on 2/28/14)(jw) (Entered: 02/28/2014) |
| 02/28/2014 | 1512 | FIRST LETTER MOTION addressed to Judge Lewis A. Kaplan from Michael Ferrara dated 2/17/14 re: Defense Rule 15 Motion. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 02/28/2014) |
| 02/28/2014 | 1513 | SECOND LETTER MOTION addressed to Judge Lewis A. Kaplan from Michael Ferrara dated 2/18/14 re: Defense Rule 15 Motion. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 02/28/2014) |
| 02/28/2014 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Nicholas James Lewin as to Sulaiman Abu Ghayth: to RE-FILE Document 1508 Memorandum in Opposition to Motion. Use the document type Response to Motion found under the document list Replies, Opposition and Supporting Documents. (ka) (Entered: 02/28/2014) |
| 02/28/2014 | 1514 | ORDER as to Sulaiman Abu Ghayth. The defendant moves in limine to preclude the introduction at trial of a recording of a purported June 2002 interview in which he made certain statements. He argues that the recordingis not entirely authentic or relevant and that its introduction would be overly prejudicial. Accordingly, the defendant's motion |

| | | [DI 1492] is denied without prejudice to a renewal at trial. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 2/28/2014)(jw) (Entered: 02/28/2014) |
|---|---|---|
| 02/28/2014 | 1515 | THIRD LETTER MOTION addressed to Judge Lewis A. Kaplan from John P. Cronan dated 2/26/14 re: Defense Rule 15 Motion. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 02/28/2014) |
| 02/28/2014 | 1516 | FOURTH LETTER MOTION addressed to Judge Lewis A. Kaplan from Michael Ferrara dated 2/26/14 re: Defense Rule 15 Motion. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 02/28/2014) |
| 02/28/2014 | 1517 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1504 LETTER MOTION addressed to Judge Lewis A. Kaplan from Zoe Dolan dated 2/26/2014 re: Motion to Renew Motions To Dismiss, for a BoP, to Continue the Trial, and to Compel Brady Disclosure.. (Lewin, Nicholas) Modified on 3/3/2014 (ka). (Entered: 02/28/2014) |
| 02/28/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference as to Sulaiman Abu Ghayth held on 2/28/2014. Defendant not present but attorneys Stanley Cohen, Geoffrey Stewart and Zoe Dolan present. AUSAs Michael Ferrara, John Cronan, and Nicholas J. Lewin present. Court reporter present. (jbo) (Entered: 03/12/2014) |
| 03/02/2014 | 1518 | MOTION in Limine. Document filed by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 03/02/2014) |
| 03/03/2014 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Nicholas James Lewin as to Sulaiman Abu Ghayth: to RE-FILE Document 1517 Memorandum in Opposition to Motion. Use the document type Response to Motion found under the document list Replies, Opposition and Supporting Documents. (ka) (Entered: 03/03/2014) |
| 03/03/2014 | 1520 | LETTER RESPONSE to Motion by United States of America as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Nicholas J. Lewin dated February 28, 2014 re: 1504 LETTER MOTION addressed to Judge Lewis A. Kaplan from Zoe Dolan dated 2/26/2014 re: Motion to Renew Motions To Dismiss, for a BoP, to Continue the Trial, and to Compel Brady Disclosure.. (Lewin, Nicholas) (Entered: 03/03/2014) |
| 03/03/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Voir Dire held on 3/3/2014 as to Sulaiman Abu Ghayth. (jbo) (Entered: 03/12/2014) |
| 03/03/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Selection as to Sulaiman Abu Ghayth held on 3/3/2014. Defendant Sulaiman Abu Ghayth present with attorneys Stanley Cohen, Geoffrey Stewart, and Zoe Dolan. AUSAs Michael Ferrara, John Cronan, and icholas J. Lewin present. Court reporter Rebecca Forman and Sam Mauro present. Arabic interpreters Marwan Abdel Rahman and Adnre Codouni present. Jury selection begun and continued to 3/4/14. (jbo) (Entered: 03/12/2014) |
| 03/04/2014 | 1522 | MOTION in Limine To Preclude Argument Or, In The Alternative, Admit Evidence. Document filed by Sulaiman Abu Ghayth. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Dolan, Zoe) (Entered: 03/04/2014) |
| 03/04/2014 | 1523 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION to Amend/Correct 1522 MOTION in Limine To Preclude Argument Or, In The Alternative, Admit Evidence. filed by Sulaiman Abu Ghayth. With Corrected Exhibit C Document filed by Sulaiman Abu Ghayth. (Attachments: # 1 Exhibit C Part 1, # 2 Exhibit C Part 2)(Dolan, Zoe) Modified on 3/4/2014 (ka). (Entered: 03/04/2014) |

A-42

| 03/04/2014 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Zoe Jayde Dolan as to Sulaiman Abu Ghayth: to RE-FILE Document 1523 MOTION to Amend/Correct 1522 MOTION in Limine To Preclude Argument Or, In The Alternative, Admit Evidence. filed by Sulaiman Abu Ghayth With Corrected Exhibit C MOTION to Amend/Correct 1522 MOTION in Limine To Preclude Argument Or, In The Alternative, Admit Evidence filed by Sulaiman Abu Ghayth With Corrected Exhibit C. Use the document type Letter Motion found under the document list Motions. (ka) (Entered: 03/04/2014) |
| --- | --- | --- |
| 03/04/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/4/14. Jury selection continued and adjourned to 3/5/14. (jbo) (Entered: 03/12/2014) |
| 03/04/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference as to Sulaiman Abu Ghayth held on 3/4/2014. Classified conference held. Defendant not present but attorney Zoe Dolan present. AUSAs Diane Gujarati, Nicholas Lewin, John Cronan, and Michael Ferrara Present. Court reporter Rebecca Forman present. (jbo) (Entered: 03/12/2014) |
| 03/04/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference as to Sulaiman Abu Ghayth held on 3/4/2014. Defendant Defendant not present but attorney Zoe Dolan present. AUSAs Diane Gujarati, Nicholas Lewin, John Cronan, and Michael Ferrara Present. Court reporter Rebecca Forman present. (jbo) (Entered: 03/12/2014) |
| 03/05/2014 | 1524 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 2/28/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/31/2014. Redacted Transcript Deadline set for 4/10/2014. Release of Transcript Restriction set for 6/6/2014. (McGuirk, Kelly) (Entered: 03/05/2014) |
| 03/05/2014 | 1525 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 2/28/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 03/05/2014) |
| 03/05/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/5/2014. Jury selection continued. Peremptory challenges exercised. Jury of 12 and 6 alternates selected. Jury sworn and trial begun. (jbo) (Entered: 03/12/2014) |
| 03/06/2014 | 1526 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 2/4/2014 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/31/2014. Redacted Transcript Deadline set for 4/10/2014. Release of Transcript Restriction set for 6/9/2014. (McGuirk, Kelly) (Entered: 03/06/2014) |
| 03/06/2014 | 1527 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 2/4/14 has been filed by the court reporter/transcriber in the above-captioned matter. |

A-43

| | | The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 03/06/2014) |
|---|---|---|
| 03/06/2014 | 1528 | ORDER as to (S14-98-Cr-1023-26) Sulaiman Abu Ghayth. For the reasons stated on the record on March 4, 2014, the Court denies as moot the motions in limine filed by the government [DI 1518] and the defendant [DI 1522, 1523]. The government's classified submission dated February 28, 2014 requesting certain relief was granted during the sealed portion of the March 4 hearing. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/6/2014)(bw) (Entered: 03/06/2014) |
| 03/06/2014 | 1529 | SEALED DOCUMENT placed in vault. (nm) (Entered: 03/06/2014) |
| 03/06/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/6/2014. Trial continued and adjourned to 3/10/14. (jbo) (Entered: 03/12/2014) |
| 03/07/2014 | 1530 | ORDER as to (S14-98-Cr-1023-26) Sulaiman Abu Ghayth. 1. The request of both parties that the Court not sit on Wednesday, March 12, 2014, is granted. 2. Defendant's objections, if any, to the government's requested jury instructions and any requests of his own shall be filed no later than March 13, 2014. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/7/2014)(bw) (Entered: 03/07/2014) |
| 03/07/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Telephone Conference as to Sulaiman Abu Ghayth held on 3/7/2014. Defendant did not participate but attorney Stanley Cohen participated. AUSAs Michael Ferrara, John Cronan, and Nicholas J. Lewin participated. Court reporter Rebecca Forman present. (jbo) (Entered: 03/12/2014) |
| 03/10/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/10/2014. Trial continued. (jbo) (Entered: 03/12/2014) |
| 03/11/2014 | 1533 | SEALED DOCUMENT placed in vault. (nm) (Entered: 03/11/2014) |
| 03/11/2014 | 1534 | LETTER by (S14-98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Attorney Stanley L. Cohen dated March 10, 2014 re: I am writing to advise Your Honor on the status of the review process, with regard to material submitted by Khalid Sheikh Mohammed, through his counsel, for classification review. As I indicated to the Court last week, the Department of Defense received his fourteen page statement at approximately noon on Thursday, 6 March. On Friday afternoon I checked with AUSA LaMorte, who as you know has been assigned as the "walled-off " representative of Department of Justice, with regard to this issue. Ms. LaMorte has advised me that she expects the review process to be complete by sometime the end of this week. (bw) (Entered: 03/11/2014) |
| 03/11/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/11/2014. Trial continued and adjourned to 3/13/14. (jbo) (Entered: 03/12/2014) |
| 03/12/2014 | 1535 | MOTION in Limine To Admit Defendant's Statement To Law Enforcement Without Modification. Document filed by Sulaiman Abu Ghayth. (Attachments: # 1 Exhibit A) (Dolan, Zoe) (Entered: 03/12/2014) |
| 03/12/2014 | 1536 | MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1535 MOTION in Limine To Admit Defendant's Statement To Law Enforcement Without Modification.. (Cronan, John) (Entered: 03/12/2014) |
| 03/13/2014 | 1537 | ORDER denying 1535 Motion in Limine as to Sulaiman Abu Ghayth (26) substantially |

| 03/13/2014 | | for the reasons set forth in the government's memorandum of law in opposition to the motion. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/13/2014) (dnd) (Entered: 03/13/2014) |
|---|---|---|
| 03/13/2014 | 1538 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 2/11/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Linda Fisher, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/7/2014. Redacted Transcript Deadline set for 4/17/2014. Release of Transcript Restriction set for 6/16/2014. (Rodriguez, Somari) (Entered: 03/13/2014) |
| 03/13/2014 | 1539 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 2/11/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 03/13/2014) |
| 03/13/2014 | 1540 | Request To Charge by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 03/13/2014) |
| 03/13/2014 | 1541 | LETTER by Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 13 March 2014 re: Objecting to Government's Request to Charge (Cohen, Stanley) (Entered: 03/13/2014) |
| 03/13/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/13/2014. Trial continued. (jbo) (Entered: 03/19/2014) |
| 03/14/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/14/2014. Trial continued. Government rested. Defendant moved under Rule 29 for a judgment of acquittal, which was denied by the Court. Trial adjourned until 3/17/14. (jbo) (Entered: 03/19/2014) |
| 03/16/2014 | 1544 | LETTER MOTION addressed to Judge Lewis A. Kaplan from Michael Ferrara dated Mar. 16, 2014 re: Preclude Expert Testimony. Document filed by United States of America as to Sulaiman Abu Ghayth. (Attachments: # 1 Exhibit McKinley CV)(Ferrara, Michael) (Entered: 03/16/2014) |
| 03/16/2014 | 1545 | MOTION to Take Deposition from Khalid Shaikh Mohammad pursuant to Rule 15. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 03/16/2014) |
| 03/16/2014 | 1546 | DECLARATION of Stanley L. Cohen in Support as to Sulaiman Abu Ghayth re: 1545 MOTION to Take Deposition from Khalid Shaikh Mohammad pursuant to Rule 15.. (Cohen, Stanley) (Entered: 03/16/2014) |
| 03/16/2014 | 1548 | MOTION for Release of Brady Materials by the Government and the United States Intelligence Community. Document filed by Sulaiman Abu Ghayth. (Attachments: # 1 Exhibit A)(Dolan, Zoe) (Entered: 03/16/2014) |
| 03/17/2014 | 1549 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - RESPONSE in Opposition by United States of America as to Sulaiman Abu Ghayth re: 1545 MOTION to Take Deposition from Khalid Shaikh Mohammad pursuant to Rule 15.. (Lewin, Nicholas) Modified on 3/17/2014 (ka). (Entered: 03/17/2014) |
| 03/17/2014 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Nicholas James Lewin as to Sulaiman Abu Ghayth: to RE-FILE Document 1549 Response in Opposition to Motion. Use the document |

| 03/17/2014 | 1550 | MEMORANDUM in Opposition by United States of America as to Sulaiman Abu Ghayth re 1545 MOTION to Take Deposition from Khalid Shaikh Mohammad pursuant to Rule 15.. (Lewin, Nicholas) (Entered: 03/17/2014) |
| 03/17/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/17/2014. Trial continued. Defense case began. (jbo) (Entered: 03/19/2014) |
| 03/18/2014 | 1553 | ORDER denying 1548 Motion for Release of Brady Materials as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 3/18/2014) (Kaplan, Lewis) (Entered: 03/18/2014) |
| 03/18/2014 | 1554 | ORDER granting 1264 Motion for Leave to File Excess Pages as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 3/18/2014) (Kaplan, Lewis) (Entered: 03/18/2014) |
| 03/18/2014 | 1555 | ORDER finding as moot 1544 LETTER MOTION preclude expert testimony as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 3/17/2014) (Kaplan, Lewis) (Entered: 03/18/2014) |
| 03/18/2014 | 1556 | ORDER finding as moot 1516 LETTER MOTION Defense Rule 15 motion as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 3/18/2014) (Kaplan, Lewis) (Entered: 03/18/2014) |
| 03/18/2014 | 1557 | ORDER finding as moot 1515 LETTER MOTION Defense Rulle 15 motion as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 3/18/2014) (Kaplan, Lewis) (Entered: 03/18/2014) |
| 03/18/2014 | 1558 | ORDER finding as moot 1513 LETTER MOTION Defense Motions as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 3/18/2014) (Kaplan, Lewis) (Entered: 03/18/2014) |
| 03/18/2014 | 1559 | ORDER finding as moot 1512 LETTER MOTION Defense motion as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 3/18/2014) (Kaplan, Lewis) (Entered: 03/18/2014) |
| 03/18/2014 | 1560 | ORDER finding as moot 1510 LETTER MOTION Defense motion as to Sulaiman Abu Ghayth (26). (Signed by Judge Lewis A. Kaplan on 3/18/2014) (Kaplan, Lewis) (Entered: 03/18/2014) |
| 03/18/2014 | 1561 | MEMO ENDORSEMENT denying 1545 MOTION to Take Deposition from Khalid Shaikh Mohammad pursuant to Rule 15. Document filed by (S14-98-Cr-1023) Sulaiman Abu Ghayth (26). ENDORSEMENT: The motion [DI 1545] is denied for reasons stated on the record in open count, subject to revision and expansion of the Court's reasoning by written opinion. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 3/18/2014) (bw) (Entered: 03/18/2014) |
| 03/18/2014 | 1562 | LETTER MOTION addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 18 March 2014 re: Leave to Renew and Re-Argue Rule 15 Application. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 03/18/2014) |
| 03/18/2014 | 1563 | LETTER RESPONSE in Opposition by United States of America as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Nicholas J. Lewin dated March 18, 2014 re: 1562 LETTER MOTION addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 18 March 2014 re: Leave to Renew and Re-Argue Rule 15 Application.. (Lewin, Nicholas) (Entered: 03/18/2014) |

Case 14-3674, Document 98, 10/14/2014, 1352358, Page93 of 106

| | | |
|---|---|---|
| 03/18/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/18/2014. Trial continued with oral argument on defendants motions only. Jury not present. Argument heard regarding defendants Brady motion (DI# 1548) which was DENIED by the Court. Argument heard regarding defendants Rule 15 motion (DI # 1545) which was DENIED by the Court. Argument heard regarding defendants character witness testimony. Trial adjourned to 3/19/14. (jbo) (Entered: 03/19/2014) |
| 03/19/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/19/2014. 3/19/14 @ 9:30am Trial continued. (ajc) (Entered: 03/20/2014) |
| 03/19/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference as to Sulaiman Abu Ghayth held on 3/19/2014. 3/19/14 @ 5:15pm Conference held. Defendant Ghayth not present but attorneys Stanley Cohenand Zoe Dolan present. AUSAs Nicholas Lewin, Michael Ferrara, and John Cronan present. Court reporter Rebecca Forman present. Defendants presence waived for this conference. Defendant rested. Charge conference scheduled to be held on Thursday, 3/20/14 at 2:00pm. Closing arguments scheduled to be heard on Monday, 3/24/14 at 9:30am. Kaplan, J. (ajc) (Entered: 03/20/2014) |
| 03/19/2014 | | As to Sulaiman Abu Ghayth: Status Conference (Charge Conference) set for 3/20/2014 at 02:00 PM before Judge Lewis A. Kaplan. (Signed by Judge Lewis A. Kaplan on 3/19/2014) (ajc) (Entered: 03/20/2014) |
| 03/20/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Status Conference /Charge conference held as to Sulaiman Abu Ghayth held on 3/20/2014 Defendants presence waived, but attorneys Zoe Dolan and Stanley Cohen present. AUSAs Michael Ferrara and Nicholas Lewin present. Court reporters Sam Mauro and Rebecca Forman present. (dnd) (Entered: 03/21/2014) |
| 03/24/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/24/2014. Trial continued. Both the Defendant and the Government rested. Defendants Rule 29 motion renewed and Denied by the court. Closing arguments heard. (jbo) (Entered: 03/26/2014) |
| 03/25/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/25/2014. Trial continued. Jury charged. Jury deliberations begun and continued to 3/26/14. (jbo) (Entered: 03/26/2014) |
| 03/26/2014 | 1564 | LETTER by United States of America as to (S14-98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from AUSAs John P. Cronan, Nicholas J. Lewin, Michael Ferrara, dated March 18, 2014 re: Pursuant to Your Honor's direction, made during the March 18, 2014 hearing in the above-captioned matter, the parties have conferred and jointly propose the following language for inclusion in the Court's Jury Instructions. This language would replace that which was set forth in the first paragraph of Request 25 ("Time of Crimes"), on page 38 of the Government's Proposed Request to Charge, dated February 26, 2014. (The remainder of the Government's Request Number 25 is not affected by this joint proposal; this proposed language regards only the first paragraph of that request.) (bw) (Entered: 03/26/2014) |
| 03/26/2014 | 1565 | MEMORANDUM AND ORDER WITH RESPECT TO DEFENDANT'S CLASSIFIED FEBRUARY 3, 2014 SUBMISSION, dated March 25, 2014. As to (S14-98-Cr-1023-26) Sulaiman Abu Ghayth. (bw) (Entered: 03/26/2014) |
| 03/26/2014 | 1566 | LETTER by United States of America as to Sulaiman Abu Ghayth addressed to Dear Counsel from John P. Cronan, Nicholas J. Lewin and Michael Ferrara dated 2/11/2014 |

A-47

| | | |
|---|---|---|
| | | re: We write in response to your February 4, 2014 Motion for an Order Compelling the United States Department of Defense to Allow Counsel Access to Detainee Khalid Sheikh Mohammed (the "Motion"). The Motion seeks an interview by defense counsel with Mohammed, who is currently held at Guantanamo Bay in the custody of the United States. The Government has worked to ensure that such an interview can go forward, provided that it is to be conducted by a properly cleared defense counsel, and subject to the following conditions: Document filed by United States of America. Defendant Sulaiman Abu Ghayth may not be present for the interview. The interview must take place at Guantanamo Bay, and may not be recorded. (jw) (Entered: 03/26/2014) |
| 03/26/2014 | 1567 | LETTER by United States of America as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Tara M. LaMorte dated 2/18/14 re: I am the Civil Division Assistant United States Attorney assigned to act as the "walled off" counsel in the above-referenced matter with respect to the issue of defendant Sulaiman Abu Ghayth's access to Khalid Sheikh Mohammed. Document filed by United States of America. (jw) (Entered: 03/26/2014) |
| 03/26/2014 | 1568 | LETTER by United States of America as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Stanley L. Cohen, Esq dated 2/25/2014 re: Counsel for the Defendant writes to request that the schedule set by Your Honor last week, both in term of the Rule 15 relief which we expect to seek, and the commencement of the trial be continued for one additional week, for the reasons to follow. Following our last appearance before the Court on Thursday, within moments of the conclusion of the hearing, counsel for Khalid Sheikh Mohammed, David Nevin, instructed his privilege team in Guantanamo Bay, to provide my questions to his client for the review to begin. Document filed by United States of America. In conclusion. I can assure Your Honor that all sides have worked as quickly as possible to facilitate and complete a very difficult procedure, and to achieve its goals with all due dispatch.Under these circumstances, counsel respectfully requests a continuance of one week in both tomorrow's deadline for Rule 15 application, and in current trial schedule as set by the Court. (jw) (Entered: 03/26/2014) |
| 03/26/2014 | 1569 | LETTER by United States of America as to Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Stanley L. Cohen, Esq dated 2/27/2014 re: During the course of yesterday, I received information that the final production of the interrogatories posed to Khalid Sheikh Mohammed and his answers had been delivered, for the detainee's review, to Guantanamo Bay through the normal legal mail channel long in place at the facility for use by counsel. Document filed by United States of America. I also learned that the document had not as yet been delivered to the detainee himself, and both the Government and I made efforts to expedite that process. Late last night, I received an email from Mr. Nevin, attached here for Your Honor's consideration, which bears out that thefinal document had been communicated yesterday morning to Mr. Mohammed but remained undelivered throughout the day. My understanding is that the delivery process requires little more than a member of the JTF physically walking legal mail to the detainee, and requires little effort or time. Inexplicably, that routine, facility-wide process did not occur. Mr. Nevin expects the delivery to occur early this morning with a short turn-around time, at which point he will immediately file the final answers by Mr. Mohammed to the designated clearance team in Washington, DC. Unlike at Gitmo, service there in the capital does not, apparently, take any additional time, and the matter should resolve smoothly today. (jw) (Entered: 03/26/2014) |
| 03/26/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Jury Trial as to Sulaiman Abu Ghayth held on 3/26/2014. Trial continued. Jury deliberations continued and concluded. Verdict returned as Guilty as charged. PSI ordered. Sentencing |

| | | scheduled for Monday, September 8, 2014 at 2:30pm. Defendant remained remanded. (jbo) (Entered: 03/26/2014) |
|---|---|---|
| 03/26/2014 | | Order of Referral to Probation for Presentence Investigation and Report as to Sulaiman Abu Ghayth. (Signed by Judge Lewis A. Kaplan on 3/26/14)(jbo) (Entered: 03/26/2014) |
| 03/26/2014 | | Set/Reset Hearings as to Sulaiman Abu Ghayth: Sentencing set for 9/8/2014 at 02:30 PM before Judge Lewis A. Kaplan. (jbo) (Entered: 03/26/2014) |
| 03/26/2014 | | JURY VERDICT as to (S14-98-Cr-1023-) Sulaiman Abu Ghayth (26) Guilty on Count 1s,2s,3s. (bw) (Entered: 09/23/2014) |
| 04/01/2014 | 1571 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/5/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Samuel Mauro, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1572 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/5/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1573 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/6/2014 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Samuel Mauro, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1574 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/6/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1575 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/10/2014 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1576 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/10/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made |

A-49

| | | remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
|---|---|---|
| 04/01/2014 | 1577 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/11/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1578 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/11/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1579 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/13/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1580 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/13/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1581 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/14/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1582 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/14/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1583 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/17/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Samuel Mauro, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. |

| | | |
|---|---|---|
| | | Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1584 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/17/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1585 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/19/2014 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Samuel Mauro, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1586 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/19/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1587 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/20/2014 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1588 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/20/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1589 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/24/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Samuel Mauro, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1590 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/24/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made |

| | | remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
|---|---|---|
| 04/01/2014 | 1591 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/25/2014 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1592 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/25/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1593 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Trial held on 3/26/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/01/2014 | 1594 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Trial proceeding held on 3/26/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/01/2014) |
| 04/02/2014 | 1597 | MEMORANDUM in Support by Sulaiman Abu Ghayth re 1545 MOTION to Take Deposition from Khalid Shaikh Mohammad pursuant to Rule 15.. (Attachments: # 1 Exhibit)(Cohen, Stanley) (Entered: 04/02/2014) |
| 04/10/2014 | 1600 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 2/13/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/5/2014. Redacted Transcript Deadline set for 5/15/2014. Release of Transcript Restriction set for 7/14/2014. (Rodriguez, Somari) (Entered: 04/10/2014) |
| 04/10/2014 | 1601 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 2/13/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 04/10/2014) |
| 04/14/2014 | 1602 | SEALED DOCUMENT placed in vault. (mps) (Entered: 04/14/2014) |

Case 14-3674, Document 98, 10/14/2014, 1352358, Page99 of 106

| 04/14/2014 | 1603 | SEALED DOCUMENT placed in vault. (mps) (Entered: 04/14/2014) |
|---|---|---|
| 04/16/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Telephone Conference as to Sulaiman Abu Ghayth held on 4/16/2014. Phone conference held. Defendant Sulaiman Abu Ghayth did not participate but attorney Stanley Cohen participated. AUSA Michael Ferrara participated. Court reporter Steve Griffing present. The Court Ordered defense counsel to file the questions posed to Khalid Sheikh Mohammed. Kaplan, J. (ajc) (Entered: 04/16/2014) |
| 04/16/2014 | 1608 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - MEMORANDUM in Support by Sulaiman Abu Ghayth re 1545 MOTION to Take Deposition from Khalid Shaikh Mohammad pursuant to Rule 15.. POST-TRIAL SUPPLEMENT TO EXHIBITS (Attachments: # 1 Exhibit PROPOSED INTERROGATORIES FOR RULE 15 WITNESS)(Cohen, Stanley) Modified on 4/17/2014 (ka). (Entered: 04/16/2014) |
| 04/17/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR. Note to Attorney Stanley Lewis Cohen as to Sulaiman Abu Ghayth to RE-FILE Document 1608 Memorandum in Support of Motion. (ka) (Entered: 04/17/2014) |
| 04/22/2014 | 1612 | MEMORANDUM OPINION #104233as to (S14-98-Cr-1023-26) Sulaiman Abu Ghayth. Defendant Sulaiman Abu Ghayth, a spokesman for Usama bin Laden and al Qaeda in the wake of the September 11, 2001 attacks on the World Trade Center and the Pentagon, was arrested abroad by U.S. authorities in 2013 and brought to this district. He ultimately was convicted by a jury of conspiring to kill United States nationals, conspiring to provide material support or resources, knowing or intending that they would be used in preparation for, or in carrying out, a conspiracy to kill United States nationals, and providing such material support or resources. During trial, and after the government had rested, Abu Ghayth moved to take the testimony of Khalid Sheikh Mohammed ("KSM"), who is detained as an enemy combatant at Guantanamo Bay, via live, closed circuit television ("CCTV") or, in the alternative, that his testimony be preserved through deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure. He argued principally that the so-called Richard Reid shoe-bomb plot played an important role in the government's case and that KSM could provide material, exculpatory evidence, viz. that Abu Ghayth did not have any foreknowledge of the plot. The Court denied the motion from the bench. Within hours of the denial, Abu Ghayth moved to renew and reargue. That motion too was denied from the bench. This opinion sets out the context of and bases for those rulings....[See this Memorandum Opinion]... Conclusion: The Court denied Abu Ghayth's motions for CCTV testimony by a Rule 15 deposition of Khalid Sheikh Mohammed and to renew or reargue the CCTV-Rule 15 motion [DI 1545, DI 1562] on the merits and, in the case of the former, as untimely, all as more fully explained above. The motion to compel access to KSM [DI 1468] is denied as moot. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 4/22/2014)(bw) Modified on 4/23/2014 (ca). (Entered: 04/22/2014) |
| 04/22/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Lauren Sarah Kessler as to Anas Al Liby, Mamdouh Mahmud Salim, Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Muhsin Musa Matwalli Atwah, Sheikh Ahmed Salim Swedan, Fahid Mohammed Msalam, Ahmed Khalfan Ghailani, Khalfan Khamis Mohamed, Mustafa Mohamed Fadhil, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Abdullah Ahmed Abdullah, Saif Al Adel, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth: to RE-FILE Document 1609 MOTION Request for Clarification of Order With Respect to Joint Motion for |

| | | |
|---|---|---|
| | | Issuance of Letters Rogatory re 1607 Order. MOTION Request for Clarification of Order With Respect to Joint Motion for Issuance of Letters Rogatory re 1607 Order. ERROR(S): Incomplete document. NOTE: This document is only a cover page. No signature or s/. (ldi) (Entered: 04/22/2014) |
| 04/22/2014 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Sean Stephen Buckley as to Anas Al Liby, Mamdouh Mahmud Salim, Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Muhsin Musa Matwalli Atwah, Sheikh Ahmed Salim Swedan, Fahid Mohammed Msalam, Ahmed Khalfan Ghailani, Khalfan Khamis Mohamed, Mustafa Mohamed Fadhil, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Abdullah Ahmed Abdullah, Saif Al Adel, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth: to RE-FILE Document 1611 Memorandum in Opposition to Motion. ERROR(S): Incomplete document. NOTE: This document is only a cover page. No signature or s/. (ldi) (Entered: 04/22/2014) |
| 04/23/2014 | 1617 | SEALED DOCUMENT placed in vault. (nm) (Entered: 04/23/2014) |
| 04/24/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Telephone Conference as to Sulaiman Abu Ghayth held on 4/24/2014. Defendant Sulaiman Abu Ghayth (26) did not participate but attorney Stanley Cohen participated. AUSAs Michael Ferrara and Nicholas Lewin participated. Court reporter Jennifer Thun present. Curcio hearing scheduled for 5/1/14 at 10:30am. (jbo) (Entered: 04/25/2014) |
| 04/30/2014 | | LETTERS OF ROGATORY ISSUED as to Naomi Wood and Abdel Bari Atwan on 4/30/2014 for the United Kingdom as to Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Mustafa Mohamed Fadhil, Khalfan Khamis Mohamed, Ahmed Khalfan Ghailani, Fahid Mohammed Msalam, Sheikh Ahmed Salim Swedan, Mamdouh Mahmud Salim, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Saif Al Adel, Abdullah Ahmed Abdullah, Muhsin Musa Matwalli Atwah, Anas Al Liby, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth. (km) (Entered: 05/01/2014) |
| 05/01/2014 | | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Curcio Hearing as to Sulaiman Abu Ghayth held on 5/1/2014. Curcio hearing begun and concluded. Defendant Sulaiman Abu Ghayth present with attorneys Stanley L. Cohen, Geoffrey St. Andrew Stewart, and Zoe Dolan. AUSAs Michael Ferrara and Nicholas Lewin present. Court reporter Bridget Lombardozzi present. Arabic interpreter Andr Codouni present. Defendant chose to keep Mr. Stanley Cohen as his attorney. Defendant remained remanded. Kaplan, J. (ajc) (Entered: 05/01/2014) |
| 05/08/2014 | 1619 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/08/2014) |
| 05/19/2014 | 1623 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/19/2014) |
| 05/19/2014 | 1624 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/20/2014) |
| 05/21/2014 | 1625 | UNSEALING ORDER as to (S14-98-Cr-1023(LAK), 12 Mag. 3351) Sulaiman Abu Ghayth (26). Upon the application of the United States, it is ORDERED that Complaint 12 Mag. 3351 and its associated arrest warrant be and hereby are UNSEALED. (Signed by Judge Lewis A. Kaplan on 3/31/2014)(bw) (Entered: 05/21/2014) |
| 05/22/2014 | 1626 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/22/2014) |

| 05/22/2014 | 1627 | SEALED DOCUMENT placed in vault. (rz) (Entered: 05/22/2014) |
|---|---|---|
| 05/22/2014 | 1629 | ORDER as to Sulaiman Abu Ghayth. At the May 1, 2014 hearing attorney Stanley Cohen relayed the defendant's request to advance his sentencing date. Accordingly, the September 8, 2014 sentencing date is advanced to to July 22, 2014 at 10:00am. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 5/22/2014)(dnd) (Entered: 05/22/2014) |
| 05/29/2014 | 1630 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Conference held on 5/1/14 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Bridget Lombardozzi, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/23/2014. Redacted Transcript Deadline set for 7/3/2014. Release of Transcript Restriction set for 9/2/2014. (Rodriguez, Somari) (Entered: 05/29/2014) |
| 05/29/2014 | 1631 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Conference proceeding held on 5/1/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 05/29/2014) |
| 06/10/2014 | 1633 | SEALED DOCUMENT placed in vault. (nm) (Entered: 06/11/2014) |
| 06/24/2014 | 1637 | SEALED DOCUMENT placed in vault. (mps) (Entered: 06/24/2014) |
| 07/08/2014 | 1643 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - CONSENT MOTION to Continue Sentence Date. Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) Modified on 7/8/2014 (ka). (Entered: 07/08/2014) |
| 07/08/2014 | | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Stanley Lewis Cohen as to Sulaiman Abu Ghayth: to RE-FILE Document 1643 CONSENT MOTION to Continue Sentence Date. Use the document type Letter Motion found under the document list Motions. (ka) (Entered: 07/08/2014) |
| 07/08/2014 | 1644 | CONSENT LETTER MOTION addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 7/8/14 re: Continue Sentence . Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 07/08/2014) |
| 07/09/2014 | 1645 | ENDORSED LETTER as to (98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from Attorney Stanley L. Cohen dated July 8, 2014 re: I write with the consent of the Government to request a continuance in the sentence date presently set in the above matter, 22 July 2014. ENDORSEMENT: Defendant in this case was convicted on March 26, 2014. Sentencing was set for September 8, 2014. Just over two weeks later, on April14, 2014, defendant's counsel, Mr. Cohen, pled guilty in the Northern District of New York to a felony pursuant to a plea agreement that contained an agreement to a specific sentence of imprisonment and that is conditioned on the acceptance by the judge of that court of the agreement. According to the docket sheet, sentencing was set for August 21, 2014, and the docket sheet does not reflect acceptance of the conditional plea. The Court has been provided also with a copy of the plea minutes of April 14, 2014, which, if correct, reflect a sentencing date of October 21, 2014. This Court subsequently held a Curcio hearing on May 1, 2014, at which defendant made plain his desire to be represented by Mr. Cohen at sentencing, notwithstanding Mr. Cohen's conviction, and waived any conflicts in that regard. On the |

Case 14-3674, Document 98-10, 02/25/2016, 1682358, Page102 of 106

| | | |
|---|---|---|
| | | same date, defendant, through counsel, requested that his sentencing be advanced by about a month. In due course, it was rescheduled for July 22. Now defendant moves to postpone the sentence until after September 4. At this point, it is not entirely clear whether Mr. Cohen would be available to represent the defendant through sentencing if the sentencing in this case were postponed until after September 4. If the Northern District docket sheet is correct in indicating that Mr. Cohen is to be sentenced on August 21, 2014, and the judge in that court accepts the conditional plea, he may be in prison and perhaps have been disbarred or suspended. If, on the other hand, the plea agreement then were rejected, Mr. Cohen's availability in this case might be affected adversely as the Northern District case, which was trial ready when the conditional plea was taken, proceeded to trial. Of course, these possibilities (and any risk that a postponement of Abu Ghayth's sentencing might affect the schedule in the Northern District) apparently would not exist if Mr. Cohen's sentencing in fact has been set for October 21, 2014. In the circumstances, the present application is denied without prejudice to renewal, on or before July 15, 2014, on a more satisfactory showing and on notice to the United States Attorney for the Northern District of New York. (Signed by Judge Lewis A. Kaplan on 7/9/2014)(bw) (Entered: 07/09/2014) |
| 07/14/2014 | 1647 | SEALED DOCUMENT placed in vault. (mps) (Entered: 07/14/2014) |
| 07/15/2014 | 1649 | CONSENT LETTER MOTION addressed to Judge Lewis A. Kaplan from Stanley L. Cohen dated 7/15/14 re: Renew Request for Continuance of Sentence . Document filed by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 07/15/2014) |
| 07/16/2014 | 1655 | MEMO ENDORSEMENT on 1649 CONSENT LETTER MOTION filed by Sulaiman Abu Ghayth (26), addressed to Judge Lewis A. Kaplan from Attorney Stanley L. Cohen dated 7/15/2014 re: Renew Request for Continuance of Sentence. ENDORSEMENT: The Northern District of New York yesterday reset the sentencing of defendant's attorney, Stanley L. Cohen, to September 5, 2014. Defendant's sentencing in this case is adjourned from July 22, 2014 until a date after September 4, 2014 as requested by Mr. Cohen -- specifically, defendant will be sentenced on September 23, 2014 at 9:30a.m. As Mr. Cohen has assured the Court that if he is unavailable for any reason, "Mr. Stewart [will] be in a position to advance our arguments at the sentencing hearing," no further adjournment will be granted absent good cause and circumstances not now foreseeable. All written submissions on behalf of the defendant shall be served and filed no later than August 13, 2014. Any written submissions on behalf of the government shall be served and filed no later than August 25, 2014. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 7/16/2014) (bw) (Entered: 07/16/2014) |
| 07/16/2014 | | Set/Reset Deadlines/Hearings as to Sulaiman Abu Ghayth (26): Brief (Defendant's submissions) due by 8/13/2014. Responses (by Government) to Brief due by 8/25/2014. Sentencing set for 9/23/2014 at 09:30 AM before Judge Lewis A. Kaplan. (bw) (Entered: 07/16/2014) |
| 07/17/2014 | 1658 | SEALED DOCUMENT placed in vault. (mps) (Entered: 07/18/2014) |
| 07/22/2014 | 1659 | SEALED DOCUMENT placed in vault. (rz) (Entered: 07/22/2014) |
| 07/29/2014 | 1668 | SEALED DOCUMENT placed in vault. (nm) (Entered: 07/29/2014) |
| 07/29/2014 | 1669 | SEALED DOCUMENT placed in vault. (nm) (Entered: 07/29/2014) |
| 08/14/2014 | 1684 | SENTENCING SUBMISSION by Sulaiman Abu Ghayth. (Cohen, Stanley) (Entered: 08/14/2014) |
| 08/18/2014 | 1689 | SEALED DOCUMENT placed in vault. (rz) (Entered: 08/18/2014) |
| 08/18/2014 | 1690 | SEALED DOCUMENT placed in vault. (rz) (Entered: 08/18/2014) |

A-56

| 08/18/2014 | 1691 | SEALED DOCUMENT placed in vault. (rz) (Entered: 08/18/2014) |
|---|---|---|
| 08/21/2014 | 1694 | LETTER MOTION addressed to Judge Lewis A. Kaplan from John Cronan dated August 21, 2014 re: 10-Page Extension for the Government's Sentencing Brief . Document filed by United States of America as to Sulaiman Abu Ghayth. (Cronan, John) (Entered: 08/21/2014) |
| 08/22/2014 | 1697 | ENDORSED LETTER as to (S14-98-Cr-1023-26) Sulaiman Abu Ghayth addressed to Judge Lewis A. Kaplan from AUSAs John P. Cronan, Nicholas J. Lewin, Michael Ferrara, dated August 21, 2014 re: The Government writes to respectfully request a 10-page extension of Your Honor's page limitation for its sentencing brief in the above-referenced case, so that the Government may submit a brief up to 45 pages in length. The additional pages are necessary to summarize the evidence presented at trial, to set forth the Government's position regarding the appropriate sentence, and to respond to certain arguments raised in the defense's sentencing submission. Stanley L. Cohen, Esq., attorney for the defendant, does not object to this request. ENDORSEMENT: Application Granted. So Ordered. (Signed by Judge Lewis A. Kaplan on 8/22/2014) (bw) (Entered: 08/22/2014) |
| 08/25/2014 | 1699 | SENTENCING SUBMISSION by United States of America as to Sulaiman Abu Ghayth. (Ferrara, Michael) (Entered: 08/25/2014) |
| 09/04/2014 | 1707 | SEALED DOCUMENT placed in vault. (nm) (Entered: 09/04/2014) |
| 09/10/2014 | 1713 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - PROPOSED EXAMINATION OF JURORS by United States of America as to Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Mustafa Mohamed Fadhil, Khalfan Khamis Mohamed, Ahmed Khalfan Ghailani, Fahid Mohammed Msalam, Sheikh Ahmed Salim Swedan, Mamdouh Mahmud Salim, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Saif Al Adel, Abdullah Ahmed Abdullah, Muhsin Musa Matwalli Atwah, Anas Al Liby, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth. (Lewin, Nicholas) Modified on 9/11/2014 (ka). (Entered: 09/10/2014) |
| 09/11/2014 |  | NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Lewin, Nicholas as to Anas Al Liby, Mamdouh Mahmud Salim, Wadih El Hage, Fazul Abdullah Mohammed, Mohamed Sadeek Odeh, Mohamed Rashed Daoud Al-'Owhali, Usama Bin Laden, Muhammad Atef, Muhsin Musa Matwalli Atwah, Sheikh Ahmed Salim Swedan, Fahid Mohammed Msalam, Ahmed Khalfan Ghailani, Khalfan Khamis Mohamed, Mustafa Mohamed Fadhil, Ali Mohamed, Ayman Al Zawahiri, Khaled Al Fawwaz, Ibrahim Eidarous, Adel Abdel Bary, Abdullah Ahmed Abdullah, Saif Al Adel, L'Houssiane Kherchtou, Mohamed Suleiman Al Nalfi, Jamal Ahmed Mohammed Ali Al-Badawi, Fahd Al-Quso, Sulaiman Abu Ghayth: to RE-FILE Document 1713 Proposed Examination of Jurors,,,. Use the document type Voir Dire Questions found under the document list Trial Documents. (ka) (Entered: 09/11/2014) |
| 09/11/2014 | 1715 | SEALED DOCUMENT placed in vault. (rz) (Entered: 09/11/2014) |
| 09/15/2014 | 1716 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/16/2014) |
| 09/17/2014 | 1717 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/18/2014) |
| 09/23/2014 |  | Minute Entry for proceedings held before Judge Lewis A. Kaplan: Sentencing held on 9/23/2014 for (S14-98-Cr-1023-) Sulaiman Abu Ghayth (26) Count 1s,2s,3s. Defendant Sulaiman Abu Ghayth present with attorneys Stanley Cohen, Geoffrey Stewart, and Zoe |

A-57

| | | |
|---|---|---|
| | | Dolan along with paralegal Sarah Hogarth. AUSAs Michael Ferrara, John Cronan, and Nicholas J. Lewin present. Court reporter Rebecca Forman present. Arabic interpreters Marwan Abdel-Rahman and Fouad El Shiekh present. Defendant sentenced to LIFE on Count (S14)One, 15 years on Count (S14)Two, and 15 years on Count (S14)Three. The terms on Counts (S14)Two and (S14)Three to run consecutively with each other and concurrently with the term on Count (S14)One. In addition, the defendant shall pay the mandatory special assessment of $300 and forfeit to the United States all assets, foreign and domestic, derived from, involved in, and used in and intended to be used to commit a federal crime of terrorism against the United States, citizens and residents of the United States, and their property. The (S13)indictment is dismissed on motion of the Government. Defendant remained remanded. (bw) (Entered: 09/23/2014) |
| 09/23/2014 | | DISMISSAL OF COUNTS on Government Motion as to Sulaiman Abu Ghayth (26) Count 1. (bw) (Entered: 09/23/2014) |
| 09/23/2014 | 1726 | JUDGMENT IN A CRIMINAL CASE as to (S14-98-Cr-1023) Sulaiman Abu Ghayth (26). Count(s) 1, Dismissed on motion of the United States. Found guilty on Count(s) 1s, Count(s) 2s, Count(s) 3s, after a plea of not guilty. Count(s) (S13) Indictment is dismissed on the motion of the United States. IMPRISONMENT: LIFE on Count (S14)One, 15 years on Count (S14)Two, and 15 years on Count (S14)Three. The terms on Counts (S14)Two and (S14)Three to run consecutively with each other and concurrently with the term on Count (S14)One. The defendant is remanded to the custody of the United States Marshal. Special Assessment of $300 which is due immediately. The defendant shall forfeit the defendant's interest in the following property to the United States: All assets, foreign and domestic, derived from, involved in, and used in and intended to be used to commit a federal crime of terrorism against the United States, citizens and residents of the United States, and their property. See the order signed 9/23/14. (Signed by Judge Lewis A. Kaplan on 9/23/2014)(jw) (Entered: 09/23/2014) |
| 09/23/2014 | 1727 | GENERAL ORDER OF FORFEITURE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE as to Sulaiman Abu Ghayth. NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT As a result of the offenses charged in Counts One through Three of the Indictment, to which the defendant was found guilty, the defendant shall forfeit all assets foreign and domestic, derived from, involved in, and used and intended to be used to commit a federal crime of terrorism against the United States, citizens and residents of the United States, and their property. Pursuant to Federal Rule of Criminal Procedure 32.2(b) (4), upon entry of this General Order of Forfeiture, this General Order of Forfeiture is final as to the defendant, SULAIMAN ABU GHAYTH, a/k/a "Salman Abu Ghayth," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith. The Court shall retain jurisdiction to enforce this General Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e). (Signed by Judge Lewis A. Kaplan on 9/23/14)(jw) (Entered: 09/23/2014) |
| 09/29/2014 | 1730 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/29/2014) |
| 09/30/2014 | 1737 | NOTICE OF APPEAL by Sulaiman Abu Ghayth from 1726 Judgment. (tp) (Entered: 09/30/2014) |
| 09/30/2014 | | Appeal Remark as to Sulaiman Abu Ghayth re: 1737 Notice of Appeal - Final Judgment. $505.00 APPEAL FEE DUE. ATTORNEY RETAINED. (tp) (Entered: 09/30/2014) |
| 09/30/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Sulaiman Abu Ghayth to US Court of Appeals re: 1737 Notice of Appeal - Final Judgment. (tp) (Entered: 09/30/2014) |

A-58

| 09/30/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Sulaiman Abu Ghayth re: 1737 Notice of Appeal - Final Judgment were transmitted to the U.S. Court of Appeals. (APPELLANT'S COUNSEL IS RESPONSIBLE FOR THE PHYSICAL SUPPLEMENTAL INDEX FOR ANY AND ALL NON-ECF DOCUMENTS, ONCE THE CASE IS OPENED IN THE SECOND CIRCUIT) (tp) (Entered: 09/30/2014) |
|---|---|---|
| 10/06/2014 | 1742 | SEALED DOCUMENT placed in vault. (nm) (Entered: 10/06/2014) |
| 10/07/2014 | 1747 | TRANSCRIPT of Proceedings as to Sulaiman Abu Ghayth re: Sentence held on 9/23/2014 before Judge Lewis A. Kaplan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/31/2014. Redacted Transcript Deadline set for 11/10/2014. Release of Transcript Restriction set for 1/8/2015. (McGuirk, Kelly) (Entered: 10/07/2014) |
| 10/07/2014 | 1748 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Sulaiman Abu Ghayth. Notice is hereby given that an official transcript of a Sentence proceeding held on 9/23/2014 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/07/2014) |
| 10/28/2014 | 1770 | SEALED DOCUMENT placed in vault. (rz) (Entered: 10/28/2014) |
| 10/29/2014 | 1771 | SEALED DOCUMENT placed in vault. (nm) (Entered: 10/29/2014) |
| 11/04/2014 | 1774 | SEALED DOCUMENT placed in vault. (nm) Modified on 11/5/2014 (nm). (Entered: 11/05/2014) |
| 11/05/2014 | | USCA Appeal Fees received $ 505.00, receipt number 465401108944 as to Sulaiman Abu Ghayth on 11/4/2014 re: 1737 Notice of Appeal - Final Judgment filed by Sulaiman Abu Ghayth. USCA Case No. 14-3674-cr. (nd) (Entered: 11/05/2014) |
| 11/24/2014 | 1782 | SEALED DOCUMENT placed in vault. (mps) (Entered: 11/25/2014) |
| 11/26/2014 | 1784 | SEALED DOCUMENT placed in vault. (mps) (Entered: 11/26/2014) |
| 11/26/2014 | 1785 | SEALED DOCUMENT placed in vault. (mps) (Entered: 11/26/2014) |
| 12/04/2014 | 1788 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/04/2014) |
| 12/08/2014 | 1789 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/08/2014) |
| 12/09/2014 | 1795 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/09/2014) |
| 12/11/2014 | 1797 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/11/2014) |
| 12/11/2014 | 1798 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/11/2014) |
| 12/11/2014 | 1799 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/11/2014) |
| 12/12/2014 | 1806 | SEALED DOCUMENT placed in vault. (rz) (Entered: 12/15/2014) |
| 12/16/2014 | 1809 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/16/2014) |
| 12/19/2014 | 1811 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/19/2014) |
| 12/23/2014 | 1812 | SEALED DOCUMENT placed in vault. (rz) (Entered: 12/23/2014) |

A-59

| 01/08/2015 | 1831 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/08/2015) |
| 01/08/2015 | 1832 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/08/2015) |
| 01/08/2015 | 1833 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/08/2015) |
| 01/12/2015 | 1842 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/12/2015) |
| 01/12/2015 | 1843 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/12/2015) |
| 01/12/2015 | 1844 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/12/2015) |
| 01/15/2015 | 1858 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/15/2015) |
| 01/15/2015 | 1860 | SEALED DOCUMENT placed in vault. (mps) (Entered: 01/15/2015) |
| 01/23/2015 | 1873 | SEALED DOCUMENT placed in vault. (rz) (Entered: 01/23/2015) |
| 01/23/2015 | 1874 | SEALED DOCUMENT placed in vault. (rz) (Entered: 01/23/2015) |
| 01/28/2015 | 1885 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/28/2015) |
| 01/28/2015 | 1886 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/28/2015) |
| 02/18/2015 | 1916 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/18/2015) |
| 02/18/2015 | 1917 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/18/2015) |
| 02/18/2015 | 1918 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/18/2015) |
| 02/20/2015 | 1923 | SEALED DOCUMENT placed in vault. (rz) (Entered: 02/20/2015) |
| 02/24/2015 | 1924 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/24/2015) |
| 02/24/2015 | 1925 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/24/2015) |
| 02/24/2015 | 1926 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/24/2015) |
| 05/21/2015 | 1991 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/21/2015) |
| 05/21/2015 | 1992 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/21/2015) |
| 05/21/2015 | 1993 | SEALED DOCUMENT placed in vault. (mps) (Entered: 05/21/2015) |
| 06/26/2015 | 2000 | SEALED DOCUMENT placed in vault. (nm) (Entered: 06/26/2015) |
| 07/27/2015 | 2001 | SEALED DOCUMENT placed in vault. (mps) (Entered: 07/27/2015) |
| 08/03/2016 | 2032 | SEALED DOCUMENT placed in vault. (rz) (Entered: 08/03/2016) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/29/2016 10:51:00 | | |
| PACER Login: | X-zoejayde:3337930:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:98-cr-01023-LAK |
| Billable Pages: | 30 | Cost: | 3.00 |